IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:  1:07-cv-00633-HHK |
| ) | |
| PROVIDENT LIFE & ACCIDENT INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## PARTIAL MOTION TO DISMISS

Defendant Provident Life and Accident Insurance Company ("Provident"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves this Court to dismiss Plaintiff's claim for bad faith breach of contract and his claim for punitive damages because they fail to state a claim upon which relief can be granted, and as grounds therefor states as follows:

1.   Count II of the Complaint (Bad Faith) fails to state a claim upon which relief can be granted because claims for bad faith breach of contract are not recognized under District of Columbia law.

2.   The Prayer for Relief requests punitive damages, which, under District of Columbia law, cannot be awarded based on alleged breach of contract.

The grounds for Provident's motion are set forth more fully in the accompanying memorandum of law.

WHEREFORE, Defendant Provident Life and Accident Insurance Company hereby requests that its motion be granted and that Count II of the Complaint and Plaintiff's punitive damages be dismissed.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

By /s/Tameka M. Collier
    Tameka M. Collier, D.C. Bar No. 488979
    401 9th Street, N.W.
    Suite 1000
    Washington, D.C. 20004-2134
    (202) 274-2950
    FAX (202) 274-2994
    tameka.collier@troutmansanders.com

    David E. Constine, III, VSB No. 23223
    A. Tevis Marshall, VSB No. 68401
    Troutman Sanders LLP
    P. O. Box 1122
    Richmond, Virginia  23218-1122
    (804) 697-1200
    FAX (804) 697-1339
    david.constine@troutmansanders.com
    tevis.marshall@troutmansanders.com
        Counsel for Defendant

**CERTIFICATE OF SERVICE**

  I hereby certify that on this **24th** day of May, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to:

J. Michael Hannon, Esq.
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
FAX (202) 232-3704

       By /s/ Tameka M. Collier

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, M.D., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.:  1:07-cv-00633-HHK |
| | ) |
| PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS OF DEFENDANT PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY**

Defendant Provident Life and Accident Insurance Company ("Provident"), by counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits this memorandum in support of its Partial Motion to Dismiss.

### INTRODUCTION

Plaintiff, a former emergency room physician, is seeking to obtain benefits under a disability insurance policy (the "Policy") issued by Provident. Although Plaintiff alleges that his disability began in 1997, while he was working as an emergency room physician, he did not file a claim for benefits until December 17, 2005, at which time he claimed he was disabled from the practice of emergency medicine as a result of increased anxiety and depression. Prior to filing his claim, Plaintiff alleges that he gradually transitioned his practice from emergency medicine to general internal medicine. Plaintiff alleges that he stopped practicing emergency medicine completely in April 2004 and currently works as a general internist in a private practice.

Under the terms of the Policy, Plaintiff may recover benefits if he is "unable to perform the substantial and material duties of his occupation; and [he] is under the care and attendance of a Physician." Compl., ¶8. The term "occupation" is defined as the "occupation…in which

[Plaintiff is] regularly engaged at the time [he became] disabled." *Id*. Upon reviewing Plaintiff's claim for disability benefits, Provident determined that the medical documentation provided by Plaintiff did not support Plaintiff's purported restrictions and limitations. Accordingly, Provident denied Plaintiff's claim.

This is a garden variety claim arising out of a denial of disability benefits. Nevertheless, Plaintiff brings this lawsuit against Provident asserting a bad faith breach of contract and claiming punitive damages. As explained herein, Plaintiff's claim for bad faith, as set forth in Count II, is not actionable because District of Columbia law fails to recognize such claims. Furthermore, Plaintiff's lawsuit is based on an alleged breach of contract, and therefore he may not recover punitive damages under District of Columbia law. For these reasons, Plaintiff's claim for bad faith breach of contract and punitive damages should be dismissed.

## STATEMENT OF ALLEGATIONS

Plaintiff worked as an emergency room physician from 1978 to 1997. Compl., ¶6. Plaintiff alleges that on October 1, 1985, the Policy was issued by Provident. Compl., ¶7. The Policy allowed for disability benefits to individuals who were disabled from injuries or sickness, provided that various terms and conditions were met. Compl., ¶¶8, 9.

In December 1997, Plaintiff alleges that he was forced to curtail his total hours in the emergency room due to anxiety and depression. Compl., ¶10. Although Plaintiff fails to provide a specific time frame, he allegedly received treatment from a clinical psychologist, who determined that he suffered from chronic post traumatic stress disorder ("PTSD"). *See* Compl., ¶11.

In 1998, Plaintiff alleges that he "dramatically reduced" the number of hours he worked as a result of his continued anxiety and depression. *Id*. In 2004, Plaintiff alleges he was forced

2

to stop practicing emergency medicine completely and began working as a general internist in a private practice on a contract basis. Compl., ¶12.

On December 17, 2005, Plaintiff alleges that he filed a claim with Provident for benefits under the Policy. Compl., ¶13. According to Plaintiff, Provident informed him in February 2006 that it considered August 29, 2005, the start date of his alleged disability, as this represented the first date on which Plaintiff received treatment and was allegedly unable to work due to his alleged psychiatric condition. Compl., ¶15. Provident agreed to re-evaluate Plaintiff's disability date if Plaintiff provided medical records that documented treatment from an earlier date. *Id*. Plaintiff contended that his December 17, 2005 claim provided sufficient medical proof that his disability began in 1997, but he provided Provident with additional summaries from his treating health care providers. Compl., ¶¶15, 16. Plaintiff alleges that on March 22, 2006, Provident concluded that "restrictions or limitations due to a psychiatric disorder were not supported in April 2004, and are not supported at this time." Compl.,¶17.

On May 16, 2006, Provident informed Plaintiff as follows:

> [T]he information currently contained in your file does not appear to support your claim [of an inability to work in emergency medicine since April 2004.] Records reflect you reduced your emergency medicine work part time in 1998 and continued working part time until 2004. You also began working part time in internal medicine in 2000, continuing to the present. It appears you gradually reduced emergency room work and at the same time increased your work in the internal medicine field, until you gave up emergency medicine in favor of internal medicine.

Compl., ¶18.

On June 15, 2006, Provident denied Plaintiff's claim and stated in a letter to Plaintiff as follows:

> [I]t does not appear that restrictions or limitations due to psychiatric disorder were supported in April 2004 and do not appear supported at this time.

3

> Also, it is our opinion that, in April 2004, the date you claimed you were last able to work as an emergency room physician, your occupation was that of an internal medicine physician – your current occupation – and not that of an emergency room physician.
>
> If we do not receive your written appeal within 180 days of the date of this letter, our claims decision will be final.

Compl., ¶19.

Plaintiff alleges that the Policy does not include a provision for an appeal, and that Provident's letter was merely a "pretext by which Provident hoped to discourage [Plaintiff] from asserting his rights under the Disability Policy, as were Provident's repeated requests for additional information and medical records." Compl., ¶20. On or about April 4, 2007, Plaintiff filed this suit against Provident claiming breach of contract (Count I) and bad faith (Count II), and asserting a claim for punitive damages.

### STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) will not be granted unless "it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 103 (1957); see also *Haynesworth v. Miller*, 261 U.S. App. D.C. 66, 820 F.2d 1245, 1254 (D.C. Cir. 1987). According to this standard, factual allegations, once pled, must be accepted as true. *See Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 89 S. Ct. 1843, 1852-53 (1969). However, "the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994); see also *Domen v. Nat'l Rehab. Hosp.*, 925 F. Supp. 830, 837 (D.D.C. 1996) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986)).

4

## ARGUMENT

### A. Plaintiff's Claim For Bad Faith Is Not Recognized Under District Of Columbia Law And Should Be Dismissed.

In Count II of the Complaint, Plaintiff asserts a cause of action for "bad faith" against Provident under District of Columbia law. Compl., ¶¶30-32. Plaintiff's bad faith claim, however, is simply a re-characterization of his breach of contract claim in Count I, and represents an attempt to bootstrap a tort claim into a case arising strictly out of contract. Count II should be dismissed because "a claim for bad-faith breach of contract is not recognized in the District of Columbia." *Fireman's Fund Insur. Co. v. CTIA*, et al., 2007 U.S. Dist. LEXIS 18958, No. 06-854, *2 (D.D.C. 2007).

*Fireman's* is dispositive and involved a dispute over insurance coverage between defendant Cellular Telecommunications and Internet Association ("CTIA") and third-party defendants Hartford Casualty Insurance Company and Hartford's subsidiary Twin City Fire Insurance Company (collectively "Hartford"). *Id*. at *3. In its cross claim, CTIA alleged that Hartford had a contractual obligation to pay one-hundred percent of the defense costs for various cases brought against CTIA, which alleged that CTIA misrepresented the safety of cellular telephones to the public. *Id*. at *3. As part of its cross claim, CTIA asserted a cause of action for bad faith breach of contract. *Id*. at 6. Hartford moved to dismiss the claim for bad faith breach of contract, and the Court granted the motion on the basis that claims for bad faith breach of contract are not recognized in the District of Columbia. *Id*. at *2.

In reaching its decision, the Court cited *Washington v. Gov't Employees Ins. Co*., 769 F. Supp. 383, 387 (D.D.C. 1991) ("*GEICO*"), which also held that "District of Columbia law does not recognize the tort of bad faith denial of an insurance claim." *Id*. at *8. The Court in *GEICO* had noted that "the District of Columbia code, unlike the codes of other states, does not provide a

5

statutory cause of action against an insurer based on a bad-faith refusal to pay a claim…" *Id*. at *9 (citing *GEICO*, at 386); *see also Am. Registry of Pathology v. Ohio Cas. Ins. Co*., 401 F. Supp. 2d 75, 78-79 (D.D.C. 2005) (stating that the lack of a statutory cause of action in the District of Columbia for bad-faith refusal to pay an insurance claim is "particularly significant because the D.C. Code has provided for other remedies in this arena, yet has remained silent on this particular issue"). In *Fireman's*, the Court recognized that "the result reached in *GEICO* is also consistent with Maryland law, which is the basis for the District of Columbia's common law and therefore is 'an especially persuasive authority when the District's common law is silent.'" *Id*. at *12 (citing *Napoleon v. Heard*, 455 A.2d 901, 903 (D.C. 1983)). Indeed, Courts in Maryland "ha[ve] not recognized a bad faith claim against an insurer in a first-party context, that is, holding an insurer liable in tort for failing to pay [a] . . . claim." *Id*. at *12-13 (citing *McCauley v. Suls*, 123 Md. App. 179, 716 A.2d 1129, 1133 (Md. Ct. Spec. App. 1998)). Finally, the Court in *Fireman's* noted that three other decisions rendered since *GEICO* had declined to recognize a claim for bad faith breach of contract. *Id*. at *10 (citing *Am. Registry of Pathology*, 401 F. Supp. 2d at 79; *Brand v. Gov't Employees Ins. Co*., No. 04-01133, 2005 U.S. Dist. LEXIS 44787, at *5 (D.D.C. Nov. 29, 2005) (relying on persuasiveness of analysis in *GEICO*); *Am. Nat'l Red Cross v. Travelers Indem. Co. of R.I*., 896 F. Supp. 8, 12 n.4 (D.D.C. 1995) (same)).

   This case is no different than those cited above. Plaintiff's claims are based on Provident's denial of benefits under the Policy. Although the claim in *Fireman's* was for defense costs, the Court in *Fireman's* "fail[ed] to see a meaningful distinction . . . between a claim for bad-faith breach of contract based on a refusal to pay defense costs and a bad-faith action based on a refusal to pay an insured's claim." *Id*. at *17. Accordingly, the logic applied in *Fireman's* is fully applicable to Plaintiff's bad faith claim in this case. District of Columbia

6

law is clear that there is no cause of action based on an alleged bad faith breach of an insurance contract. Because the law of this jurisdiction does not recognize a claim for bad faith breach of contract, Count II should be dismissed.

    **B.    Plaintiff May Not Recover Punitive Damages Based On A Claim For Breach Of Contract.**

Plaintiff's Prayer for Relief seeks punitive damages as the result of Provident's alleged breach of contract. Under District of Columbia law, however, "where the basis of a complaint is…a breach of contract, punitive damages will not lie, even if it is proved that the breach was willful, wanton, or malicious." *See Firemen's* (supra), at *17-18 (citing *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C. 1982)); *see also Brand* (supra), at *14 (Punitive damages are generally not awarded for a breach of contract action, "even if the breach is willful, wanton or malicious."); *Minick v. Associates Inv. Co.*, 110 F.2d 267, 268 (D.C. Cir. 1940) ("It is well settled that no punitive damages will be allowed for breach of contract, regardless of defendants' motive."). "The rule in [the District of Columbia] is that only where an alleged breach of contract merges with, and assumes the character of, a willful tort will punitive damage be available." *Fireman's*, at *18 (citing *Sere*, at 37). "The breach of contract, however, cannot assume the character of a willful tort, if the tort it is merging with is not recognized." *Brand*, at *14; *see also McIntosh v. Aetna Life Ins. Co.*, 268 A.2d 518, 521 (D.C. 1970) (affirming denial of punitive damages where plaintiff did not demonstrate that breach of a contractual obligation to pay an insurance claim assumed the character of a tort and stating that "this case falls squarely within the rule that there is no recovery for a malicious breach of contract.").

    In this case, Plaintiff has alleged a breach of contract claim. Thus, Plaintiff has no basis upon which to assert a claim for punitive damages. Plaintiff's claim for punitive damages is unsupportable under District of Columbia law and should be dismissed.

7

## CONCLUSION

For each of the foregoing reasons, Count II of the Complaint should be dismissed in its entirety because a claim for bad faith breach of contract is not recognized under District of Columbia law.  Furthermore, Plaintiff's claim for punitive damages is based on alleged breach of contract and therefore must also be dismissed.

        PROVIDENT LIFE AND ACCIDENT
        INSURANCE COMPANY

By /s/Tameka M. Collier
    Tameka M. Collier, D.C. Bar No. 488979
    401 9th Street, N.W.
    Suite 1000
    Washington, D.C. 20004-2134
    (202) 274-2950
    FAX (202) 274-2994
    tameka.collier@troutmansanders.com

    David E. Constine, III, VSB No. 23223
    A. Tevis Marshall, VSB No. 68401
    Troutman Sanders LLP
    P. O. Box 1122
    Richmond, Virginia  23218-1122
    (804) 697-1200
    FAX (804) 697-1339
    david.constine@troutmansanders.com
    tevis.marshall@troutmansanders.com
        Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this **24th** day of May, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to:

J. Michael Hannon, Esq.
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
FAX (202) 232-3704

By /s/ Tameka M. Collier

1615232/1614829

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:07-cv-00633-HHK |
| | ) |
| PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY'S PARTIAL MOTION TO DISMISS**

This matter came before the Court on Provident Life & Accident Insurance Company's ("Provident") Partial Motion to Dismiss the Complaint filed by John Doe, M.D, with respect to his claims of bad faith breach of contract (Count II) and punitive damages. Upon consideration of the motion and any memoranda submitted by the parties, and for good cause shown it is, this _____ day of _____, 2007, hereby

ORDERED that Provident's Partial Motion To Dismiss be and is hereby GRANTED. Count II of Plaintiff's Complaint and Plaintiff's request for punitive damages in his Prayer for Relief are dismissed with prejudice.

The Clerk is directed to send an attested copy of this order to counsel of record.

_____
Judge, United Stated District Court
for the District of Columbia

<u>Copies to:</u>

Tameka M. Collier
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134

David E. Constine, III
A. Tevis Marshall
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia  23218-1122

    Counsel for Defendant

and

J. Michael Hannon, Esq.
1901 18th Street, NW
Washington, DC 20009

    Counsel for Plaintiff

1617929