IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, M.D., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:07-cv-00633-HHK |
| ) | |
| PROVIDENT LIFE & ACCIDENT INSURANCE ) | |
| COMPANY, ) | |
| ) | |
|     Defendant. ) | |

**ANSWER OF DEFENDANT PROVIDENT
LIFE AND ACCIDENT INSURANCE COMPANY**

Defendant Provident Life and Accident Insurance Company ("Provident"), by counsel, hereby states the following as its Answer to the Complaint for Compensatory, Declaratory and Injunctive Relief ("Complaint"):

1. The allegations of paragraph 1 of the Complaint state conclusions of law to which no response is required, but Provident denies that it has engaged in any wrongdoing and further denies that this is a case which is appropriate for the award of declaratory or other relief.

2. Provident is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3. In regard to the allegations of paragraph 3 of the Complaint, Provident admits the allegations of the first sentence of that paragraph. The remaining allegations state conclusions of law to which no response is required, except that Provident denies that it has engaged in any conduct which would support the award of any relief, and further denies all allegations to the extent they misstate the law in any manner.

4. Provident admits the allegations of paragraph 4 of the Complaint.

5. The allegations of paragraph 5 of the Complaint state conclusions of law to which no response is required.

6. Provident is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7. In regard to the allegations of paragraph 7 of the Complaint, Provident admits that the Disability Income Policy at issue ("the Policy"), went into effect on October 1, 1985, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the first sentence of that paragraph. Upon information and belief, Provident admits the allegations of the second sentence of paragraph 7.

8. In regard to the allegations of paragraph 8 of the Complaint, Provident states that the Policy speaks for itself and to the extent the allegations attempt to paraphrase or characterize the terms of the Policy, they are denied.

9. In regard to the allegations of paragraph 9 of the Complaint, Provident states that the Policy speaks for itself and to the extent the allegations attempt to paraphrase or characterize the terms of the Policy, they are denied.

10. In regard to the allegations of paragraph 10 of the Complaint, Provident is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of that paragraph. Upon information and belief, Provident denies the remaining allegations of paragraph 10.

11. In regard to the allegations of paragraph 11 of the Complaint, Provident is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of that paragraph, but it denies, upon information and belief, that Plaintiff suffers from Post Traumatic Stress Disorder. Upon information and belief, Provident denies the allegations of

the second and third sentences of the paragraph 11. Provident is without knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth, fifth and sixth sentences of paragraph 11.

12.     In regard to the allegations of paragraph 12 of the Complaint, Provident denies the allegations of the first sentence of that paragraph. Provident is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12.

13.     In regard to the allegations of paragraph 13 of the Complaint, Provident admits that Plaintiff filed a claim for benefits under the Policy on or about December 17, 2005, and included a Physician's Statement, but it denies the remaining allegations of the first sentence of paragraph 13. Provident denies the remaining allegations of paragraph 13.

14.     In regard to the allegations of paragraph 14 of the Complaint, Provident states that the referenced letter of January 5, 2006, speaks for itself and to the extent the allegations of paragraph 14 attempt to paraphrase or characterize the terms of that letter, they are denied. The remaining allegations of paragraph 14 are also denied.

15.     In regard to the allegations of paragraph 15 of the Complaint, Provident states that the referenced letter of February 14, 2006, speaks for itself and to the extent the allegations of paragraph 15 attempt to paraphrase or characterize the terms of that letter, those allegations are denied. Provident further denies that it considered Plaintiff to be disabled under the Policy and unable to work. Provident also admits that it denied benefits to Plaintiff, but it denies the remaining allegations of paragraph 15.

16.     In regard to the allegations of paragraph 16 of the Complaint, Provident admits that Plaintiff submitted summaries from individuals who purported to be his treating healthcare

3

providers, which documents speak for themselves, and to the extent the allegations of paragraph 16 attempt to paraphrase or characterize those documents, they are denied. Provident further denies that the documents submitted establish that Plaintiff was disabled under the terms of the Policy.

17. In regard to the allegations of paragraph 17 of the Complaint, Provident states, with respect to the first sentence of that paragraph, that the referenced letter of March 22, 2006, speaks for itself and to the extent the allegations attempt to paraphrase or characterize the terms of that letter, they are denied. The remaining allegations of paragraph 17 are also denied.

18. In regard to the allegations of paragraph 18 of the Complaint, Provident states that the referenced letter of May 16, 2006, speaks for itself and to the extent the allegations attempt to paraphrase or characterize the terms of that letter, they are denied.

19. In regard to the allegations of paragraph 19 of the Complaint, Provident states that the referenced letter of June 15, 2006, speaks for itself and to the extent the allegations attempt to paraphrase or characterize the terms of that letter, they are denied.

20. In regard to the allegations of paragraph 20 of the Complaint, Provident states that the Policy speaks for itself and to the extent the allegations of the first sentence of that paragraph attempt to paraphrase or characterize the terms of the Policy, they are denied. The remaining allegations of paragraph 20 also are denied.

21. As its response to paragraph 21 of the Complaint, Provident reasserts and incorporates its responses to paragraphs 1 through 20 of the Complaint.

22. In regard to the allegations of paragraph 22 of the Complaint, Provident states that the allegations in the first sentence of that paragraph set forth conclusions of law to which no response is required. To the extent the allegations of the first sentence of paragraph 22 misstate

the law in any manner, they are denied. In regard to the second sentence of paragraph 22, Provident admits that it received premiums in exchange for providing coverage under the Policy in accordance with its terms, which Policy speaks for itself. The remaining allegations of the second sentence of paragraph 22 state conclusions of law to which no response is required. The remaining allegations of paragraph 22 are denied.

23.   In regard to the allegations of paragraph 23 of the Complaint, Provident states that the Policy speaks for itself and to the extent the allegations attempt to paraphrase or characterize the terms of the Policy, they are denied.

24.   In regard to the allegations of paragraph 24 of the Complaint, Provident admits that on or about December 17, 2005, Plaintiff claimed benefits under the Policy. The remaining allegations of paragraph 24 are denied.

25.   Provident denies the allegations of paragraph 25 of the Complaint.

26.   Provident denies the allegations of paragraph 26 of the Complaint.

27.   Provident denies the allegations of paragraph 27 of the Complaint.

28.   Provident denies the allegations of paragraph 28 of the Complaint.

29.   Provident denies the allegations of paragraph 29 of the Complaint.

30.   As its response to paragraph 30 of the Complaint, Provident reasserts and incorporates its responses to paragraphs 1 through 29 of the Complaint as though fully set forth herein.

31.   Provident denies the allegations of paragraph 31 of the Complaint.

32.   Provident denies the allegations of paragraph 32 of the Complaint.

33.   As its response to paragraph 33 of the Complaint, Provident reasserts and incorporates its responses to paragraphs 1 through 32 as though fully set forth herein.

34. Provident denies the allegations of paragraph 34 of the Complaint.

35. Provident denies the allegations of paragraph 35 of the Complaint.

36. In regard to the "Prayer for Relief" and the following "Wherefore" clause, Provident denies that Plaintiff is entitled to any relief requested.

37. All allegations not expressly admitted are hereby denied.

38. Each of Plaintiff's claims is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA").

39. Count II fails to state a claim upon which relief can be granted under the law of the District of Columbia.

40. Plaintiff has failed to state a claim upon which relief can be granted for punitive damages, as they are not available for alleged breaches of contract.

41. Plaintiff's claims are barred by the applicable statute of limitations, both contractual and otherwise.

42. Plaintiff's claims are barred because he has failed to satisfy the prerequisites for establishing a claim for disability, including but not limited to, satisfying the notice requirements under the Policy and demonstrating that he has been under the care and attendance of a physician at the relevant periods of time.

43. Plaintiff is not entitled to a trial by jury.

44. Plaintiff has failed to exhaust his administrative remedies.

45. Plaintiff has failed to state a claim upon which relief can be granted because his allegations, which are based upon the language of the Policy, fail to establish that Provident has violated any law or breached the terms of the Policy.

46. Plaintiff's remedies, if any, are limited to those remedies available under the exclusive civil enforcement provisions of ERISA.

47. Plaintiff's claim for disability benefits fails because Provident's decision to deny Plaintiff continuing long term disability benefits was in accordance with the terms and conditions of the Policy, and it was reasonable, and it was not an abuse of discretion.

48. Plaintiff is barred from recovery because he has failed to demonstrate his eligibility for benefits under the Policy.

49. Any alleged benefits due are subject to offset from collateral sources, as provided under the Policy.

50. Provident reserves the right to add additional defenses to the Complaint.

WHEREFORE, Defendant Provident Life and Accident Insurance Company hereby requests that the Complaint be dismissed and that it be awarded its costs and attorneys' fees expended herein.

        PROVIDENT LIFE AND ACCIDENT
        INSURANCE COMPANY

By <u>s/Tameka M. Collier</u>
    Tameka M. Collier, D.C. Bar No. 488979
    401 9th Street, N.W.
    Suite 1000
    Washington, D.C. 20004-2134
    (202) 274-2950
    FAX (202) 274-2994
    tameka.collier@troutmansanders.com

    David E. Constine, III, VSB No. 23223
    A. Tevis Marshall, VSB No. 68401
    Troutman Sanders LLP
    P. O. Box 1122
    Richmond, Virginia  23218-1122
    (804) 697-1200
    FAX (804) 697-1339
    david.constine@troutmansanders.com
    tevis.marshall@troutmansanders.com
        Counsel for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that on this **24th** day of May, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to:

J. Michael Hannon, Esq.<br>
1901 18th Street, NW<br>
Washington, DC 20009<br>
(202) 232-1907<br>
FAX (202) 232-3704<br>
<br>
By /s/Tameka M. Collier

#1616614