IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:07-cv-00633 HHK |
| ) | |
| PROVIDENT LIFE & ACCIDENT INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PARTIAL
MOTION TO DISMISS OF DEFENDANT PROVIDENT
<u>LIFE AND ACCIDENT INSURANCE COMPANY</u>**

Defendant Provident Life and Accident Insurance Company ("Provident"), by counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits this reply memorandum in further support of its Partial Motion to Dismiss.

### INTRODUCTION

This is a breach of contract case arising out of the denial of benefits under a disability insurance policy ("the Policy") issued by Provident. Plaintiff refuses, however, to limit this matter to any contractual issues that might exist, and instead is attempting to stretch the case into a tort claim for "bad faith breach of contract," for which he seeks punitive damages. The problem with Plaintiff's "bad faith" and punitive damages claims, however, is that those claims are not recognized under District of Columbia law.

Although Plaintiff concedes that a very recent case from this Court, *Fireman's Fund Ins. Co. v. CTIA*, 2007 U.S. Dist. LEXIS 18958 (D.D.C. 2007), is "persuasive" authority supporting Provident's position, he fails to acknowledge that this case is simply the most recent in a long line of cases standing for the same proposition, i.e. that there is no valid cause of action for bad

faith breach of contract under District of Columbia law. Rather than address the abundant authorities supporting Provident's position, Plaintiff cites cases that either are irrelevant, are not from this jurisdiction or have been discredited by more recent decisions. Based on the existing law, there is no viable claim for bad faith breach of contract and Count II should be dismissed.

For the same reasons, Plaintiff's claim for punitive damages should be dismissed, as no independent willful tort has been asserted in this case. Rather than deal with the legal issues which are appropriate in the context of a Rule 12(b)(6) motion, however, Plaintiff attempts to support his claim with hearsay from a biased "bad faith" website and stale, old articles about UnumProvident Corporation which are not accurate, are one-sided and have nothing to do with this case. The mere fact that Plaintiff must go to such lengths to try and save his claim is reflective of its weakness. No valid punitive damages claim has been stated here and it should be dismissed as well.

## ARGUMENT

### A. Plaintiff's Claim For Bad Faith Breach Of Contract Is Not Recognized Under District Of Columbia Law And Should Be Dismissed.

In Count II of the Complaint, Plaintiff attempts to assert a cause of action for "bad faith" against Provident under District of Columbia law. Compl., ¶¶30-32. Count II should be dismissed because *Fireman's Fund Insur. Co. v. CTIA, et al.*, 2007 U.S. Dist. LEXIS 18958, No. 06-854, *2 (D.D.C. 2007), and every case addressing this issue in the last 23 years, has clearly established that a claim for bad faith breach of an insurance contract is not recognized in the District of Columbia. *Fireman's* and its predecessor cases are dispositive on this issue and Plaintiff fails to provide the Court with any basis why they should be disregarded. To the contrary, Plaintiff relies on *Washington v. Group Hospitalization, Inc*. 585 F. Supp. 517 (D.D.C. 1984) ("*Washington*"), which has been consistently criticized and ignored by this Court.

Plaintiff's reliance on *Washington* provides no legitimate basis for this Court to stray from the long history of cases which have thereafter held that bad faith breach of contract claims are not recognized under District of Columbia law.

In Plaintiff's Opposition to Defendant's Partial Motion to Dismiss (hereinafter "Plaintiff's Memorandum"), Plaintiff attempts to distinguish the present case from *Fireman's*, and argues that *Fireman's* "addresses a different issue than the one at hand." Pl.'s Mem. at 2. This statement is not accurate. The central issue in *Fireman's* was whether an insurer's failure to provide for an insured's defense costs under a comprehensive general liability and umbrella policy gave rise to a claim for bad faith breach of contract. Thus, the facts of *Fireman's,* much like the facts in this case, involved the issue of coverage under an insurance policy, and the Court held that "a claim for bad-faith breach of contract is not recognized in the District of Columbia." *Fireman's* at *2.

Plaintiff's attempt to distinguish *Fireman's* from this case is completely undermined by the Court's recognition in *Fireman's* that it "fail[ed] to see a meaningful distinction…between a claim for bad-faith breach of contract based on a refusal to pay defense costs [the issue addressed in *Fireman's*] and a bad-faith action based on a refusal to pay an insured's claim [the issue raised by Plaintiff in the present case.]" *Fireman's*, at *17. "Both forms of the proposed tort action are based on an alleged failure to abide by the terms of the insurance contract." *Id*. (citing Lee R. Russ & Thomas F. Segalia, Couch on Insurance § 205:1, at 205-9 (3d ed. 1999) ("As the duty to defend the insured is ordinarily set forth explicitly in the contract, breach of the duty to defend violates a contractual obligation."; *id*. § 207:1, at 207-9 ("Apart from such statutes [establishing penalties for insurer's delay or refusal to pay], an insured may bring a breach of contract action against an insurer which delays or refuses to pay benefits due under the policy.")). Indeed, the

3

Court in *Fireman's* found persuasive the decision in *Washington v. Gov't Employees Ins. Co.* 769 F. Supp. 383, 386 (D.D.C. 1991) ("*GEICO*"), and concluded that under District of Columbia law an insured cannot state a cause of action sounding in tort for bad faith breach of an insurance contract. *Id*. at *7. In reaching this conclusion, *Fireman's* declined to follow the decision in *Washington* and expressly noted that *Washington* was based on a misreading of an earlier decision, *Continental Ins. Co. v. Lynham*, 293 A.2d 481 (D.C. 1972). *Fireman's* at *9-10 (citing *GEICO,* 769 F. Supp. at 386).

Plaintiff would have this Court believe that *Washington* and *GEICO* are the only two cases addressing this issue, and that they are "in direct conflict," thereby leaving the current state of the law unresolved. *See* Pl.'s Mem. at 3. Again, this is not accurate. Instead, to the contrary, the progeny of cases decided after *Washington* leave no doubt that claims for bad faith breach of insurance contracts are not recognized in the District of Columbia. *See, e.g., Clayton v. Government Employees Ins. Co.*, Civ. No. 88-1310 (D.D.C. May 8, 1989) (where the Court declined to follow *Washington*, reasoning that the District of Columbia Council had not expressly provided for a bad faith tort action and that no appellate case had held that such a cause of action existed, and concluded that a "bad faith action cannot be maintained against an insurance company."); *GEICO,* 769 F. Supp. 383, 386 (D.D.C. 1991) ("District of Columbia case law does not compel the decision reached in *Washington.*"); *Am. Nat'l Red Cross v. Travelers Indem. Co.*, 896 F. Supp. 8, n.4 (D.D.C. 1995) (declining to follow *Washington* and relying on *GEICO* for the proposition that an independent tort of bad faith refusal to provide insurance coverage does not exist under District of Columbia law); *Brand v. Gov't Employees Ins. Co.*, No. 04-01133, 2005 U.S. Dist. LEXIS 44787, 2005 WL 3201322, at *5 (D.D.C. 2005) (same); *Am. Registry of Pathology v. Ohio Cas. Ins. Co.*, 401 F. Supp. 2d 75, 78-79 (D.D.C.

4

2005) (stating that the lack of a statutory cause of action in the District of Columbia for bad faith refusal to pay an insurance claim is "particularly significant because the D.C. Code has provided for other remedies in this arena, yet has remained silent on this particular issue"); *see also Washington Hosp. Center Corp. v. Smith*, Civ. Nos. 746-85 & 815-83 (D.C. Super. Ct., Mar. 23, 1987) (where the court disagreed with the decision in *Washington* and rejected a tort claim of bad faith refusal to pay an insurance claim, holding that District of Columbia law does not recognize a cause of action of bad faith insurance claim denial between insurer and insured, and does not recognize a tort claim for an alleged breach of contract). In sum, Plaintiff's reliance on *Washington* is overwhelmed by the cases decided thereafter. Plaintiff cannot cite to any authority within the last 23 years which supports his theory that *Washington* somehow accurately describes the current state of the law.

In support of his position, Plaintiff argues that "the notion of a tort claim for bad faith stems from the duty of good faith implied in all contracts." Pl.'s Mem. at 4 (citing *Paul v. Howard Univ.*, 754 A.2d 297, 310-1 (D.D.C. 2000)). *Paul* contains no such statement, and to the extent that Plaintiff is contending the duty of good faith implied in all contracts is one which supports his bad faith tort action, such a contention is not accurate. *See Mitchell v. State Farm Ins. Co.*, 1991 U.S. Dist. LEXIS 789, *1-2 (1991) (where the Court recognized that "since the Complaint still alleged breach of implied covenant of good faith and fair dealing, State Farm correctly pointed out in its motion to dismiss that such a tort has not been recognized in this jurisdiction" (citing *Minihan v. American Pharmaceutical Ass'n.*, 812 F.2d 726, 729 n. 2 (D.C.Cir. 1987)). Moreover, the precise argument made by Plaintiff was also discussed and rejected by the Court in *Brand* (*supra*), where the Court held that the independent tort of bad faith refusal to provide insurance coverage did not exist under District of Columbia law. *Brand*,

5

2005 LEXIS, at *7. Similarly, the plaintiff in *GEICO* (*supra*) alleged that GEICO had "breached the implied covenant of good faith and fair dealing" contained in an insurance policy "by unreasonably withholding payment to plaintiff." *GEICO*, at 385. Again, the Court rejected the plaintiff's position and held that District of Columbia law did not recognize a tort claim of bad faith refusal to pay an insurance claim. *Id*. at 386.

Finally, Plaintiff argues that the tort claim for bad faith is applicable in this case because this is somehow not a breach of contract case. Instead, according to Plaintiff, Provident is "conducting *administration* of the Policy in bad faith and with the wrongful intention of inflicting physical, emotional and economic injury upon [Plaintiff]." *See* Pl.'s Mem. at 4. To the extent that Plaintiff is attempting to distinguish between Provident's *administration* of the Policy and its contractual duties under the Policy, this is a distinction without a difference. Notwithstanding Plaintiff's semantical contortions, Plaintiff's claim is one for a denial of insurance benefits, which can only arise by virtue of the contractual relationship created by the Policy. Provident's "administration" of the Policy is one of many contractual duties which arises out of this relationship. Thus, any alleged deficiency in Provident's administration of the Policy is simply another way of saying that it breached its contractual obligations under the Policy, which does not provide the basis for a separate tort. Not surprisingly, Plaintiff cites no authority for his position. In sum, because the law of this jurisdiction does not recognize a claim for bad faith breach of contract, Count II should be dismissed against Provident.

**B.      Plaintiff May Not Recover Punitive Damages Based On A Claim For Breach Of Contract.**

In an act of desperation, Plaintiff draws upon numerous matters outside of the pleadings in support of his claim for punitive damages, including citation to a biased, anti-insurance "bad faith" website which makes allegations that are both inaccurate and are entirely unrelated to the

6

present case. Plaintiff's tactic is nothing more than an attempt to paint Provident in a negative light, as his contentions are plainly inadmissible and have no place in a 12(b)(6) motion or otherwise. Plaintiff's efforts should be disregarded because they are improper. Indeed, "the court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 326 U.S. App. D.C. 67, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 300 U.S. App. D.C. 263, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993). It is self-evident that none of the "information" gleaned from the "bad faith" website falls within these categories.

Regardless of the impropriety of Plaintiff's approach, the law precludes Plaintiff's claim for punitive damages here. Indeed, the rule in the District of Columbia is that "only where an alleged breach of contract merges with, and assumes the character of, a willful tort will punitive damage be available." *Fireman's* at *18 (citing *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C. 1982)). "The breach of contract, however, cannot assume the character of a willful tort, if the tort it is merging with is not recognized." *Brand v. Gov't Employees Ins. Co.*, No. 04-01133, 2005 U.S. Dist. LEXIS 44787, at *14 (D.D.C. Nov. 29, 2005); *see also McIntosh v. Aetna Life Ins. Co.*, 268 A.2d 518, 521 (D.C. 1970) (affirming denial of punitive damages where plaintiff did not demonstrate that breach of a contractual obligation to pay an insurance claim assumed the character of a tort and stating that "this case falls squarely within the rule that there is no recovery for a malicious breach of contract.").

Plaintiff's claim for punitive damages is based solely on his erroneous contention that the District of Columbia recognizes a claim for bad faith breach of contract as an independent tort. For the reasons discussed above, Plaintiff cannot maintain a claim for bad faith breach of

7

contract. Accordingly, Plaintiff's speculative and erroneous argument that there is "likely to be evidentiary support for the contention that Defendant Provident's conduct was intentional, malicious, and willful…" (*see* Pl.'s Mem. at 5) is of no consequence because "where the basis of a complaint is…a breach of contract, punitive damages will not lie, even if it is proved that the breach was willful, wanton, or malicious." *Sere,* 443 A.2d at 37.

As stated in Provident's memorandum in support of its motion, Plaintiff has alleged nothing more than a breach of contract claim. Thus, Plaintiff has no basis upon which to assert a claim for punitive damages. Plaintiff's claim for punitive damages is unsupportable under District of Columbia law and should be dismissed.

## CONCLUSION

For each of the foregoing reasons, Count II of the Complaint should be dismissed in its entirety because a claim for bad faith breach of contract is not recognized under District of Columbia law. Furthermore, Plaintiff's claim for punitive damages is based on alleged breach of contract and therefore must also be dismissed.

        PROVIDENT LIFE AND ACCIDENT
        INSURANCE COMPANY
By <u>s/Tameka M. Collier</u>
        Tameka M. Collier, D.C. Bar No. 488979
        401 9th Street, N.W.
        Suite 1000
        Washington, D.C. 20004-2134
        (202) 274-2950
        FAX **(**202) 274-2994
        tameka.collier@troutmansanders.com

        David E. Constine, III, VSB No. 23223
        A. Tevis Marshall, VSB No. 68401
        Troutman Sanders LLP
        P. O. Box 1122
        Richmond, Virginia 23218-1122
        (804) 697-1200
        FAX (804) 697-1339
        david.constine@troutmansanders.com
        tevis.marshall@troutmansanders.com
              Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

J. Michael Hannon, Esq.
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
FAX (202) 232-3704

By s/Tameka M. Collier
Tameka M. Collier, D.C. Bar No. 488979
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2950
FAX (202) 274-2994
tameka.collier@troutmansanders.com

David E. Constine, III, VSB No. 23223
A. Tevis Marshall, VSB No. 68401
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia  23218-1122
(804) 697-1200
FAX (804) 697-1339
david.constine@troutmansanders.com
tevis.marshall@troutmansanders.com
Counsel for Defendant

1625353