IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.:  1:07-cv-00633 (HHK) |
| | ) |
| PROVIDENT LIFE & ACCIDENT INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**CONSENT MOTION FOR STIPULATED PROTECTIVE ORDER GOVERNING
DISCOVERY AND PROTECTION OF CONFIDENTIAL INFORMATION**

Defendant Provident Life & Accident Insurance Company ( "Provident"), by counsel,

with the express consent of Plaintiff John Doe, M.D. ("Plaintiff"), by counsel, and pursuant to

Federal Rule of Civil Procedure 26(c), hereby move this Court for entry of a Stipulated

Protective Order Governing Discovery and Protection of Confidential Information, requiring

implementation of the following procedures to govern the production, use, and exchange of

confidential documents and information in the discovery and pretrial stage of this action:

1.      A party may designate as "Confidential" any discovery material that the party

reasonably and in good faith believes contains or discloses confidential data, trade secrets,

proprietary or nonpublic commercial information, information involving privacy interests, or

other commercially and/or competitively sensitive information of a nonpublic nature, or received

on a confidential basis as contemplated in Fed. R. Civ. P. 26(c)(7).

2.      Discovery material may be so designated by stamping "CONFIDENTIAL" on

each page of each document, by written designation identifying each page by Bates number, or

by using such other procedures as may be agreed upon by the parties. Confidential documents

shall be subject to disclosure and use only in accordance with the provisions of this Stipulated Protective Order absent further Order of this Court. Defendant or Plaintiff will designate all documents falling within the above definition of "Confidential Information" within twenty (20) days of production by marking such documents "Confidential" or by identifying them by document control number.

With respect to depositions, the designating party shall designate by specific page number within twenty (20) days of receiving the transcript. Failure to do so shall result in the page not being considered confidential.

3.    If a party wishes to designate a document as "Confidential" that does not fall within any of the categories specified above, that party shall seek consent of opposing counsel. If consent is granted, the party may designate the document as "Confidential" in the manner prescribed in this Order. The parties will use their best efforts to resolve any disagreement over such designations between themselves. Should the parties be unable to resolve the disagreement, the party seeking to designate the document as Confidential Information may seek a hearing before this Court with respect to the propriety of the designation. The objecting party will cooperate in obtaining a prompt hearing with respect thereto. Pending a resolution, the discovery material in question shall continue to be treated as Confidential Information as provided hereunder.

Sealing such material may be necessary to protect the interested parties' privacy, and/or to protect against unnecessary dissemination of personal information, and the public would not benefit from, and has no apparent interest in, disclosure of the Confidential Information. The Court has considered and rejected less drastic alternatives to the sealing of documents and has concluded that the sealing of documents is necessary and more appropriate

than alternative measures due, among other things, to the highly sensitive nature of the

information at issue.  To this end, and in accordance with Local Civil Rule 5.1(j) and applicable

law, in the event that prior to trial, the parties wish to file with the Court Confidential

Information under this Protective Order, they may file this material under seal without need for

additional formal motion and, if so filed, shall submit the material to the Court in a sealed

envelope labeled, "**CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER.**"

4.      If any party receives a document from another party and disagrees with the

producing party's contention that the document is confidential, the non-producing party may

petition the Court for a determination as to whether such document shall remain subject to this

Stipulation and Order.  The parties shall confer with each other and attempt to resolve the matter

before petitioning the Court.  Should the parties be unable to resolve the objections, the party

receiving the Confidential Information may seek a hearing before this Court with respect to the

propriety of the designation.  The producing party will cooperate in obtaining a prompt hearing

with respect thereto.  Pending a resolution, the discovery material in question shall continue to

be treated as Confidential Information as provided hereunder.  The burden of proving that

discovery material is properly designated as Confidential Information shall at all times remain

with the party designating the material as Confidential.

5.      All confidential documents that either are inspected or received by counsel for

a party pursuant to pretrial discovery in this action shall not be discussed or disclosed to anyone

other than "Qualified Person" as defined in this Paragraph, including the Court; any arbitrator,

mediator or case evaluator in this action; Plaintiff's and Defendant' counsel of record, including

other attorneys, law clerks, paralegals and staff (collectively referred to as "legal staff") in

Plaintiff's and Defendant' counsel's law firms engaged in preparing this action for trial;

stenographic and videographic reporters; Plaintiff; Defendant and its agents/employees on a

need-to-know basis in preparation for trial; Plaintiff's and Defendant's witnesses or prospective

witnesses in connection with the investigation of the matters at issue in this case and their

preparation to testify herein or for use during the taking of their depositions or eliciting their

testimony during trial; and consultants and experts employed by Plaintiff or Defendant.

Each such person shall first be advised of the terms of this Stipulation and Order, and

documents shall only be discussed or disclosed to the extent necessary to assist counsel in

preparing the case.

6.      Except as provided above, no person shall use any confidential documents

obtained during pretrial discovery in this action, other than for deposition, preparation for trial,

pre-trial filings with the Court in this action, pre-trial hearings in this action, or other tasks

related to the litigation than as contemplated in this Order, without written consent from the

counsel for the opposing party, or unless a party was lawfully in possession of such document

and such document directly relates to such party prior to entry of this Order.  Nothing in this

Stipulation and Order bars or restricts the use of, introduction of, or reference to any evidence in

pre-trial filings or at the trial of this matter or the reference to any information at trial of this

matter in open Court.  Nothing in this Stipulation and Order shall prevent any party from seeking

any restriction on introduction of evidence at trial whether by motion *in limine* or otherwise.

7.      Nothing herein shall require the parties to submit Confidential Information to the

jury in envelopes at trial.

8.      In the event that Plaintiff, Defendant or any "Qualified Person" is required by subpoena or Court Order outside of this action to produce or disclose any specified "Confidential Information," that person or counsel for that person shall give at least ten (10) days written notice or, if that is not practical, as much notice as possible, to counsel for the opposing party. The notice will include the identity (name, address, and occupation) of each person who has requested such disclosure and the purported reason for the necessity of the disclosure. Parties so noticed shall have, if at all possible, ten (10) days thereafter, or, at a minimum, one day less than the amount of time remaining under the subpoena or order, in which to serve counsel for the requesting party with a written objection to such disclosure.  If the parties are unable to resolve whether such Confidential Information can be disclosed themselves, then the parties will seek the intervention of the Court.  Until such time, the parties are precluded from disclosing the information

9.      At any time, a party claiming the confidentially of information or documents may elect to remove the confidential designation.  Notice of this election shall be given to opposing counsel in a timely manner.

10.      Nothing in this Order shall prevent a designating party from disclosing or using its own Confidential Information in any manner (provided that such Confidential Information is not duplicative of materials designated by the other party as Confidential Information); however, use of the confidential information may alter its designation and trigger the ability of the receiving party to challenge the continuing designation as confidential.

11.      All confidential documents, including all copies, shall be returned to counsel

for the originating party at the conclusion of this litigation (including the conclusion of any appeal) if requested, or destroyed, at the direction of counsel for the originating party, provided that counsel for each party may maintain, in confidence, a copy of any such documents as counsel deems necessary to justify professional judgments made in the case.

12.    This Stipulated Protective Order shall become effective when entered by the Court or as otherwise agreed by the parties.

A fully executed Stipulated Protective Order, which contains the same terms as are set forth above, is attached hereto and is submitted to the Court for its approval and entry.

WHEREFORE, Provident Accident Life & Insurance Company respectfully requests that its Consent Motion for Stipulated Protective Order Governing Discovery and Protection of Confidential Information be granted.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY

By s/Tameka M. Collier
Tameka M. Collier, D.C. Bar No. 488979
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2950 / FAX (202) 274-2994
tameka.collier@troutmansanders.com

David E. Constine, III, VSB No. 23223
A. Tevis Marshall, VSB No. 68401
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia  23218-1122
(804) 697-1200
FAX (804) 697-1339
david.constine@troutmansanders.com
tevis.marshall@troutmansanders.com

Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September 2007, I electronically filed the

foregoing with the Clerk of the court using the CM/ECF system which will send notification of

such filing to:

J. Michael Hannon, Esq.
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
FAX (202) 232-3704


By s/Tameka M. Collier
    Tameka M. Collier, D.C. Bar No. 488979
    401 9th Street, N.W.
    Suite 1000
    Washington, D.C. 20004-2134
    (202) 274-2950
    FAX (202) 274-2994
    tameka.collier@troutmansanders.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  1:07-cv-00633 (HHK) |
| | ) | |
| PROVIDENT LIFE & ACCIDENT INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY AND
PROTECTION OF CONFIDENTIAL INFORMATION**

IT IS HEREBY STIPULATED by and between Plaintiff John Doe, M.D. ("Plaintiff"),

and Defendant Provident Life & Accident Insurance Company ("Provident") and ORDERED by

the Court that the following procedure shall govern the production, use, and exchange of

confidential documents in the discovery and pretrial stage of this action:

1.      A party may designate as "Confidential" any discovery material that the party

reasonably and in good faith believes contains or discloses confidential data, trade secrets,

proprietary or nonpublic commercial information, information involving privacy interests, or

other commercially and/or competitively sensitive information of a nonpublic nature, or received

on a confidential basis as contemplated in Fed. R. Civ. P. 26(c)(7).

2.      Discovery material may be so designated by stamping "CONFIDENTIAL" on

each page of each document, by written designation identifying each page by Bates number, or

by using such other procedures as may be agreed upon by the parties. Confidential documents

shall be subject to disclosure and use only in accordance with the provisions of this Stipulated

Protective Order absent further Order of this Court.  Defendant or Plaintiff will designate all

documents falling within the above definition of "Confidential Information" within twenty (20) days of production by marking such documents "Confidential" or by identifying them by document control number.

With respect to depositions, the designating party shall designate by specific page number within twenty (20) days of receiving the transcript. Failure to do so shall result in the page not being considered confidential.

3.      If a party wishes to designate a document as "Confidential" that does not fall within any of the categories specified above, that party shall seek consent of opposing counsel. If consent is granted, the party may designate the document as "Confidential" in the manner prescribed in this Order. The parties will use their best efforts to resolve any disagreement over such designations between themselves. Should the parties be unable to resolve the disagreement, the party seeking to designate the document as Confidential Information may seek a hearing before this Court with respect to the propriety of the designation. The objecting party will cooperate in obtaining a prompt hearing with respect thereto. Pending a resolution, the discovery material in question shall continue to be treated as Confidential Information as provided hereunder.

Sealing such material may be necessary to protect the interested parties' privacy, and/or to protect against unnecessary dissemination of personal information, and the public would not benefit from, and has no apparent interest in, disclosure of the Confidential Information. The Court has considered and rejected less drastic alternatives to the sealing of documents and has concluded that the sealing of documents is necessary and more appropriate than alternative measures due, among other things, to the highly sensitive nature of the information at issue. To this end, and in accordance with Local Civil Rule 5.1(j) and applicable

law, in the event that prior to trial, the parties wish to file with the Court Confidential

Information under this Protective Order, they may file this material under seal without need for

additional formal motion and, if so filed, shall submit the material to the Court in a sealed

envelope labeled, "**CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER.**"

4.      If any party receives a document from another party and disagrees with the

producing party's contention that the document is confidential, the non-producing party may

petition the Court for a determination as to whether such document shall remain subject to this

Stipulation and Order.  The parties shall confer with each other and attempt to resolve the matter

before petitioning the Court.  Should the parties be unable to resolve the objections, the party

receiving the Confidential Information may seek a hearing before this Court with respect to the

propriety of the designation.  The producing party will cooperate in obtaining a prompt hearing

with respect thereto.  Pending a resolution, the discovery material in question shall continue to

be treated as Confidential Information as provided hereunder.  The burden of proving that

discovery material is properly designated as Confidential Information shall at all times remain

with the party designating the material as Confidential.

5.      All confidential documents that either are inspected or received by counsel for

a party pursuant to pretrial discovery in this action shall not be discussed or disclosed to anyone

other than "Qualified Person" as defined in this Paragraph, including the Court; any arbitrator,

mediator or case evaluator in this action; Plaintiff's and Defendant' counsel of record, including

other attorneys, law clerks, paralegals and staff (collectively referred to as "legal staff") in

Plaintiff's and Defendant' counsel's law firms engaged in preparing this action for trial;

stenographic and videographic reporters; Plaintiff; Defendant and its agents/employees on a

need-to-know basis in preparation for trial; Plaintiff's and Defendant's witnesses or prospective

witnesses in connection with the investigation of the matters at issue in this case and their

preparation to testify herein or for use during the taking of their depositions or eliciting their

testimony during trial; and consultants and experts employed by Plaintiff or Defendant.

Each such person shall first be advised of the terms of this Stipulation and Order, and

documents shall only be discussed or disclosed to the extent necessary to assist counsel in

preparing the case.

6.     Except as provided above, no person shall use any confidential documents

obtained during pretrial discovery in this action, other than for deposition, preparation for trial,

pre-trial filings with the Court in this action, pre-trial hearings in this action, or other tasks

related to the litigation than as contemplated in this Order, without written consent from the

counsel for the opposing party, or unless a party was lawfully in possession of such document

and such document directly relates to such party prior to entry of this Order.  Nothing in this

Stipulation and Order bars or restricts the use of, introduction of, or reference to any evidence in

pre-trial filings or at the trial of this matter or the reference to any information at trial of this

matter in open Court.  Nothing in this Stipulation and Order shall prevent any party from seeking

any restriction on introduction of evidence at trial whether by motion *in limine* or otherwise.

7.     Nothing herein shall require the parties to submit Confidential Information to the

jury in envelopes at trial.

8.     In the event that Plaintiff, Defendant or any "Qualified Person" is required by

subpoena or Court Order outside of this action to produce or disclose any specified "Confidential

Information," that person or counsel for that person shall give at least ten (10) days written

notice or, if that is not practical, as much notice as possible, to counsel for the opposing party. The notice will include the identity (name, address, and occupation) of each person who has requested such disclosure and the purported reason for the necessity of the disclosure. Parties so noticed shall have, if at all possible, ten (10) days thereafter, or, at a minimum, one day less than the amount of time remaining under the subpoena or order, in which to serve counsel for the requesting party with a written objection to such disclosure. If the parties are unable to resolve whether such Confidential Information can be disclosed themselves, then the parties will seek the intervention of the Court. Until such time, the parties are precluded from disclosing the information

9.     At any time, a party claiming the confidentially of information or documents may elect to remove the confidential designation. Notice of this election shall be given to opposing counsel in a timely manner.

10.     Nothing in this Order shall prevent a designating party from disclosing or using its own Confidential Information in any manner (provided that such Confidential Information is not duplicative of materials designated by the other party as Confidential Information); however, use of the confidential information may alter its designation and trigger the ability of the receiving party to challenge the continuing designation as confidential.

11.     All confidential documents, including all copies, shall be returned to counsel for the originating party at the conclusion of this litigation (including the conclusion of any appeal) if requested, or destroyed, at the direction of counsel for the originating party, provided that counsel for each party may maintain, in confidence, a copy of any such documents as counsel deems necessary to justify professional judgments made in the case.

12.     This Stipulated Protective Order shall become effective when entered by the

Court or as otherwise agreed by the parties.


ENTERED this ___ day of September, 2007.


_____
DISTRICT JUDGE

Copies to:
Tameka M. Collier
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134

David E. Constine, III
A. Tevis Marshall
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia  23218-1122
        Counsel for Defendant.


J. Michael Hannon, Esq.
1901 18th Street, NW
Washington, DC 20009

        Counsel for Plaintiff.