**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE, M.D., | : |
| | : |
| Plaintiff, | : Civil Action No.: 1:07cv00633 (HHK) |
| | : |
| v. | : |
| | : |
| PROVIDENT LIFE & ACCIDENT | : |
| INSURANCE COMPANY | : |
| | : |
| Defendant. | : |

## RULE 16.3 JOINT STATEMENT OF THE PARTIES

Now come the parties, by counsel, pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f) and Local Rule ("LR") 16.3, after conferring by telephone on July 24, 2007, and again on September 24, 2007 to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by FRCP 26(a)(1), and to develop a proposed discovery plan. The Parties submitted their initial FRCP 26 Report to the Court on August 7, 2007. The parties subsequently agreed to modify elements of their previously planned discovery schedule and state the following in connection with the Initial Scheduling Conference to be conducted on December 17, 2007.

### Brief Statement Of The Case

Plaintiff claims to have become disabled from his occupation as an emergency room physician due to post-traumatic stress disorder ("PTSD") beginning in December, 1997, and seeks disability benefits from Defendant pursuant to Provident Life & Accident Insurance Company Disability Income Insurance Policy No. 6-334-675592 ("the Policy"). Plaintiff alleges that Defendant has breached its contractual duties under

the Policy by denying his disability claim. Plaintiff has also alleged that Defendant's denial of his disability claim was in bad faith.

Defendant denies that Plaintiff is disabled from his occupation under the terms of the Policy and also denies that Plaintiff's claim was denied in bad faith.

### LcvR 16.03(c) Topics

In accordance with LcvR 16.3(c) the parties have also addressed the following topics:

(1) Defendant filed a Partial Motion to Dismiss on May 24, 2007. This Court denied that Motion on September 13, 2007. Defendant anticipates filing additional dispositive motions.

(2) the Parties do not anticipate the joinder of any additional parties or the amendment of the pleadings.

(3) the Parties do not believe the case should be assigned to a magistrate judge for all purposes, including trial.

(4) the Parties will revisit settlement discussions once sufficient discovery has taken place to form a basis for such discussions.

(5) the Parties will revisit the possibility of alternative dispute resolution procedures as discovery continues.

(6) the case may be resolved by summary judgment motion.

(7) the Parties exchanged Rule 26(a)(1) disclosures on August 31, 2007.

(8) the Parties have agreed upon the following discovery schedule:

26(a)(1) DISCLOSURES                                          August 31, 2007

PLAINTIFF'S 26(a)(2)(B) EXPERT DISCLOSURES      December 3, 2007

| | |
|---|---|
| INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF | January 4, 20008 |
| INDEPENDENT MEDICAL EXAMINATION WRITTEN REPORT | January 15, 2008 |
| DEFENDANT'S 26(a)(2)(B) EXPERT DISCLOSURES | January 15, 2008 |
| CLOSE OF DISCOVERY | February 29, 2008 |
| DEADLINE FOR FILING MOTIONS | March 31, 2008 |

A stipulated consent protective order was submitted by the parties on September 19, 2007. Initial rounds of Interrogatories, document production and requests for admission have already been issued and responded to by the parties. Depositions are presently scheduled of the Plaintiff, Plaintiff's expert and two of Plaintiff's witnesses in the week of December 17, 2007 and are expected to continue into January and perhaps February 2008.

(9) Plaintiff submitted their expert report on December 3, 2007. Defendant's expert report will be submitted on January 15, 2008. The Plaintiff's expert is currently scheduled for deposition on December 19, 2007. Defendant's expert will be deposed in January, 2008.

(10) this case is not a class action therefore Rule 23 proceedings are unnecessary.

(11) the parties do not anticipate at this time the need for a bifurcated trial or the need for discovery phases.

(12) the Parties have no objection to the Court scheduling a final pretrial conference at a time convenient to the Court any time after February 29, 2008, the proposed close of discovery.

3

(13)  the Parties are amenable to a firm trial date, to be set at the initial scheduling conference.

Counsel for the Parties will be present at the scheduled December 17, 2007 Initial Scheduling Conference.

                                                Respectfully submitted,

/s/ J. Michael Hannon
J. Michael Hannon, DC Bar No. 352526
Sarah R. Bagley, VSB No.74027
Hannon Law Group, LLP
1901 18th Street, N.W.
Washington, DC  20009

Counsel to Plaintiff


/s/ Tameka M. Collier
Tameka M. Collier, D.C. Bar No. 488979
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134
(202) 274-2950
FAX (202) 274-2994
tameka.collier@troutmansanders.com


/s/ Stephen D. Otero
David E. Constine, III, VSB No. 23223
Stephen D. Otero, VSB No. 38752
A. Tevis Marshall, VSB No. 68401
TROUTMAN SANDERS LLP
1001 Haxall Point
P. O. Box 1122
Richmond, Virginia  23218-1122
(804) 697-1200
FAX (804) 697-1339
steve.otero@troutmansanders.com
Counsel to Defendant

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing **RULE 16.3(c) JOINT STATEMENT** was sent via electronic filing this 13th day of December, 2007, to:

David E. Constine, III  
Stephen D. Otero  
A. Tevis Marshall  
Troutman Sanders LLP  
P.O. Box 1122  
Richmond, VA 23218-1122  
(804) 697-1200

Tameka M. Collier  
401 9th Street, NW  
Suite 1000  
Washington, D.C. 20004-2134

                        *//s// J. Michael Hannon*  
                        J. Michael Hannon