UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE, M.D., | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 1:07cv00633 (HHK) |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT LIFE & ACC. INS. CO. | : | |
| | : | |
| Defendant. | : | |

**MOTION FOR PROTECTIVE ORDER LIMITING
THE SCOPE OF SCHEDULED INDPENDENT MEDICAL EVALUATION**

Plaintiff John Doe, M.D., by his undersigned counsel, HANNON LAW GROUP, LLP, herewith respectfully moves this Court for an Order limiting the scope of the Independent Medical Evaluation pursuant to Fed. R. Civ. P. 26 (c). As grounds therefore, Plaintiff refers the Court to the accompanying Memorandum of Points and Authorities and form of Order.

DATED: December 31, 2007

Respectfully submitted,

HANNON LAW GROUP, LLP

_____
J. Michael Hannon, #352526
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
Fax: (202) 232-3704

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROVIDENT LIFE & ACCIDENT )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | Civil Action No.: 1:07cv00633 (HHK) |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
LIMITING THE SCHEDULED INDEPENDENT MEDICAL EVALUATION**

Plaintiff John Doe, M.D., through his attorneys HANNON LAW GROUP, LLP, and pursuant to Fed. R. Civ. P. 26 (c), respectfully presents this Memorandum in Support of Plaintiff's Motion for Protective Order Limiting the Scheduled Independent Medical Evaluation. Plaintiff respectfully requests that the independent medical examination be limited in scope to oral interviews and that Plaintiff not be subject to any medical or psychological testing.

**FACTUAL BACKGROUND**

Plaintiff has brought a breach of contract and bad faith claim against Defendant alleging that the Defendant has breached the disability insurance contract by denying benefits when sufficient evidence was provided to warrant payments under the policy. In denying disability benefits, Defendant demonstrated bad faith as the claim was not given proper deliberation and efforts were not made to see that the claim was given a thorough and legitimate review. Discovery has already begun in this case as documents and interrogatory responses have been exchanged between the parties. Additionally, depositions have already taken place of the Plaintiff and the Plaintiff's expert. The Plaintiff agreed to take part in an Independent Medical

Evaluation with a doctor of the Defendant's choosing which was initially discussed during the parties Rule 26(f) conference in August, 2007.

Since that agreement, counsel for Defendant has advised counsel for Plaintiff that its physician intends to conduct "testing" of Dr. Doe. Counsel has declined to identify the tests that its physician seeks to conduct. Therefore, Plaintiff now files this Motion for a Protective Order in anticipation of the upcoming Independent Medical Evaluation scheduled for January 4, 2007 with Neil Blumberg, M.D. Plaintiff seeks to preclude Dr. Blumberg from conducting any testing of any kind, other than a standard psychiatric interview.

## ARGUMENT

### I. Terms of the Contract Breached by Defendant Cannot Be Used to Obtain an Independent Medical Evluation

Courts have broad discretion to issue any order, including a protective order, which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. <u>Wagener v. SBC Pension Benefit Plan Non-Bargained Program</u>, 2007 U.S. Dist. LEXIS 21190 (D.D.C. 2007); <u>see also</u> Fed. R. Civ. P. 26 (c). At the time that Defendant, in bad faith, denied Plaintiff's disability claim and breached the contract there was sufficient evidence documenting the existence of the disability. Subjecting Plaintiff, John Doe, M.D., to medical testing at this stage of the litigation is nothing short of harassment and creates an undue burden on the Plaintiff. Defendant cannot justify its decision to deny benefits in the past by proffering evidence it did not consider when the initial decision was made.

Under Plaintiff's disability policy, Defendant could have requested an independent medical examination at the time of the claim or at anytime during the time that a decision was pending. Page 13 of the Plaintiff's Disability Policy reads as follows, "PHYSICAL EXAMINATION: We, at our expense, have the right to have you examined as often as

reasonably necessary while a claim is pending." Defendant chose not to perform an independent medical examination before denying Plaintiff's disability claim. In addition, Defendant chose to ignore evidence that substantiated Plaintiff's disability claim. Defendant cannot now require Plaintiff to participate in an independent medical examination which includes medical and psychological testing in an effort to defend its denial of Plaintiff's disability claim. Defendant has breached the contract by rejecting Plaintiff's disability claim in bad faith. Defendant cannot now rely on the elements of the contract to try to seek an independent medical examination after the fact. Such an examination is irrelevant to whether Defendant breached the contract of insurance.

Plaintiff, through counsel, has consented to an examination of Dr. Doe similar to that conducted by his own expert. By doing so, Plaintiff does not concede that evidence derived from such an examination is relevant or admissible. By doing so, Plaintiff has not agreed to intrusive testing that has not been performed by his own physician.

## II.     ERISA Limits the Fact Finder's Review to the Administrative Record

Defendant has claimed that the Employee Retirement Income Security Act of 1974 ("ERISA") applies in this matter, or at least to this point Defendant will not agree that ERISA does not apply. Plaintiff's Request for Admission # 25 stated, "Dr. John Doe's claim is not covered by ERISA." Defendant response on November 28, 2007, to that Request was "Denied." If ERISA applies in this matter, so too does a very specific standard of review with respect to the Court's review of Defendant's rejection of Plaintiff's claim. ERISA requires the reviewing court to apply an arbitrary and capricious standard of review to benefits determinations. McGuigan v. Reliance Std. Life Ins. Co., 2003 U.S. Dist. LEXIS 17593 (D. Pa. 2003). Such a scope of review is very narrow and the reviewing court is not at liberty to substitute its own judgment for that of

the administrator in deciding a claimant's eligibility for benefits. Id. See also Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 390 (3rd Cir. 2000).

ERISA requires that the fact finder's review be limited to the administrative record. See Wagener v. SBC Pension Benefit Plan Non-Bargained Program, 2007 U.S. Dist. LEXIS 21190 (D.D.C. 2007). To determine whether Defendant was justified in rejecting Plaintiff's disability claim, the court must scrutinize the whole record and reverse the decision if it is not supported by substantial evidence. Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3rd Cir. 1997). The whole record consists of the evidence that was before the Defendant when it made the decision being reviewed. Id. In this case, the whole record consists of all the evidence before the administrator when Defendant rejected Plaintiff's disability claim in breach of the contract. Further, under the required arbitrary and capricious standard of review, the record cannot be supplemented during litigation. Kosiba v. Merck & Co., 384 R.3d 58, 67 (3rd Cir. 2004).

Thus, although Plaintiff has consented to a medical examination, under ERISA Defendant cannot, at this point of the litigation, require Plaintiff to submit to additional medical testing during an independent medical examination.

### III.   Testing During the Independent Medical Evaluation Is Needlessly Intrusive

The only purpose for subjecting Plaintiff to medical testing at this point would be to delve into issues unrelated issues or issues related to personality. No such testing is justified under the policy at issue nor under the Federal Rules, nor has Defendant explained why such testing is necessary. Plaintiff, John Doe, M.D., brought this lawsuit, and he has agreed to a psychiatric examination; however, that is not a concession to undergo exhaustive and intrusive testing. In fact, as a general rule, the scope of medical examinations is restricted to those

conditions that are in controversy and for which the movant has shown good cause. See Fed. R. Civ. P. 35 (a). The rule provides in pertinent part:

> When the mental or physical condition …. of a party …. is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner …. The order may be made only on motion for good cause shown ….

Fed. R. Civ. P. 35 (a).

Federal Rule of Civil Procedure 35 (a) requires a showing of need which Defendant has declined to proffer as to the proposed testing. See Schlagenhuf v. Holder, 379 U.S. 104 (U.S. 1964). The "in controversy" and "good cause" requirements of FRCP 35 (a) cannot be supported by conclusory allegations or by mere assertions of relevance to the case. Gadson v. Verizon Fla., Inc., 2005 U.S. Dist. LEXIS 15428, 3-4 (D. Fla. 2005). Instead, there must be an affirmative showing that the condition for which testing is being sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Id. Defendant has offered no good cause for requiring testing in addition to a psychiatric assessment. Plaintiff, John Doe, M.D., shall appear as scheduled for his independent medical examination; however, he shall not submit to any testing unless ordered to do so by the Court.

**CONCLUSION**

Wherefore, the Plaintiff respectfully requests this Court grant his Motion for Protective Order and accordingly limit the scope of the Independent Medical Evaluation.

Respectfully submitted,

HANNON LAW GROUP, LLP


      //s// J. Michael Hannon
J. Michael Hannon, #352526
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
Fax:  (202) 232-3704
jhannon@hannonlawgroup.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing MOTION FOR PROTECTIVE ORDER RELATED TO THE SCHEDULED INDEPENDENT MEDICAL EVALUATION and MEMORANDUM IN SUPPORT along with a proposed order, was sent via electronic filing this 31st day of December, 2007, to:

David E. Constine, III
A. Tevis Marshall
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23218-1122
(804) 697-1200

Tameka M. Collier
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134

                                                *//s// J. Michael Hannon*
                                                J. Michael Hannon

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, M.D., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:07-cv-00633-HHK |
| | ) |
| PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, | ) ) |
| | ) |
|     Defendant. | ) |

## ORDER

In consideration of the Plaintiff's Motion for Protective Order Limiting the Scheduled Independent Medical Evaluation, it is by the Court this ____ day of January, 2008,

HEREBY ORDERED that the Motion is GRANTED, and that the Independent Medical Evaluation shall not include any testing of Plaintiff.

**SO ORDERED.**


_____
Henry H. Kennedy, Jr.
District Judge

Copies To:

J. Michael Hannon
HANNON LAW GROUP, LLP
1901 18th Street, N.W.
Washington, D.C. 20009

David E. Constine, III
A. Tevis Marshall
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23218-1122
(804) 697-1200

Tameka M. Collier
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134