**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOHN DOE, M.D., | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 1:07cv00633 (HHK)(AK) |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT LIFE & ACC. INS. CO. | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR PROTECTIVE ORDER PROHIBITING DISCLOSURE OF**
**INFORMATION CONTAINED IN PLAINTIFF'S MENTAL HEALTH RECORDS**

Plaintiff John Doe, M.D., through his attorneys HANNON LAW GROUP, LLP, and

pursuant to Fed. R. Civ. P. 26 (c), respectfully presents this Memorandum in Support of

Plaintiff's Motion for Protective Order Prohibiting Disclosure of Information Contained in

Plaintiff's Mental Health Records. Plaintiff respectfully requests that the Defendant be

prohibited from disclosing to factual witnesses during the course of depositions information

contained in Plaintiff's mental health records.

**FACTUAL BACKGROUND**

Plaintiff has brought a breach of contract and bad faith claim against Defendant alleging

that the Defendant has breached the disability insurance contract by denying benefits when

sufficient evidence was provided that Plaintiff suffered from Post Traumatic Stress Disorder

("PTSD"). Such a disorder warrants payment under the policy. In denying disability benefits,

Defendant demonstrated bad faith as the claim was not given proper deliberation and efforts

were not made to see that the claim was given a thorough and legitimate review. Discovery has

already begun in this case as documents and interrogatory responses have been exchanged

between the parties, the deposition of Plaintiff and Plaintiff's expert physician have been taken, and Plaintiff has submitted to an Independent Psychiatric Examination.[1]

Documents produced to the Defendant include Plaintiff's mental health records. The records contain notes which include matters personal to the Plaintiff that were conferred in confidence to his therapists. Defendant has noted the deposition of a friend of Plaintiff who is not a health care provider for Plaintiff and knows nothing about confidential information conveyed by Plaintiff to his therapists. Plaintiff has endeavored to obtain Defendant's consent to not questioning this lay witness about confidential matters contained in these records of which the witness has no knowledge. Defendant has not, in Plaintiff's view, articulated a reason why it must interrogate lay witnesses regarding these confidential matters.

Plaintiff requests that a protective order be issued precluding Defendant's counsel from disclosing to fact witnesses information included in the mental health records produced of which they have no knowledge or of which they are not the subject. There is no reason to disclose such information to lay witnesses in this matter, other than to embarrass Plaintiff and otherwise discourage him from pursuing a remedy.

Plaintiff has even proposed to Defendant that the lay witness be deposed first with the understanding that counsel will not disclose information contained in the mental health records during the deposition. Thereafter, with an actual record of the witness' testimony, Defendant would be in a position to determine whether it has been prejudiced in any manner. Defendant has declined this proposal.

---

[1]     Plaintiff filed a motion for a protective order precluding Defendant from conducting unidentified psychological testing as part of the IME. Plaintiff completed the interview portion without submitting to testing pending resolution of his motion for protective order. Defendant has not filed a response as of this time.

## ARGUMENT

Federal Rule of Civil Procedure 26 (b) (1) provides that "a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or the defense of any party …." Chang v. United States, 2007 U.S. Dist. LEXIS 85678, 2-3 (D.D.C. 2007).  In compliance with the Federal Rules of Civil Procedure, Plaintiff has produced to the Defendant mental health records containing extensive factual and medical notes from his treating psychiatrist, C.D. Kyropolous, M.D., as well as from counselors at the Pastoral Counseling Center.  Compliance by Plaintiff with the rule, however, does not immunize Defendant from limitations on use of the information contained in the aforementioned mental health records.  As a check to Defendant's use of the information contained in the records, the relevant Rule goes on to state that a party may seek an order from the court to protect that party or person from annoyance, embarrassment, oppression, or undue burden or expense.  See Id.; Fed. R. Civ. P. 26 (c).

Upon application of a party for a protective order, it is up to the discretion of the Court to authorize protection and set limits on discovery.  In Re Sealed Case (Medical Records), 381 F.3d 1205, 1216 (D.D.C. 2004).  The moving party, however, must show cause and submit an articulation of specific reasons for limiting discovery.  See Avirgan v. Hull, 118 F.RD. 257, 261-262 (D.D.C. 1987).  The Court is then charged with balancing the harm to the Plaintiff with the Defendant's legitimate interests in discovery.  See Low v. Whitman, 2002 U.S. Dist. LEXIS 10101, 2-3 (D.D.C. 2002).  In the instant case, Plaintiff has not denied the Defendant access to discovery.  To the contrary, Plaintiff has willingly produced mental health records from multiple sources.  However, the mental health records produced contain notes regarding personal matters that are not publicly known and not known to many lay witnesses.  Any information regarding

Plaintiff's personal relationships and business are irrelevant to whether Defendant breached the contract of insurance.

Although Plaintiff has participated in the discovery requested by Defendant thus far, by doing so, Plaintiff does not concede that records not considered by the Defendant in denying Plaintiff's disability claim are relevant to its breach of the contract. Nor does Plaintiff concede that an after-the-fact IME is relevant or admissible on the issue of breach of the insurance contract. Nor does Plaintiff concede that deposition testimony of lay witnesses who know Plaintiff is either relevant or admissible. At issue is whether Defendant breached the contract by denying the Plaintiff's disability claim. Under Plaintiff's disability policy, Defendant could have requested an independent medical exam as well as other evidence at the time of the claim or at anytime during the time that a decision was pending. Defendant chose not to perform an independent medical examination before denying Plaintiff's disability claim. In addition, Defendant chose to ignore evidence that substantiated Plaintiff's disability claim. This matter is simply a contractual issue. The very limited nature of the claim should instruct the Court in determining whether Defendant should be permitted to parade Plaintiff's mental health issues to friends, colleagues, patients, and other professionals in this area. Exposure of that information would irreparably harm Plaintiff, and Plaintiff contends that Defendant is simply attempting to intimidate him to drop his suit.

Defendant is free to depose lay witnesses and question them as to factual circumstances in this case. However, counsel for the Defendant must be precluded from disclosing personal information contained in the produced mental health records to witnesses who have no knowledge of the information contained in those records and who are not the subject of the aforementioned records. While the Court has an obligation to allow relevant material to be

discovered, it must also prevent the unnecessary intrusion into private matters which may have a negative impact on the Plaintiff.  <u>See</u> <u>In Re Sealed Case (Medical Records)</u>, 381 F.3d at 1216.  It is well within the power of the Court under Fed R. Civ. P 26 (c) to impose reasonable limits on discovery.  <u>Id</u>.

The only purpose for disclosing personal information to factual witnesses would be to expose Plaintiff's personal life and personal relationships to the public.  Filing this lawsuit does not expose Plaintiff to disclosure of information which will embarrass him or compromise his personal and/or familial relationships.  If the Court desires, Plaintiff will submit to the Court under seal the records identified in this motion and a summary of their content.

## **CONCLUSION**

WHEREFORE, the Plaintiff respectfully requests this Court grant his Motion for a

Protective Order and accordingly preclude Defendant from disclosing personal information

contained in Plaintiff's mental health records to factual witnesses.

Respectfully submitted,

HANNON LAW GROUP, LLP


_____*//s// J. Michael Hannon*_____
J. Michael Hannon, #352526
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
Fax:  (202) 232-3704
jhannon@hannonlawgroup.com


_____*//s// Sarah R. Bagley*___
Sarah R. Bagley, Pro Hac Vice
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
Fax:  (202) 232-3704
sbagley@hannonlawgroup.com

*Attorneys for Plaintiff*

**6**