IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, M.D. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PROVIDENT LIFE & ACCIDENT INSURANCE )<br>COMPANY )<br>)<br>    Defendant. ) | Civil Action No. 1:07cv00633<br>        (HHK) (AK) |

**DEFENDANT'S MOTION FOR EXTENSION OF DEADLINE FOR I.M.E. REPORT**

Now comes Defendant, Provident Life & Accident Insurance Company, by counsel, and requests a short extension of the January 15, 2008 deadline for the disclosure of the report of Plaintiff's January 4, 2008 Independent Medical Examination ("IME"), on the grounds that Plaintiff's Motion for Protective Order, filed just three business days before the previously-agreed upon IME, precluded the completion of one-half of the IME as scheduled on January 4. Specifically, Defendant requests that the Court extend the deadline for the disclosure of the IME report until after the Court has the opportunity to decide the issue raised in Plaintiff's Motion for Protective Order: whether the psychiatrist performing the IME will be permitted to conduct psychological testing of Plaintiff, as agreed upon by the parties in writing on November 16 and 20, 2007. In support of its Motion, Defendant states as follows:

**FACTUAL BACKGROUND**

In this case, Plaintiff claims to have become totally disabled from his occupation as an emergency room physician in April 2004 due to post-traumatic stress disorder ("PTSD"). Plaintiff seeks disability benefits from Defendant pursuant to Provident Disability Income Insurance Policy No. 6-334-675592 ("the Policy"). Plaintiff alleges that Defendant has breached

its contractual duties under the Policy by denying his disability claim (Count I), and that Defendant's denial of his disability claim was in bad faith (Count II).  Plaintiff seeks more than $600,000 in disability benefits from April 2004 through his sixty-fifth birthday in 2014, residual monthly disability benefits of nearly the same amount dating back to 1997, plus extra-contractual punitive damages, costs, fees and interest.  (*See* Compl. at ¶¶ 27-28, and p. 8.)

Defendant denies that Plaintiff -- who has worked part-time as an internist since 2000 and has failed to seek full-time work in that capacity, and who did not file his claim until December 2005 -- is disabled from his occupation, which Plaintiff identified in his application for the Policy as "Physician."  Accordingly, Defendant denies that it has breached any contractual duties under the Policy, and also denies that it has acted in bad faith in any way in refusing Plaintiff's claim for disability benefits.

The deadline for the completion of discovery in the case is February 29, 2008.  To date, the parties have exchanged initial disclosures and written discovery requests, and depositions are in progress.  The case has not yet been set for trial; the matter is scheduled for a Status Conference on October 3, 2008, at which time a trial date will be selected.  (*See* Dec. 20, 2007 Scheduling Order.)

As Plaintiff acknowledges, the parties agreed during the Rule 26(f) conference in August of 2007 that given the nature of Plaintiff's psychiatric disability claim, Plaintiff would submit to a psychiatric IME.  On November 15, 2007, defense counsel sent an e-mail to Plaintiff's counsel to "schedule your client's IME for either Friday Jan. 4 or Monday Jan. 8 at the offices of Dr. Neil Blumberg in Timonium, MD.  *The IME will begin at 10 a.m. and include a 3 hour interview and 3 hours of testing.*"  See 11/15/07 e-mail from Stephen Otero, Esq. to Sarah Bagley, Esq. (emphasis added) (attached as part of Exh. 1).

On November 16, 2007, Plaintiff's counsel agreed in writing to the requested IME on January 4. *See* 11/16/07 e-mail from Sarah Bagley, Esq. to Stephen Otero, Esq.. (attached as part of Exh. 1). On November 20, 2007, Plaintiff's counsel confirmed in writing the agreement to the requested IME on January 4, 2008. *See* 11/20/07 e-mail from Sarah Bagley, Esq. to Stephen Otero, Esq.. (attached as part of Exh. 1). In accordance with the parties' agreement, on or about November 20, 2007, defense counsel reserved six hours with Dr. Blumberg for the Plaintiff's IME on January 4, 2008.

On December 13, 2007, the parties submitted to the Court the required Rule 16.3 Joint Statement, including a proposed discovery schedule reflecting that Plaintiff's IME would take place on January 4, 2008, and that the IME report would be disclosed eleven days later, on January 15, 2008. (*See* Dec. 13, 2007 Rule 16.3 Joint Statement of the Parties.)

On December 17, 2007, the parties appeared before the Court for a Scheduling Conference. The Scheduling Order entered by the Court following that conference adopts the parties' proposed discovery schedule, including the agreed-upon schedule for the January 4, 2008 IME and the January 15, 2008 IME report. (*See* Dec. 17, 2007 minute entry of Scheduling Conference and Dec. 20, 2007 Scheduling Order.)

Despite specific notice on November 15, 2007 that the IME would include a three-hour interview as well as three hours of testing, Plaintiff's counsel did not object to the testing component of the IME when it agreed to the requested IME on November 16 and again on November 20, or when the parties submitted their Rule 16.3 Joint Statement to the Court on December 13, 2007. In addition, Plaintiff did not object to the testing component of the IME, or raise any issues with regard to the IME, when given the opportunity to do so during the December 17, 2007 Scheduling Conference before the Court.

Rather, Plaintiff waited until December 31, 2007 – just three business days before the IME that had been scheduled for more than six weeks – to file his Motion for Protective Order seeking to preclude the testing component of the IME. Although the certificate of service on Plaintiff's Motion indicated that it was served electronically upon defense counsel in Richmond when filed, it was never served by Plaintiff upon defense counsel in Richmond. In fact, defense counsel in Richmond was not aware of the Motion until January 3, 2008 – the day before the Plaintiff's scheduled IME.[1] Thus, because of Plaintiff's counsel last minute objection to the testing component of the IME, Dr. Blumberg was unable to complete the IME as scheduled on January 4, 2008, and three hours of time reserved on Dr. Blumberg's schedule for more than six weeks was not used.

## ARGUMENT

As noted above, on November 16 and again on November 20, 2007, Plaintiff's counsel agreed – in writing and without objection or reservation – to a January 4, 2008 IME of Plaintiff that entails a three hour interview and three hours of testing. *See* Exh. 1. In addition, Plaintiff did not object to the testing component of the IME when filing the Rule 16.3 Joint Statement with the Court, (*see* Dec. 13, 2007 Rule 16.3 Joint Statement), or when given the opportunity to raise the issue with the Court during the December 17, 2007 Scheduling Conference. Consequently, the Court entered a Scheduling Order which adopts the parties' agreement to have Dr. Blumberg's IME of Plaintiff completed on January 4, 2008, and Dr. Blumberg's IME report disclosed on January 15, 2008. (*See* Dec. 20, 2007 Scheduling Order.)

---

[1] Although Plaintiff's Motion was served electronically upon Tameka Collier of defense counsel's Washington, D.C. office on December 31, 2007, the certificate of service incorrectly stated that Plaintiff had also electronically served Richmond defense counsel on that date. Accordingly, Ms. Collier had no reason to believe that she needed to independently forward the filing to defense counsel in Richmond, who consequently did not learn of Plaintiff's Motion until January 3, 2008.

4

In order for Dr. Blumberg to disclose a full IME report, however, he must have the opportunity to complete his IME of Plaintiff. Plaintiff's counsel's refusal to honor their prior agreement, and their decision to instead file an eleventh-hour Motion for Protective Order, has precluded Dr. Blumberg from completing one-half of the agreed-upon IME prior to the January 15, 2008 deadline for disclosure of his IME report. Accordingly, the Court should extend the January 15, 2008 deadline until after it has the opportunity to decide the issue raised in Plaintiff's Motion for Protective Order: whether Dr. Blumberg will be permitted to complete his psychiatric IME of Plaintiff, including psychological testing of Plaintiff, as agreed upon by the parties on November 16 and 20, 2007.

WHEREFORE, for the foregoing reasons, Defendant, Provident Life & Accident Insurance Company respectfully requests the Court to grant its Motion, extend the deadline for disclosure of the IME report to a date certain after the Court has ruled on Plaintiff's Motion for Protective Order and for any other appropriate relief.

Respectfully submitted,

PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY

/s/ Tameka M. Collier
Tameka M. Collier, D.C. Bar No. 488979
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134
(202) 274-2950
FAX (202) 274-2994
tameka.collier@troutmansanders.com

/s/ Stephen D. Otero
David E. Constine, III, VSB No. 23223
Stephen D. Otero, VSB No. 38752
TROUTMAN SANDERS LLP
1001 Haxall Point, P. O. Box 1122
Richmond, Virginia 23218-1122

(804) 697-1200
FAX (804) 697-1339
steve.otero@troutmansanders.com

Counsel to Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2008, I caused the foregoing Motion for Extension of Deadline for I.M.E. Report, as well as a proposed order, to be served electronically on the following:

J. Michael Hannon, Esq.
Sarah R. Bagley, Esq.
Hannon Law Group
1901 18th Street, N.W.
Washington, DC  20009

Counsel for Plaintiff

/s/ Tameka M. Collier

**Otero, Steve**

---

**From:** Sarah Bagley [sbagley@hannonlawgroup.com]
**Sent:** Tuesday, November 20, 2007 12:19 PM
**To:** Otero, Steve
**Subject:** RE: Doe v. Unum

Yes, *Doe ███████ is available January 4th for the IME.

Here is where I currently am with the deposition scheduling -

| | | |
|---|---|---|
| Wednesday | December 12th – 2:00 PM | *Doe ███████ |
| Thursday | December 13th – 9:00 AM | Vic Lemas (awaiting confirmation but should work) |
| Thursday | December 13th – 3:30 PM | Tom Gilmore, MD (he is not available until 3:30) |
| Mon or Wed | Dec. 17 or Dec 19 before 4:00 PM | Dr. Neufeld (She is unavailable completely on the 13th and most of 14th) |

Thanks,
Sarah

---

**From:** Otero, Steve [mailto:steve.otero@troutmansanders.com]
**Sent:** Tuesday, November 20, 2007 12:17 PM
**To:** Sarah Bagley
**Subject:** RE: Doe v. Unum

Sarah - do we have confirmation of this IME date (1/4/08) from *Doe ?

Many thanks

**Stephen D. Otero, Esq.** | Troutman Sanders LLP | 1001 Haxall Point, P.O. Box 1122 | Richmond, VA 23218-1122 | direct: (804)697-1236 | fax: (804)698-5117 | steve.otero@troutmansanders.com | www.troutmansanders.com

*This message may be protected by the attorney-client privilege and/or work product doctrine. If you believe that this message has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error and then delete it. Thank you.*

-----Original Message-----
**From:** Sarah Bagley [mailto:sbagley@hannonlawgroup.com]
**Sent:** Friday, November 16, 2007 4:16 PM
**To:** Otero, Steve
**Subject:** RE: Doe v. Unum

*Doe ███████ has indicated that Jan 4 looks good at the moment but he asked that we wait to confirm this until Monday.

Thanks, Have a nice weekend.
Sarah

---

**From:** Otero, Steve [mailto:steve.otero@troutmansanders.com]
**Sent:** Friday, November 16, 2007 1:22 PM
**To:** Sarah Bagley
**Subject:** RE: Doe v. Unum

Thanks         *   Redacted to preserve plaintiff's anonymity.

EXHIBIT 1

1/3/2008

**Stephen D. Otero, Esq.** | Troutman Sanders LLP | 1001 Haxall Point, P.O. Box 1122 | Richmond, VA 23218-1122 | direct: (804)697-1236 | fax: (804)698-5117 | steve.otero@troutmansanders.com | www.troutmansanders.com

*This message may be protected by the attorney-client privilege and/or work product doctrine. If you believe that this message has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error and then delete it. Thank you.*

-----Original Message-----
**From:** Sarah Bagley [mailto:sbagley@hannonlawgroup.com]
**Sent:** Friday, November 16, 2007 12:34 PM
**To:** Otero, Steve
**Subject:** RE: Doe v. Unum

Hello,

I've forwarded these requests to our client. I'll let you know what I find out.

Thanks,
Sarah

---

**From:** Otero, Steve [mailto:steve.otero@troutmansanders.com]
**Sent:** Thursday, November 15, 2007 5:30 PM
**To:** Sarah Bagley
**Cc:** Constine, David E.; Marshall, A. Tevis
**Subject:** Doe v. Unum

Sarah,

We'd like to schedule your client's IME for either Friday Jan. 4 or Monday Jan. 8 at the offices of Dr. Neil Blumberg in Timonium, MD. The IME will begin at 10 a.m. and include a 3 hour interview and 3 hours of testing. Please let me which of these days is preferable to your client as soon as possible, so that we can confirm the appointment.

Many thanks

**Stephen D. Otero, Esq.** | Troutman Sanders LLP | 1001 Haxall Point, P.O. Box 1122 | Richmond, VA 23218-1122 | direct: (804)697-1236 | fax: (804)698-5117 | steve.otero@troutmansanders.com | www.troutmansanders.com

*This message may be protected by the attorney-client privilege and/or work product doctrine. If you believe that this message has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error and then delete it. Thank you.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE, M.D. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CivIL Action No. 1:07cv00633 |
| ) | (HHK) (AK) |
| PROVIDENT LIFE & ACCIDENT INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Defendant. ) | |

**PROPOSED ORDER**

In consideration of Defendant's Motion for Extension of Deadline for IME Report, it is hereby ORDERED that the Motion is GRANTED, and the deadline for filing the IME report is extended until _____, 2008.

ENTERED this ___ day of January, 2008.

_____
Judge, United States District Court for the
District of Columbia

Copies to:

Tameka M. Collier, D.C. Bar No. 488979
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134
(202) 274-2950
FAX (202) 274-2994
tameka.collier@troutmansanders.com

David E. Constine, III, VSB No. 23223
Stephen D. Otero, VSB No. 38752
TROUTMAN SANDERS LLP
1001 Haxall Point, P. O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200
FAX (804) 697-1339
steve.otero@troutmansanders.com

*Counsel to Defendant*

J. Michael Hannon, Esq.
Sarah R. Bagley, Esq.
Hannon Law Group
1901 18th Street, N.W.
Washington, DC 20009

*Counsel to Plaintiff*