**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOHN DOE, M.D. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CivIL Action No. 1:07cv00633 |
| | ) | (HHK) (AK) |
| PROVIDENT LIFE & ACCIDENT INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER LIMITING PLAINTIFF'S I.M.E.**

Now comes Defendant, Provident Life & Accident Insurance Company, by counsel, and

states as follows in Opposition to Plaintiff's Motion for a Protective Order (hereinafter

"Plaintiff's Motion") to limit the scope of Plaintiff's Independent Medical Examination ("IME")

to an oral interview and preclude psychological testing:

**INTRODUCTION**

In this breach of contract and bad faith disability insurance case, Plaintiff claims to have

become totally disabled from his occupation as an emergency room physician in April 2004 due

to post-traumatic stress disorder ("PTSD"). Plaintiff acknowledges that he consented to a

psychiatric IME in connection with his claim. *See* Pl.'s Mem. in Supp. of Mot. for Prot. Order

at *1-*4 (hereinafter "Plaintiff's Brief"). However, Plaintiff now offers three arguments for why

the psychiatric IME should be limited to an oral interview of Plaintiff: 1) that psychological

testing of Plaintiff in connection with the IME is "needlessly intrusive;" 2) that the IME is

irrelevant to Plaintiff's claim, because the evidence is allegedly closed, or limited to the

administrative record; and 3) that ERISA allegedly limits this Court's review to the

administrative record. *See* Pl.'s Br. at *2-*5.

Plaintiff's first argument ignores the critical fact that on November 16, 2007, Plaintiff's counsel agreed – in writing – that Plaintiff would submit to a psychiatric IME by Dr. Neil Blumberg which would include *both* a three-hour interview *and three hours of psychological testing*, and that on November 20, 2007, Plaintiff's counsel confirmed this agreement, once again in writing. *See* 11/15-20/07 e-mail exchange between Stephen Otero, Esq. and Sarah Bagley, Esq. (attached as **Exh. 1**). The fact that Plaintiff's counsel now refuses to honor their prior agreement alone justifies the denial of Plaintiff's Motion, and an award of costs and fees against Plaintiff's counsel.

Nevertheless, Plaintiff also fails to carry his burden of establishing good cause for the Protective Order with respect to his first argument, inasmuch as he offers nothing more than mere conclusory allegations to support his position. In contrast, Defendant has offered the testimony of Dr. Blumberg, an eminently well-qualified psychiatrist who has completed thousands of psychiatric IMEs in both federal and state courts over more than twenty years. Dr. Blumberg's testimony establishes that the psychological testing at issue is critical to a complete evaluation of the patient, that it is routinely administered as part of a psychiatric IME, that it entails nothing more than the completion of well-recognized and standardized objective tests, and that he cannot recall a single case in which he has been involved where a court has precluded him from conducting the routine psychological testing at issue. *See* Declaration of Neil H. Blumberg, M.D. (attached as **Exh. 2**). In short, Dr. Blumberg's testimony establishes that there is nothing at all unnecessary, unusual, or intrusive about the psychological testing to which Plaintiff objects. In light of the Plaintiff's claimed psychiatric disability, the written consent of Plaintiff's counsel to a psychiatric IME *including the psychological testing at issue*, and Dr. Blumberg's uncontroverted expert testimony, it is abundantly clear that Plaintiff has failed to

carry his burden of establishing good cause as to why Dr. Blumberg should be precluded from completing his psychiatric IME.

Plaintiff's remaining arguments are unpersuasive because they are predicated upon the erroneous notion that the resolution of the issues raised by Plaintiff's lawsuit is restricted to the administrative record, as is true in *some* cases brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). These arguments are inapposite because Plaintiff has not brought an ERISA cause of action, and does not even mention ERISA anywhere in his Complaint. *See* Compl. Moreover, even if the case were brought pursuant to ERISA, it would be governed by a *de novo* standard of review, which allows for the psychiatric IME sought by Defendant and agreed to by Plaintiff's counsel, and does not confine the evidence to the administrative record, as Plaintiff suggests.

## FACTUAL BACKGROUND

In this case, Plaintiff claims to have become totally disabled from his occupation as an emergency room physician in April 2004 due to PTSD. Plaintiff seeks disability benefits from Defendant pursuant to Provident Disability Income Insurance Policy No. 6-334-675592 ("the Policy"). Plaintiff alleges that Defendant has breached its contractual duties under the Policy by denying his disability claim (Count I), and that Defendant's denial of his disability claim was in bad faith (Count II). Plaintiff seeks more than $600,000 in disability benefits from April 2004 through his sixty-fifth birthday in 2014, residual monthly disability benefits of nearly the same amount dating back to 1997, plus extra-contractual punitive damages, costs, fees and interest. (*See* Compl. at ¶¶ 27-28, and p. 8.)

Defendant denies that Plaintiff -- who has worked part-time as an internist since 2000 and has failed to seek full-time work in that capacity, and who did not file his disability claim until

December 2005 -- is disabled from his occupation.  Indeed, in his application for disability insurance (which is incorporated by reference into the Policy), Plaintiff identified his "occupation" as "Physician."  Accordingly, Defendant denies that it has breached any contractual duties under the Policy, and also denies that it has acted in bad faith in any way in refusing Plaintiff's claim for disability benefits.

The deadline for the completion of discovery in the case is February 29, 2008.  To date, the parties have exchanged initial disclosures and written discovery requests, and depositions are in progress.  The case has not yet been set for trial; the matter is scheduled for a Status Conference on October 3, 2008, at which time a trial date will be selected.  (*See* Dec. 20, 2007 Scheduling Order.)

As Plaintiff acknowledges in his Motion, (*see* Plaintiff's Br. at *1-*2), the parties agreed during the Rule 26(f) conference in August of 2007 that given the nature of Plaintiff's psychiatric disability claim, Plaintiff would submit to a psychiatric IME.  On November 15, 2007, defense counsel sent an e-mail to Plaintiff's counsel to "schedule your client's IME for either Friday Jan. 4 or Monday Jan. 8 at the offices of Dr. Neil Blumberg in Timonium, MD. *The IME will begin at 10 a.m. and include a 3 hour interview and 3 hours of testing.*"  *See* 11/15/07 e-mail from Stephen Otero, Esq. to Sarah Bagley, Esq. (emphasis added) (attached as part of Exh. 1).

On November 16, 2007, Plaintiff's counsel agreed in writing to the requested IME on January 4.  *See* 11/16/07 e-mail from Sarah Bagley, Esq. to Stephen Otero, Esq.. (attached as part of Exh. 1).  On November 20, 2007, Plaintiff's counsel confirmed in writing the agreement to the requested IME on January 4, 2008.  *See* 11/20/07 e-mail from Sarah Bagley, Esq. to Stephen Otero, Esq.. (attached as part of Exh. 1).  In accordance with the parties' agreement, on or about

November 20, 2007, defense counsel reserved six hours with Dr. Blumberg for the Plaintiff's IME on January 4, 2008.

On December 13, 2007, the parties submitted to the Court in anticipation of a Scheduling Conference the required Rule 16.3 Joint Statement, including a proposed discovery schedule reflecting that Plaintiff's IME would take place on January 4, 2008, and that the IME report would be disclosed eleven days later, on January 15, 2008. (*See* Dec. 13, 2007 Rule 16.3 Joint Statement of the Parties.)

On December 17, 2007, the parties appeared before the Court for the Scheduling Conference. The Scheduling Order entered by the Court following that conference adopts the parties' proposed discovery schedule, including the agreed-upon schedule for the January 4, 2008 IME and the January 15, 2008 IME report. (*See* Dec. 17, 2007 minute entry of Scheduling Conference and Dec. 20, 2007 Scheduling Order.)

Despite specific notice on November 15, 2007 that the IME would include a three-hour interview as well as three hours of testing, Plaintiff's counsel did not object to the testing component of the IME when it agreed to the requested IME on November 16 and again on November 20, or when the parties submitted their Rule 16.3 Joint Statement to the Court on December 13, 2007. In addition, Plaintiff did not object to the testing component of the IME, or raise any issues with regard to the IME, when given the opportunity to do so during the December 17, 2007 Scheduling Conference before the Court.

Rather, Plaintiff waited until December 31, 2007 – just three business days before the IME that had been scheduled for more than six weeks – to file his Motion for Protective Order seeking to preclude the testing component of the IME. Although the certificate of service on Plaintiff's Motion indicated that it was served electronically upon defense counsel in Richmond

when filed, it was never served by Plaintiff upon defense counsel in Richmond.  In fact, defense

counsel in Richmond was not aware of the Motion until January 3, 2008 – the day before the

Plaintiff's scheduled IME.[1]  Thus, because of Plaintiff's counsel last minute objection to the

testing component of the IME, Dr. Blumberg was unable to complete the IME as scheduled on

January 4, 2008, and three hours of time reserved on Dr. Blumberg's schedule for more than six

weeks was not used.

## ARGUMENT

The Federal Rules of Civil Procedure contemplate a broad scope of discovery in the

search for truth.  *See* Fed. R. Civ. P. 26(b); *see, e.g.*, *King v. Martin*, 345 F. Supp. 31 (E.D. Va.

1972).  Accordingly, Rule 26(c) requires that a party show "good cause" for the entry of a

protective order seeking to limit discovery.  *See* Fed. R. Civ. P. 26(c).

**I.      Plaintiff Has Failed to Carry His Burden of Proving Good Cause to Preclude Dr.
Blumberg from Completing the Psychiatric IME, as Previously Agreed Upon by the
Parties.**

Plaintiff's Motion should be denied for the simple reason that Plaintiff's counsel

previously agreed in writing to the testing to which it now objects.  As noted above, on

November 16 and again on November 20, 2007, Plaintiff's counsel agreed -- without objection

or reservation – to a January 4, 2008 IME of Plaintiff that entails a three hour interview *and*

*three hours of testing*.  *See* Exh. 1.  Plaintiff's counsel did not object to the testing at issue until

three business days before the scheduled psychiatric IME -- and six weeks after Defendant had

reserved time on Dr. Blumberg's busy schedule for a full, six-hour IME.  The Court should

neither permit nor condone Plaintiff's eleventh hour refusal to honor their prior agreement.

---

[1] Although Plaintiff's Motion was served electronically upon Tameka Collier of defense counsel's Washington, D.C.
office on December 31, 2007, the certificate of service incorrectly stated that Plaintiff had also electronically served
Richmond defense counsel on that date.  Accordingly, Ms. Collier had no reason to believe that she needed to
independently forward the filing to defense counsel in Richmond, who consequently did not learn of Plaintiff's
Motion until January 3, 2008.

Rather, it should enforce the prior agreement between counsel, deny Plaintiff's Motion, and award Defendant its costs and fees incurred in connection with Plaintiff's Motion.

Plaintiff's Motion should also be denied because Plaintiff has failed to carry his burden of demonstrating good cause for the protective order precluding the agreed upon psychological testing. In support of its Motion, Plaintiff offers only conclusory allegations that the contested psychological testing is "needlessly intrusive" and "nothing short of harassment and creates an undue burden on the Plaintiff." *See* Pl.'s Br. at *4-*5, *2. However, given the psychiatric nature of Plaintiff's alleged disability (PTSD), and the fact that Plaintiff seeks hundreds of thousands of dollars in compensatory damages, as well as extra-contractual and punitive damages, it is difficult to comprehend how a complete psychiatric IME in this case could be considered "needlessly intrusive" or "harassment" or an "undue burden" on Plaintiff. To the contrary, a complete psychiatric IME is essential to afford Defendant a fair opportunity to defend Plaintiff's claims.

In contrast to the bare assertions offered by Plaintiff, there is ample evidence in the record from which to conclude that Defendant has carried its burden of demonstrating why the psychological testing at issue should go forward. Federal Rule 35 authorizes IMEs where: 1) a party's medical condition is in controversy; 2) there is good cause for the examination; and 3) the time, place, manner, conditions and scope of the examination have been specified. *Grossie v. Fla. Marine Transporters, Inc.*, 2006 U.S. Dist. LEXIS 65805, *4 (W.D. La. 2006) (citing Fed. R. Civ. P. 35); *See also Jackson v. Entergy Operations, Inc.*, 1998 U.S. Dist. LEXIS 752, *1 (E.D. La. 1998). "Although Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie*, 2006 U.S. Dist.

LEXIS 65805 at *4-5 (citing *Jackson*, 1998 U.S. Dist. LEXIS 752 at *1); *See also Lahr v.*
*Fulbright & Jaworski, L.L.P.*, 1996 U.S. Dist. LEXIS 57, *3, n.1 (N.D.Tex. 1996); *Eckman v.*
*University of R.I.*, 1994 U.S. Dist. LEXIS 19866, *7 (D.R.I. 1995).  Accordingly, where a
plaintiff's claim has put his or her mental health in issue, numerous federal courts have required
psychiatric and/or psychological IMEs over the objection of the examinee.  *See e.g., Bovey v.*
*Mitsubishi Motor Mfg. of Am., Inc.,* 2002 U.S. Dist. LEXIS 5701 (C.D. Ill. 2002) (since
employee's alleged emotional distress damages from employment discrimination were major
component of her asserted damages, employee's mental health was placed in issue and employee
was required to submit to mental examination under Fed. R. Civ. P. 35(a) to permit employer to
rebut employee's mental health evidence, even though employee and employee's treating
psychiatrists, psychologists, and counselors were previously deposed); *Ragge v. MCA/Universal*,
1995 U.S. Dist. LEXIS 20669, *8 (C.D. Ca. 1995) (granting motion to compel independent
psychiatric evaluation and recognizing that "[b]ecause the mental examination provides one of
the few opportunities for a defendant to have access to a plaintiff, and the only opportunity for a
defendant to have a plaintiff examined by defendant's expert, some preference should be given to
allowing the examiner to exercise discretion in the manner and means by which the examination
is conducted."); *Jansen v. Packaging Corp. of Am*., 1994 U.S. Dist. LEXIS 16096 (N.D. Ill.
1994) (employment discrimination plaintiff placed her mental condition in issue and therefore
must submit to psychological examination where she claimed past and continuing emotional
distress due to alleged sexual harassment and retaliation by her former supervisor.); *Galieti v.*
*State Farm Mut. Auto. Ins. Co*., 1994 U.S. Dist. LEXIS 8835 (D. Co. 1994) (plaintiff who
alleged severe emotional distress from defendant's wrongful termination of his employment was
ordered to submit to unsupervised psychiatric examination); *see also Jackson*, 1998 U.S. Dist.

LEXIS 752, *1 (E.D. La. 1998) (employee could not avoid an independent psychiatric examination simply because she offered her own treating physicians' records as an alternative source of evidence).

In the present case, Defendant has satisfied all three of the requirements for a Rule 35 IME. First, the psychiatric nature of Plaintiff's claimed disability (PTSD) unquestionably puts Plaintiff's mental condition squarely in controversy. The fact that Plaintiff consented to a psychiatric IME, and has already submitted to half of the agreed upon IME, is an acknowledgement of this fact.

Second, there is ample evidence of good cause to require the psychological testing at issue to go forward. The prior agreement by Plaintiff's counsel that Plaintiff would submit to the testing is certainly sufficient to establish good cause.[2] So is the fact that the psychological testing at issue will provide evidence which is directly relevant to a central issue in Plaintiff's breach of contract and bad faith claims: whether Plaintiff is, in fact, totally disabled from his occupation due to his claimed PTSD. Indeed, if Plaintiff is not so disabled, then Defendant cannot possibly be liable for allegedly breaching the Policy. Dr. Blumberg's Declaration is also compelling evidence satisfying the good cause requirement of Rule 35. It establishes that he has performed more than 5,000 psychiatric IMEs in legal cases, that he has routinely administered the psychological tests at issue as part of those IMEs, that the testing at issue is critical to a complete psychiatric IME, that it entails nothing more than the completion of objective, standardized testing, and that he cannot recall a single case where the psychological testing at issue has been precluded, or where he was required to give the examinee advance notice of the tests to be administered, as Plaintiff has requested. *See* Exh. 2. In short, Dr. Blumberg's

---

[2] Indeed, that agreement is the only reason Defendant did not file a separate Motion for the Entry of a Rule 35 Order.

testimony establishes that there is nothing at all unnecessary, unusual or intrusive about the psychological testing at issue. For all of these reasons, there is ample evidence of good cause to require the psychological testing at issue to go forward.

Lastly, defense counsel's November 15, 2007 e-mail to Plaintiff's counsel requesting the psychiatric IME provided Plaintiff with sufficient notice of the time, place, manner, conditions and scope of the contemplated IME. *See* Exh. 1. Six weeks after that notice, Plaintiff belatedly took issue with the previously agreed upon scope of the IME. Regardless of the fact that Plaintiff's counsel should not be permitted to renege on their prior agreement, Dr. Blumberg's Declaration clarifies any questions Plaintiff has raised about the clinical need for the psychological testing at issue, and the fact that advance notice of those tests could compromise their results, as well as the results of the IME. *See* Exh. 2.

In sum, Plaintiff has failed to offer anything other than conclusory allegations to carry his burden of demonstrating good cause as to why Dr. Blumberg should be precluded from completing his psychiatric IME. In stark contrast, the record contains ample evidence establishing that Defendant has met its burden of demonstrating why the psychological testing at issue should go forward.

## II.    The Psychiatric IME is Highly Relevant and Entirely Appropriate, as the Evidence Regarding Plaintiff's Claims is Not Closed, as Plaintiff Suggests.

Plaintiff argues in his Brief that the psychiatric IME is irrelevant to his breach of contract claim, and that Defendant should be denied the opportunity to "defend its denial of Plaintiff's disability claim" by means of an "after the fact" psychiatric IME. *See* Pl.'s Br. at *2-*3. Plaintiff's argument could not be more far afield. Contrary to Plaintiff's suggestion, the evidence regarding his breach of contract and bad faith claims is neither closed nor limited to the administrative record, because Plaintiff has not plead an ERISA claim. *See infra* at § III.

Consequently, as noted above, the psychiatric IME at issue is highly relevant to one of the central issues in Plaintiff's breach of contract and bad faith claims:  whether Plaintiff is, in fact, totally disabled from his occupation due to his claimed PTSD.  Thus, put in its proper context, Plaintiff's argument that the psychiatric IME is irrelevant is nothing more than a red herring.

**III.    This Case is *Not* Governed by ERISA, and Even If it Were, This Court's Review Would Not Be Confined to the Administrative Record.**

Plaintiff also contends that this case is governed by ERISA, and therefore, the fact finder's review is limited to the administrative record -- to the exclusion of outside discovery such as the psychiatric IME.  *See* Pl.'s Br. at *3-*4.  This argument is unpersuasive for at least two reasons.  First and foremost, Plaintiff did not plead this case under ERISA; indeed, as noted above, Plaintiff does not even mention ERISA anywhere in his Complaint.  *See* Compl.  To the contrary, as plead, Plaintiff's lawsuit seeks remedies that are definitively <u>not</u> available under ERISA, such as a bad faith breach of contract claim, and a claim to extra-contractual and punitive damages.  *See* Compl.  Because Plaintiff has not plead an ERISA cause of action, and seeks remedies unavailable under ERISA, he cannot credibly maintain that ERISA somehow precludes the psychiatric IME sought by Defendant.

Moreover, even if this case were governed by ERISA -- a complicated issue which need not be fully addressed unless and until Plaintiff's Complaint is re-plead -- the Plaintiff's psychiatric IME would be entirely permissible, because the Policy at issue contains language that requires a *de novo* standard of review.

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948, 956-57 (1989), the Supreme Court held that a denial of benefits challenged under ERISA § 1132(a)(1)(B) is to be reviewed under a *de novo* standard -- not under the more deferential arbitrary and capricious standard -- "unless the benefit plan gives the administrator or fiduciary

discretionary authority to determine eligibility for benefits or to construe the terms of the plan."

At best, the only possible grant of discretionary authority in the Policy at issue is the phrase

"[y]ou must present satisfactory proof of your loss."  Under District of Columbia law, however,

the requirement that an insured present "proof of disability" does not confer discretionary

authority upon a plan administrator.

 In *Fitts v. Federal Nat'l Mortg. Ass'n*, 236 F.3d 1, 5 (D.C. Cir. 2001), the D.C. Circuit

rejected the argument that a disability "policy requir[ing] the insured to submit proof of

disability" is subject to the more deferential arbitrary and capricious standard of review espoused

by Plaintiff in this case.  The Circuit Court stated in *Fitts* that since "the insurer's argument

would effectively circumvent the Supreme Court's decision [in *Firestone*], we cannot accept it."

*Id*.  The court further recognized that "[m]ost circuits that have considered the issue have

concluded that the mere requirement of proof of eligibility does not confer discretion upon an

administrator."  *Id.* at 5, n.3 (citing *Herzberger v. Standard Ins. Co*., 205 F.3d 327, 332 (7th Cir.

2000) ("That the plan administrator will not pay benefits until he receives satisfactory proof of

entitlement … states the obvious, echoing standard language in insurance contracts not thought

to confer any discretionary powers on the insurer."); see *also Feder v. Paul Revere Life Ins. Co*.,

228 F.3d 518, 524 (4th Cir. 2000); *Kinstler v. First Reliance Standard Life Ins. Co*., 181 F.3d

243, 252 (2d Cir. 1999); *Kearney v. Standard Ins. Co*., 175 F.3d 1084, 1089-90 (9th Cir. 1999)

(en banc).  As in *Fitts,* the requirement in the Policy at issue that Plaintiff present "satisfactory

proof of [his] loss" requires a *de novo* standard of review.

 Furthermore, District of Columbia courts have recognized and followed case law from

other jurisdictions which provides that parties are allowed "to take discovery and present new

evidence in ERISA cases subject to *de novo* judicial decisions . . . ."  *Doe v. Mamsi Life &*

*Health Ins. Co.*, 448 F. Supp. 2d 179, 183 (D.D.C. 2006) (quoting *Perlman v Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 982 (7th Cir. 1999)); *Hunter v. Metro. Life Ins. Co.*, 2002 U.S. Dist. LEXIS 26615, *4 (D.D.C. 2002) (quoting same). Thus, even if this case were governed by ERISA, which it is not, the court would necessarily apply a *de novo* standard of review, thereby allowing for the psychiatric IME sought by Defendant.

## CONCLUSION

The eleventh hour refusal by Plaintiff's counsel to honor their prior agreement regarding the IME should not be condoned. This is especially true in a case such as the one at bar, where Plaintiff claims that a psychiatric condition has totally disabled him from his occupation, where an eminently well-qualified psychiatrist has independently determined that the testing at issue is necessary for him to complete a full psychiatric evaluation of Plaintiff, and where Plaintiff has utterly failed to carry his burden of demonstrating that there is anything at all unusual, harassing or intrusive about the testing at issue.

For these reasons, and the other reasons stated above, Defendant asks that the Court enter an Order that: 1) denies Plaintiff's Motion for Protective Order; 2) requires Plaintiff to submit to the psychological testing at issue by a date certain; 3) requires Plaintiff to reimburse Defendant for its costs and fees incurred as a result of Plaintiff's Motion, including but not limited to the costs and fees associated with the rescheduling of the psychological testing of Plaintiff with Dr. Blumberg; and 4) awards Defendant such other relief as the Court deems appropriate.

Respectfully submitted,


PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY

/s/ Tameka M. Collier
Tameka M. Collier, D.C. Bar No. 488979
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134
(202) 274-2950
FAX (202) 274-2994
tameka.collier@troutmansanders.com

/s/ Stephen D. Otero
David E. Constine, III, VSB No. 23223
Stephen D. Otero, VSB No. 38752
A. Tevis Marshall, VSB No. 68401
TROUTMAN SANDERS LLP
1001 Haxall Point
P. O. Box 1122
Richmond, Virginia  23218-1122
(804) 697-1200
FAX (804) 697-1339
steve.otero@troutmansanders.com


Counsel to Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of January, 2008, I caused the foregoing Opposition to Plaintiff's Motion for Protective Order to Limit IME, as well as a proposed order, to be served electronically on the following:

J. Michael Hannon, Esq.
Sarah R. Bagley, Esq.
Hannon Law Group
1901 18th Street, N.W.
Washington, DC  20009

Counsel for Plaintiff

/s/ Tameka M. Collier

**Otero, Steve**

| | |
|---|---|
| **From:** | Sarah Bagley [sbagley@hannonlawgroup.com] |
| **Sent:** | Tuesday, November 20, 2007 12:19 PM |
| **To:** | Otero, Steve |
| **Subject:** | RE: Doe v. Unum |

*\* Doe*

Yes, ▓▓▓▓▓ is available January 4th for the IME.

Here is where I currently am with the deposition scheduling -

| | | |
|---|---|---|
| Wednesday | December 12th – 2:00 PM | *\* Doe* ▓▓▓▓▓ |
| Thursday | December 13th – 9:00 AM | Vic Lemas (awaiting confirmation but should work) |
| Thursday | December 13th – 3:30 PM | Tom Gilmore, MD (he is not available until 3:30) |
| Mon or Wed | Dec. 17 or Dec 19 before 4:00 PM | Dr. Neufeld (She is unavailable completely on the 13th and most of 14th) |

Thanks,
Sarah

---

**From:** Otero, Steve [mailto:steve.otero@troutmansanders.com]
**Sent:** Tuesday, November 20, 2007 12:17 PM
**To:** Sarah Bagley
**Subject:** RE: Doe v. Unum

Sarah - do we have confirmation of this IME date (1/4/08) from *\* Doe* ▓▓▓▓▓?

Many thanks

**Stephen D. Otero, Esq.** | Troutman Sanders LLP | 1001 Haxall Point, P.O. Box 1122 | Richmond, VA 23218-1122 | direct: (804)697-1236 | fax: (804)698-5117 | steve.otero@troutmansanders.com | www.troutmansanders.com

*This message may be protected by the attorney-client privilege and/or work product doctrine. If you believe that this message has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error and then delete it. Thank you.*

-----Original Message-----
**From:** Sarah Bagley [mailto:sbagley@hannonlawgroup.com]
**Sent:** Friday, November 16, 2007 4:16 PM
**To:** Otero, Steve
**Subject:** RE: Doe v. Unum

*\* Doe* ▓▓▓▓▓ has indicated that Jan 4 looks good at the moment but he asked that we wait to confirm this until Monday.

Thanks, Have a nice weekend.
Sarah

---

**From:** Otero, Steve [mailto:steve.otero@troutmansanders.com]
**Sent:** Friday, November 16, 2007 1:22 PM
**To:** Sarah Bagley
**Subject:** RE: Doe v. Unum

Thanks        **\*** Redacted to preserve plaintiff's anonymity.

<div style="border:2px solid black; display:inline-block; padding:4px;">

**EXHIBIT**

tabbies®   1

</div>

1/3/2008

**Stephen D. Otero, Esq.** | Troutman Sanders LLP | 1001 Haxall Point, P.O. Box 1122 | Richmond, VA 23218-1122 | direct: (804)697-1236 | fax: (804)698-5117 | steve.otero@troutmansanders.com | www.troutmansanders.com

*This message may be protected by the attorney-client privilege and/or work product doctrine. If you believe that this message has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error and then delete it. Thank you.*

-----Original Message-----
**From:** Sarah Bagley [mailto:sbagley@hannonlawgroup.com]
**Sent:** Friday, November 16, 2007 12:34 PM
**To:** Otero, Steve
**Subject:** RE: Doe v. Unum

Hello,

I've forwarded these requests to our client. I'll let you know what I find out.

Thanks,
Sarah

---

**From:** Otero, Steve [mailto:steve.otero@troutmansanders.com]
**Sent:** Thursday, November 15, 2007 5:30 PM
**To:** Sarah Bagley
**Cc:** Constine, David E.; Marshall, A. Tevis
**Subject:** Doe v. Unum

Sarah,

We'd like to schedule your client's IME for either Friday Jan. 4 or Monday Jan. 8 at the offices of Dr. Neil Blumberg in Timonium, MD. The IME will begin at 10 a.m. and include a 3 hour interview and 3 hours of testing. Please let me which of these days is preferable to your client as soon as possible, so that we can confirm the appointment.

Many thanks

**Stephen D. Otero, Esq.** | Troutman Sanders LLP | 1001 Haxall Point, P.O. Box 1122 | Richmond, VA 23218-1122 | direct: (804)697-1236 | fax: (804)698-5117 | steve.otero@troutmansanders.com | www.troutmansanders.com

*This message may be protected by the attorney-client privilege and/or work product doctrine. If you believe that this message has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error and then delete it. Thank you.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN DOE, M.D.,    )
   Plaintiff,    )
         )
v.         )  Case No. 1:07cv00633 (HHK) (AK)
         )
PROVIDENT LIFE & ACCIDENT )
INSURANCE COMPANY,   )
         )
   Defendant.    )

## DECLARATION OF NEIL H. BLUMBERG, M.D.

I, Neil H. Blumberg, M.D., pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am a 1977 graduate of the George Washington School of Medicine. I have been Board-Certified in psychiatry since 1983, and after completing a fellowship in forensic psychiatry, I have been Board-Certified in forensic psychiatry since 1986. I have had an active psychiatric practice in the Baltimore/Washington, D.C. metropolitan area for over 20 years, and currently practice from 30 East Padonia Road, Suite 206, Timonium, Maryland, 21093. I am currently licensed to practice medicine in Maryland, Virginia, Pennsylvania, Georgia and Florida. I have a particular professional interest in Posttraumatic Stress Disorder, and over the course of my career, I have not only treated many patients for PTSD, but also authored peer-reviewed publications on PTSD and PTSD-related topics and offered expert witness testimony in both civil and criminal cases involving PTSD. My curriculum vitae is attached.

2.  A significant part of my practice involves serving as an expert witness in psychiatry in civil and criminal matters pending before both federal and state courts. In that capacity, I have conducted more than 5,000 psychiatric IMEs in legal cases in my career, including hundreds in civil cases, and many in federal courts. I have been privately retained as a

EXHIBIT

tabbies

2

court's expert in many jurisdictions, including but not limited to the United States District Courts in Maryland and the Eastern District of Virginia.

3.      For many years, my standard protocol for psychiatric IMEs has included an interview of the evaluee that usually takes approximately three hours along with administering a variety of psychological tests that usually takes another three hours. The latter component of the IME entails the patient completing objective, standardized, psychological tests in my office that have been used for many years by mental health professionals to help diagnose various mental health disorders, including PTSD. In my professional judgment, these psychological tests are critical to a complete psychiatric IME because they capture objective data that is not typically gathered in an interview of the patient, and allows for comparison of these objective data with that of similar patient populations.

4.      It has also been my practice for many years not to disclose to patients in advance which psychological tests will be administered as part of an IME. This has been my practice because in my professional judgment, advance notice of the psychological tests to be administered could compromise the results of those tests by allowing patients the opportunity to prepare for them. This is especially true in this case, where the plaintiff is himself a medical doctor, and presumably familiar with the diagnostic criteria of his claimed condition.

5.      I cannot recall a case where a court has either disallowed the psychological testing component of my standard psychiatric IME protocol or required that the patient be provided with advance notice of which psychological tests I intend to administer as part of an IME.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of January, 2008.

Neil H. Blumberg, M.D.

# CURRICULUM VITAE
January, 2008

**NAME:**            Neil Howard Blumberg, M. D.

**OFFICE:**          30 East Padonia Road - Suite 206
                     Timonium, Maryland  21093
                     Telephone: (410) 561-1156
                     Fax: (410) 683-0332
                     e-mail: neilblumbergmd@aol.com

**LICENSURE:**       State of Maryland (D22343) - 1978
                     Commonwealth of Pennsylvania (MD-069574-L) - 1999
                     Commonwealth of Virginia (0101222870) - 1999
                     State of Georgia (48599) - 2000
                     State of Florida (ME81518) - 2000

**CERTIFICATION:**   Diplomate, The National Board of Medical Examiners
                       (180948) - 1978
                     Diplomate, The American Board of Psychiatry and
                       Neurology (24698) - 1983
                     Diplomate, The American Board of Forensic Psychiatry
                       (184) - 1986

**TEACHING APPOINTMENT:**    University of Maryland School of Medicine, Institute of Psychiatry
                             and Human Behavior - Baltimore, Maryland

                             Clinical Assistant Professor in Psychiatry -

                             Forensic Psychiatry Faculty

                             Duties include Clinical Supervision of Fellows,
                             Residents and Medical Students and Lecturing to
                             Fellows, Residents and Medical Students

**PROFESSIONAL WORK EXPERIENCE:**

January, 2000 – January, 2003    Forensic Psychiatric Consultant to Circuit and District Courts of Baltimore
                                 County, Office of Forensic Services, Department of Health and Mental
                                 Hygiene, State of Maryland

                                 Duties Include:
                                 • Pretrial Screening Services for Competency and Criminal Responsibility to
                                   the Circuit and District Courts of Baltimore County
                                 • Presentence Services to the District Court of Baltimore County

July, 1996 - July, 1997          Psychiatric Consultant - Medical Office of Circuit Court for Baltimore City

Page Two

<u>CURRICULUM VITAE</u> (Continued)
Neil Blumberg, M. D.

**PROFESSIONAL WORK EXPERIENCE (Continued):**

| | |
|---|---|
| January, 1996 - July, 1999 | Director of Forensic Evaluation - Spring Grove Hospital Center - Catonsville, Maryland |

Duties Included:
- Supervision of All Inpatient/Outpatient Evaluations of Competency to Stand Trial and Criminal Responsibility
- Consult on All Proposed NCR Conditional Releases
- Consult on Civilly Committed Patients
- In-Service Training on Forensic Issues
- Clinical Case Consultations

July, 1981 - Present        Private Practice of General and Forensic Psychiatry, Including:

<u>General Psychiatry</u>
- Adult Outpatient Individual Psychotherapy
- Psychotropic Medicine Management
- Outpatient Consultation

<u>Forensic Psychiatry - Criminal Issues</u>
- Competency to Stand Trial
- Criminal Responsibility/Insanity
- Intoxication
- Mens Rea
- Diminished Capacity
- Pre-Sentence Evaluations
- Capital Sentencing
- Waiver of Miranda
- Voluntariness of Confessions
- Competency to be a Witness
- Dangerousness
- Battered Spouse/Woman Syndrome
- Juvenile Transfer of Jurisdiction

<u>Forensic Psychiatry - Civil Issues</u>
- Personal Injury
- Workers' Compensation
- Malpractice
- Competency/Guardianship
- Sexual Harassment
- Age, Race and Sex Discrimination
- Parental Fitness
- Disability
- Fitness for Duty
- Civil Commitment
- Psychiatric Autopsy

September, 1983 - June, 1984   Director of Forensic Evaluation - Clifton T. Perkins Hospital Center - Jessup, Maryland

July, 1981 - September, 1983   Staff Psychiatrist - Clifton T. Perkins Hospital Center - Jessup, Maryland

CURRICULUM VITAE (Continued)
Neil Blumberg, M. D.


Retained as an Expert in General and Forensic Psychiatry by the following offices:

Criminal Defense Agencies:

      Maryland Office of the Public Defender
      Public Defender Service for the District of Columbia
      Public Defender Service for Alexandria, Virginia
      Office of the Federal Public Defender, Baltimore, Maryland; Washington, District of Columbia; Wilmington, Delaware; District of New Jersey and Eastern District of Virginia
      NAACP Legal Defense Fund
      Office of the Public Defender, Camden and Essex Counties, New Jersey;
      Office of the Public Defender, Cumberland, Dauphin, Huntingdon, Lancaster, Snyder, Tioga, Union and York Counties, Pennsylvania
      Office of the Public Defender, DeKalb County, Georgia
      Office of the Public Defender, Fairfax County, Virginia
      Defender Association of Philadelphia, Federal Court Division, Capital Habeas Corpus Unit
      Center for Legal Education, Advocacy and Defense Assistance (L.E.A.D.A.)
      Center for Death Penalty Litigation, Inc., Durham, North Carolina
      New Hampshire Office of the Public Defender
      State of Florida, Office of the Public Defender, 15th Judicial Circuit, Palm Beach County
      Connecticut Office of the Public Defender

Criminal Prosecution Agencies:

      Office of the States Attorney for Baltimore County, Carroll, Montgomery, Prince George's and Worcester Counties, Maryland
      Office of the United States Attorney for the District of Columbia (U.S. District Court and Superior Court of the District of Columbia)
      Office of the United States Attorney for the District of Maryland
      Office of the Attorney General for the State of New Jersey
      Office of the Prosecutor for Burlington and Camden Counties, New Jersey
      Office of the Prosecutor for Baltimore City, Maryland
      Office of the District Attorney for Bedford, Cumberland, Dauphin, Huntingdon, Lancaster, Mifflin and Northumberland Counties, Pennsylvania

Page Four

<u>CURRICULUM VITAE</u> (Continued)
Neil Blumberg, M. D.


<u>Civil Agencies:</u>
      Office of Law, Prince George's County, Maryland
      Office of Law, Anne Arundel County, Maryland
      Office of County Attorney for Baltimore County and Carroll County, Maryland
      Department of Social Services, Carroll and Harford Counties, Maryland
      Office of Personnel, Howard County, Maryland
      Baltimore County Public Schools
      Subsequent Injury Fund
      Office of Bar Counsel, Washington, D.C.
      Attorney Grievance Commission of Maryland
      Department of Law, City of Baltimore
      Maryland Commission on Judicial Disabilities
      United States Department of Justice, Office of the United States Attorney, District of Columbia
      Maryland Board of Physicians (formerly Board of Physician Quality Assurance)
      Offices of the Attorney General for Maryland

<u>Courts' Witness:</u>
      United States District Courts for District of Maryland, Northern District, Baltimore, Maryland and Southern District, Greenbelt, Maryland
      United States District Court for Eastern District of Virginia
      Superior Court of the District of Columbia
      Circuit Courts for Baltimore County, Carroll, Harford and Prince George's Counties, Maryland
      District Courts for Baltimore County and Howard County, Maryland
      Courts of Common Pleas for Cumberland and York Counties, Pennsylvania

<u>CURRICULUM VITAE</u> (Continued)

Neil Blumberg, M. D.


<u>Qualified as an Expert in General and Forensic Psychiatry in</u>:

      All Circuit Courts of Maryland
      Superior Court of the District of Columbia
      Superior Court of Dekalb County, Georgia
      United States District Court for Wilmington, Delaware
      United States District Court for District of Columbia
      United States District Court for Northern District Illinois, Eastern Division
      United States District Courts for Baltimore and Greenbelt, Maryland
      United States District Court for Western District, North Carolina
      United States District Courts for Middle District and Eastern District of Pennsylvania
      United States District Court for Eastern District of Virginia
      Pennsylvania Court of Common Pleas for Berks County
      Pennsylvania Court of Common Pleas for Franklin County
      Pennsylvania Court of Common Pleas for Fulton County
      Pennsylvania Court of Common Pleas for Lancaster County
      Pennsylvania Court of Common Pleas for Lehigh County
      Pennsylvania Court of Common Pleas for Mifflin County
      Pennsylvania Court of Common Pleas for Northumberland County
      Pennsylvania Court of Common Pleas for Philadelphia County
      Pennsylvania Court of Common Pleas for Snyder County
      Pennsylvania Court of Common Pleas for Tioga County
      Pennsylvania Court of Common Pleas for Union County
      Pennsylvania Court of Common Pleas for Westmoreland County
      Pennsylvania Court of Common Pleas for York County
      Superior Court of Burlington County, New Jersey
      Superior Court of Camden County, New Jersey
      Circuit Court of Alexandria, Virginia
      Circuit Court of Arlington County, Virginia
      Circuit Court of Fairfax County, Virginia
      Circuit Court of Chesapeake, Virginia
      Circuit Court of Kanawha County, West Virginia
      Naval and Marine Corps Trial Judiciary – Mid-Atlantic Circuit

Page Six

<u>CURRICULUM VITAE</u> (Continued)
Neil Blumberg, M. D.

## ACADEMIC HISTORY:

| | |
|---|---|
| 1965 -<br>June, 1969 | Columbia High School - Maplewood, New Jersey<br><u>Graduated</u> |
| September, 1969 -<br>May, 1973 | Emory University - Atlanta, Georgia<br><u>Bachelor of Arts</u><br>      Highest Honors in Psychology<br>      Member, Phi Beta Kappa |
| September, 1973 -<br>May, 1977 | George Washington University Medical School - Washington, D.C.<br><u>Doctor of Medicine</u> |
| 1975 | Summer Research Fellowship from George Washington University Medical School to work at the National Institutes of Mental Health under Doctors Frederick Goodwin and Philip Gold |
| July, 1977 -<br>July, 1980 | Sheppard and Enoch Pratt Hospital - Towson, Maryland<br><u>Psychiatry Residency</u> |
| July, 1980 -<br>July, 1981 | University of Maryland Hospital, University of Maryland School of Medicine, Institute of Psychiatry and Human Behavior - Baltimore, Maryland<br><u>Fellow in Forensic Psychiatry</u> |
| July, 1981 -<br>July, 1991 | University of Maryland School of Medicine, Institute of Psychiatry and Human Behavior - Baltimore, Maryland<br><u>Clinical Instructor in Psychiatry</u> |
| July 1991 - Present | University of Maryland School of Medicine, Institute of Psychiatry and Human Behavior - Baltimore, Maryland<br><u>Clinical Assistant Professor in Psychiatry</u> |

## ACADEMIC, COMMUNITY, PROFESSIONAL ACTIVITIES:

Member, Admissions Committee - October, 1992 - July, 1999
    University of Maryland School of Medicine
FORENSIC REPORTS
    Member, Editorial Board, 1987-1992
HOSPITAL AND COMMUNITY PSYCHIATRY
    Reviewer, 1993-2000
Physician Volunteer, Disaster Mental Health Volunteer Corps, Maryland Department of Health and Mental Hygiene, January 21, 2005-Present

Page Seven

CURRICULUM VITAE (Continued)
Neil Blumberg, M. D.

**PROFESSIONAL MEMBERSHIPS:**

Baltimore County Medical Association - 1979-1998

Medical and Chirurgical Faculty of the State of Maryland - 1979-1998

American Psychiatric Association - 1978-Present
Fellow, January, 2003
Member, Peer Review Committee - 1983-1987

Maryland Psychiatric Society - 1978-Present
Member, Legislation Committee - 1981-1982
Member, Disaster Psychiatry Committee – 2003-Present

The American Academy of Psychiatry and The Law - 1980-Present
Member, Criminal Behavior Committee - 1987-1989
Member, Public Information Committee - 1987-1989

**PUBLICATIONS:**

Blumberg, N. and Nowicki, S.,
The Role of Locus of Control of Reinforcement in Interpersonal Attraction, Journal of Research in Personality, 9:48-56, 1975.

Blumberg, N.,
Arson Update: A Review of the Literature on Firesetting, Bulletin of The American Academy of Psychiatry and The Law, 9(4):255-265, 1981.

Blumberg, N.,
Book Review, "Issues in Forensic Psychiatry: Insanity Defense, Hospitalization of Adults, Model Civil Commitment Law, Sentencing Process, Child Custody Consultation". The American Psychiatry Association, Washington, D.C., APA Press, 1984. 257 pp. Bulletin of The American Academy of Psychiatry and The Law, 16(4):381, 1988.

Blumberg, N.,
Book Chapter, "The Role of the Psychiatrist Expert: How To Work With Lawyers". Chapter in Simon, R. (ed.): Review of Clinical Psychiatry and the Law, Vol. 2, American Psychiatric Press, Inc., Washington, D.C., 1991.

Blumberg, N.,
Letter to the Editor, "The Battered Woman Syndrome", The American Journal of Psychiatry. 149(5):714-715, 1992.

Blumberg, N.,
Book Review, Adult Children of Divorce by Edward W. Beal, M.D. and Gloria Hochman, Academic Psychiatry, 16:111, 1992.

Blumberg, N.,
Book Review, "Essential Papers on Posttraumatic Stress Disorder". The Journal of the American Academy of Psychiatry and Law, 28(3):376, 2000.

CURRICULUM VITAE (Continued)
Neil Blumberg, M. D.

**PRESENTATIONS:**

Grand Rounds, Institute of Psychiatry and Human Behavior, University of Maryland School of Medicine, "Workmen's Compensation", April 24, 1981.

Lecture, Towson State Mental Health Center, "The Clinical Prediction of Violence", December 9, 1981.

Lecture, Clifton T. Perkins Hospital Center, "Arson Update", February 22, 1982.

Lecture, Towson State Counseling Center, "The Clinical Prediction of Violence", May 13, 1982.

Lecture, Franklin Square Hospital, "The Clinical Prediction of Violence", May 27, 1982.

Lecture, Clifton T. Perkins Hospital Center, "The Neurological Basis of Antisocial Behavior", November 1, 1983.

Discussant, Maryland Office of the Public Defender, "Psychiatric Evaluation in Death Penalty Cases", May 19, 1983.

Lecture, Mid-Winter Meeting of the Maryland State Bar Association, Acapulco, Mexico, "Psychiatric Trauma Cases in the Courtroom", February 4, 1984.

Lecture, Springfield Hospital Center, "The Psychiatric Evaluation of Not Guilty by Reason of Insanity Patients for Dorsey Hearings", February 23, 1984.

Symposium, University of Maryland School of Medicine, "Personal Injury Litigation: A Mock Trial". Expert Psychiatric Witness for the Plaintiff, May 18, 1984.

Lecture, Office of the United States Attorney for the District of Columbia, "Competency to Stand Trial", July 11, 1984.

Lecture, Office of the United States Attorney for the District of Columbia, "Evaluation of Criminal Responsibility", October 24, 1984.

Expert Witness, Trial Advocacy Program, Maryland Institute for Continuing Professional Education of Lawyers, Inc., May 22, 1985.

Lecture, Conference "Culture Ethnicity and Mental Health Within the Jail Setting", Sponsored by the Black Mental Health Alliance, "Assessment of Mental Illness in the Jail Setting", May 23, 1985.

Expert Witness, Trial Advocacy Program, Maryland Institute for Continuing Professional Education of Lawyers, Inc., May 21, 1986.

Workshop, Women's Bar Association, Montgomery County Chapter, "Expert Witnesses", February 12, 1987.

Lecture, The American University School of Justice, "The Psychodynamics of Criminal Behavior", March 25, 1987.

Lecture, Office of the Public Defender for Montgomery County, "Post-traumatic Stress Disorder in Victims of Rape", April 24, 1987.

Expert Witness, Trial Advocacy Program, Maryland Institute for Continuing Professional Education of Lawyers, Inc., May 20, 1987.

<u>CURRICULUM VITAE</u> (Continued)
Neil Blumberg, M. D.

**PRESENTATIONS:** (Continued)

Lecture, Office of the States Attorney for Montgomery County, "Post-traumatic Stress Disorder in Victims of Rape", May 20, 1987.

Lecture, 1987 Litigation Seminar sponsored by Law Office of O'Malley, Miles and Harrell, "Post-traumatic Stress Disorder in Civil Litigation", June 5, 1987.

Discussant, Maryland Association of County Civil Attorneys, Summer Symposium, "The Use and Abuse of Expert Witnesses", August 21, 1987.

Lecture, Conference, Medical and Legal Issues in Psychiatry and Psychology, Spring Grove Hospital Center, "Psychiatric Evaluation of Criminal Defendants: Competency and Criminal Responsibility", November 6, 1987.

Lecture, Georgetown University Law Center, "Forensic Psychiatry", November 10, 1987.

Lecture, Maryland Association of Private Practicing Psychiatrists, "Providing Psychiatric Testimony", December 3, 1987.

Expert Witness, Trial Advocacy Program, Maryland Institute for Continuing Professional Education of Lawyers, Inc., May 18, 1988.

Lecture, Brown-Bag Luncheon for the D.C. Bar Association, "Psychiatric Evaluation in Capital Cases", December 7, 1988.

Lecture, The American University, "Insanity Defense", March 29, 1989.

Lecture, University of Maryland Forensic Fellowship Program, "Malpractice", August 9, 1989.

Lecture, Department of Social Services, Harford County, Maryland, "Psychiatric Interview and Diagnosis of Personality Disorders", September 26, 1989.

Lecture, University of Maryland Forensic Fellowship Program, "Expert Testimony", October 11, 1989.

Lecture, Law Offices of Semmes, Bowen and Semmes, "Working with Psychiatrists", October 12, 1989.

Lecture, University of Maryland Forensic Fellowship Program, "Assessing Specific Intent", May 9, 1990.

Lecture, University of Maryland Baltimore County (UMBC), "Psychiatric Malpractice", May 14, 1990.

Expert Witness, Trial Advocacy Program, Maryland Institute for Continuing Professional Education of Lawyers, Inc., May 23, 1990.

Lecture, University of Maryland Forensic Fellowship Program, "Providing Psychiatric Testimony", October 10, 1990.

Lecture, Grand Rounds, Spring Grove Hospital Center, "The Psychiatric Assessment of Competency and Criminal Responsibility", October 18, 1990.

Mock Trial - "Not Guilty by Reason of Insanity", Eighth Annual Conference of Organization of Forensic Social Work, May 1, 1991.

<u>CURRICULUM VITAE</u> (Continued)
Neil Blumberg, M. D.

**PRESENTATIONS:** (Continued)

Expert Witness, Trial Advocacy Program, Maryland Institute for Continuing Professional Education of Lawyers, Inc., May 22, 1991.

Panel Discussant, "Psychiatric Evidence in Criminal Cases: The New (and not-new) Syndromes", 16th Annual Judicial Conference of the District of Columbia, June 14, 1991.

Lecture, "Safety in Forensic Psychiatry", Task Force on Clinician Safety, American Psychiatric Association, Fall Component Meetings, Washington, D.C., September 11, 1991.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, September 20, 1991.

Lecture, "Providing Psychiatric Testimony", University of Maryland Forensic Fellowship Program, October 25, 1991.

Lecture, "Providing Psychiatric Testimony and Mock Trial", University of Maryland Psychiatry Fellowship Program, October 23, 1992.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, November 13, 1992.

Lecture, "Arson Update", Clifton T. Perkins Hospital Center, March 2, 1993.

Case Presentation, "Anabolic Steroids and the Insanity Defense", Medical Office for the Circuit Court for Baltimore City, March 18, 1993.

Lecture, "Mental Status Examinations and Police Reports", Metropolitan Police Department, Criminal Investigation Division Seminar, Washington, May 4, 1993.

Lecture, "Psychiatric Malpractice", University of Maryland, Baltimore County, Catonsville, Maryland, May 11, 1993.

Lecture, "Providing Psychiatric Testimony", University of Maryland Forensic Fellowship Program, September 10, 1993.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, November 5, 1993.

Lecture, "Assessment of the Suicidal Patient", University of Maryland Emergency Medicine Grand Rounds, April 20, 1994.

Expert Witness, Trial Advocacy Program, Maryland Institute for Continuing Professional Education of Lawyers, Inc., May 18, 1994.

Lecture, "Providing Psychiatric Testimony", University of Maryland Forensic Fellowship Program, September 23, 1994.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, December 2, 1994.

Guest Participant, "Direct and Cross -- Fact and Expert Witness", The William B. Bryant American Inn of Courts, Washington, D.C., January 10, 1995.

Expert Witness, Trial Advocacy Program, Maryland Institute for Continuing Professional Education of Lawyers, Inc., May 17, 1995.

<u>CURRICULUM VITAE</u> (Continued)
Neil Blumberg, M. D.

**PRESENTATIONS:** (Continued)

Lecture, "Providing Psychiatric Testimony", University of Maryland Forensic Fellowship Program, September 22, 1995.

Lecture, "Risk Assessment in Violent Patients", Baltimore County Bureau of Mental Health, National Center for Human Development, Sheppard and Enoch Pratt Hospital, November 29, 1995.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, December 1, 1995.

Lecture, "Risk Assessment in Violent Patients", Baltimore County Bureau of Mental Health, National Center for Human Development, Sheppard and Enoch Pratt Hospital, March 7, 1996.

Grand Rounds, "Surviving Civil Commitment and Dorsey Hearings", Spring Grove Hospital Center, April 18, 1996.

Expert Witness, Trial Advocacy Program, Maryland Institute for Continuing Professional Education of Lawyers, Inc., May 22, 1996.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, September 13, 1996.

Lecture, "The Non-Insanity Defense", Maryland Criminal Defense Attorney Association, Baltimore, Maryland, October 2, 1996.

Lecture, "Providing Psychiatric Testimony", University of Maryland Forensic Fellowship Program, November 1, 1996.

Lecture, "The Assessment of Competency to Stand Trial and Criminal Responsibility", In-Service Training, Spring Grove Hospital Center, January 22, 1997.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, September 19, 1997.

Lecture, "Forensic Psychiatry", Criminal Justice Clinic, Georgetown University School of Law, Washington, D.C., October 13, 1997.

Lecture, "Personal Injury Evaluations", University of Maryland Forensic Fellowship Program, October 16, 1997.

Lecture, "Forensic Psychiatry and Providing Psychiatric Testimony", University of Maryland Forensic Fellowship Program, October 31, 1997.

Lecture, "Workers' Compensation Evaluations", University of Maryland Forensic Fellowship Program, November 24, 1997.

Lecture, "Psychiatric Disability Evaluations", University of Maryland Forensic Fellowship Program, December 22, 1997.

Lecture, "Private Practice of Forensic Psychiatry and Specific Intent in Criminal Cases", University of Maryland Forensic Fellowship Program, January 14, 1998.

Lecture, "Harassment, Discrimination and Other E.E.O.C. Complaints", University of Maryland Forensic Fellowship Program, March 5, 1998.

Page Twelve

CURRICULUM VITAE (Continued)
Neil Blumberg, M. D.

**PRESENTATIONS:** (Continued)

Lecture, "Consulting with a Forensic Psychiatrist", Office of Public Defender for Montgomery County, March 25, 1998.

Lecture, "Competency to Stand Trial", April Social Work Seminar, Spring Grove Hospital Center, April 2, 1998.

Lecture, "The Forensic Psychiatric Evaluation in Capital Sentencing Cases", University of Maryland Forensic Fellowship Program, April 23, 1998.

Expert Witness, Trial Advocacy Program, Maryland Institute for Continuing Professional Education of Lawyers, Inc., May 20, 1998.

Lecture, "The Forensic Psychiatric Evaluation in Civil Litigation", University of Maryland Forensic Fellowship Program, June 12, 1998.

Lecture, "The Assessment of Criminal Responsibility", June Social Work Seminar, Spring Grove Hospital Center, June 18, 1998.

Lecture, "Introduction to the Private Practice of Forensic Psychiatry", University of Maryland Forensic Fellowship Program, July 27, 1998.

Lecture, "The Forensic Psychiatric Evaluation in Personal Injury Matters", University of Maryland Forensic Fellowship Program, August 10, 1998.

Lecture, "The Evaluation of Psychiatric Disability", University of Maryland Forensic Fellowship Program, September 22, 1998.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, October 9, 1998.

Lecture, "Expert Testimony", Pretrial Forensic Evaluation Training Program, Mental Hygiene Administration, Office of Forensic Services and University of Maryland, October 16, 1998.

Lecture, "Incest, Multiple Murder, The Death Penalty and Competency to Stand Trial", Grand Rounds, Forensic Case Presentations, Spring Grove Hospital Center, October 22, 1998.

Lecture, "Expert Testimony", Pretrial Forensic Evaluation Training Program, Mental Hygiene Administration, Office of Forensic Services and University of Maryland, November 5, 1998.

In-Service Training, "Outpatient Evaluation of Competency to Stand Trial and Criminal Responsibility, Spring Grove Hospital Center, November 9, 1998.

Lecture, "Sexual Harassment, Discrimination and Other E.E.O.C. Complaints", University of Maryland Forensic Fellowship Program, November 12, 1998.

Lecture, "Expert Testimony", Pretrial Forensic Evaluation Training Program, Mental Hygiene Administration, Office of Forensic Services and University of Maryland, November 18, 1998.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, December 17, 1998.

Lecture, "Specific Intent", University of Maryland Forensic Fellowship Program, January 21, 1999.

<u>CURRICULUM VITAE</u> (Continued)

Neil Blumberg, M. D.

**PRESENTATIONS:** (Continued)

Lecture, "Competency to Waive Appeals in Death Penalty Litigation", University of Maryland Forensic Fellowship Program, March 2, 1999.

Lecture, "Discrimination and Other E.E.O.C. Issues", University of Maryland Forensic Fellowship Program, March 18, 1999.

Lecture, "Issues in Civil Forensic Practice", University of Maryland Forensic Fellowship Program, April 1, 1999.

Lecture, "Expert Testimony", Pretrial Forensic Evaluation Training Program, Mental Hygiene Administration, Office of Forensic Services and University of Maryland, May 27, 1999.

Lecture, "Providing Psychiatric Testimony", University of Maryland Forensic Fellowship Program, June 4, 1999.

Lecture, "Expert Testimony", Pretrial Forensic Evaluation Training Program, Mental Hygiene Administration, Office of Forensic Services and University of Maryland, June 11, 1999.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, August 4, 1999.

Lecture, "The Forensic Psychiatric Evaluation in Personal Injury Matters", University of Maryland Forensic Fellowship Program, September 13, 1999.

Expert Testimony, "Malingering Incompetence", University of Maryland Forensic Fellowship Program, October 18, 1999.

Lecture, "Expert Testimony", University of Maryland Forensic Fellowship Program, November 12, 1999.

Lecture, "Battered Woman Syndrome", University of Maryland Forensic Fellowship Program, November 15, 1999.

Lecture, "Expert Testimony", Pretrial Forensic Evaluation Training Program, Mental Hygiene Administration, Office of Forensic Services and University of Maryland, December 2, 1999.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, December 3, 1999.

Lecture, "The Forensic Psychiatric Evaluation of Violence and Aggression", John Jay College of Criminal Justice, New York, New York, December 8, 1999.

Lecture, "Update on Forensic Psychiatry - Posttraumatic Mental Disorders", Maryland Self-Insurers' and Employers' Compensation Association, December 9, 1999.

Lecture, "Expert Testimony", Pretrial Forensic Evaluation Training Program, Mental Hygiene Administration, Office of Forensic Services and University of Maryland, December 10, 1999.

Lecture, "Psychiatric Aspects of Workers' Compensation", University of Maryland Forensic Fellowship Program, December 13, 1999.

Lecture, "Evaluation of Psychiatric Disability", University of Maryland Forensic Fellowship Program, January 10, 2000.

Page Fourteen

<u>CURRICULUM VITAE</u> (Continued)
Neil Blumberg, M. D.

**PRESENTATIONS:** (Continued)

Lecture, "The Forensic Psychiatric Evaluation in Capital Sentencing Cases", University of Maryland Forensic Fellowship Program, February 14, 2000.

Lecture, "The Private Practice of Forensic Psychiatry", University of Maryland Forensic Fellowship Program, May 1, 2000.

Lecture, "True and False Confessions", University of Maryland Forensic Fellowship Program, June 8, 2000.

Lecture, "Overview of Forensic Psychiatry", University of Maryland Forensic Fellowship Program, July 10, 2000.

Lecture, "Psychiatric Assessment in Workers' Compensation Cases", University of Maryland Forensic Fellowship Program, July 21, 2000.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, August 14, 2000.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, August 25, 2000.

Lecture, "Psychiatric Disability", University of Maryland Forensic Fellowship Program, September 11, 2000.

Lecture, "The Forensic Assessment of Complex Capital Defendants", Conference: New Assessment and Treatment for Criminal Defendants Diagnosed with Personality Disorders, Broward County Public Defender's Office and the Florida Public Defender Association, Fort Lauderdale, Florida, September 13, 2000.

Panel Discussion, "Misdiagnosis in Forensic Settings", Conference: New Assessment and Treatment for Criminal Defendants Diagnosed with Personality Disorders, Broward County Public Defender's Office and the Florida Public Defender Association, Fort Lauderdale, Florida, September 13, 2000.

Case Presentation and Discussion, Conference: New Assessment and Treatment for Criminal Defendants Diagnosed with Personality Disorders, Broward County Public Defender's Office and the Florida Public Defender Association, Fort Lauderdale, Florida, September 13, 2000.

Lecture, "The Forensic Psychiatric Assessment in Personal Injury Matters", University of Maryland Forensic Fellowship Program, September 25, 2000.

Lecture, "Expert Testimony", University of Maryland Forensic Fellowship Program, November 7, 2000.

Lecture, "Specific Intent and Other *Mens Rea* Defenses", University of Maryland Forensic Fellowship Program, December 4, 2000.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, December 8, 2000.

Lecture, "Expert Testimony", Pretrial Forensic Evaluation Training Program, Mental Hygiene Administration, Office of Forensic Services and University of Maryland, December 20, 2000.

Page Fifteen

CURRICULUM VITAE (Continued)
Neil Blumberg, M. D.

**PRESENTATIONS:** (Continued)

Expert Witness, Trial Advocacy Program, Maryland Institute for Continuing Professional Education of Lawyers, Inc., January 10, 2001.

Lecture, "Workers' Compensation Evaluation", University of Maryland Forensic Fellowship Program, February 12, 2001.

Lecture, "Private Practice of Forensic Psychiatry", University of Maryland Forensic Fellowship Program, March 12, 2001.

Forensic Case Presentation, "Multiple Murder, Rape, Major Mental Illness, Neurological Impairment, Insanity and the Death Penalty", Spring Grove Hospital Center, March 29, 2001.

Lecture, "Violence Risk Assessment", University of Maryland Forensic Fellowship Program, April 2, 2001.

Lecture, "Harassment, Discrimination and Other E.E.O.C. Complaints", University of Maryland Forensic Fellowship Program, May 7, 2001.

Lecture, "True and False Confessions", University of Maryland Forensic Fellowship Program, June 8, 2001.

Lecture, "Forensic Psychiatry and Its Uses in Criminal Cases: An Update", Maryland Criminal Defense Attorneys Association, Baltimore, Maryland, June 12, 2001.

Lecture, "The Forensic Psychiatric Evaluation in Personal Injury Matters", University of Maryland Forensic Fellowship Program, August 6, 2001.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, September 10, 2001.

Lecture, "The Forensic Psychiatric Evaluation in Capital Sentencing Cases", University of Maryland Forensic Fellowship Program, October 1, 2001.

Lecture, "Expert Testimony", University of Maryland Forensic Fellowship Program, November 16, 2001.

Lecture, "Harassment, Discrimination and Other E.E.O.C. Complaints", University of Maryland Forensic Fellowship Program, November 19, 2001.

Lecture, "The Uses of Psychological Testing in the Forensic Psychiatric Evaluation", University of Maryland Forensic Fellowship Program, December 3, 2001.

Lecture, "The Forensic Psychiatric Evaluation of Posttraumatic Stress Disorder", M. Hayes and Associates, Timonium, Maryland, December 5, 2001.

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, December 14, 2001.

Lecture, "Expert Witness", Trial Advocacy Program, Maryland Institute for Continuing Professional Education for Lawyers, Inc., January 9, 2002.

Lecture, "Expert Testimony", Pretrial Forensic Evaluation Training Program, Mental Hygiene Administration, Office of Forensic Services and University of Maryland, January 17, 2002.

Page Sixteen

CURRICULUM VITAE (Continued)
Neil Blumberg, M. D.

**PRESENTATIONS:** (Continued)

Lecture, "The Psychiatric Autopsy", University of Maryland Forensic Fellowship Program, February 18, 2002.

Lecture, "Psychiatry and the Expert Witness" Medical Malpractice Course for Professor Barry Steelman, University of Baltimore, School of Law, February 18, 2002.

Lecture, "The Private Practice of Forensic Psychiatry", University of Maryland Forensic Fellowship Program, March 25, 2002.

Lecture, "Competency Issues in Capital Cases", Conference: Defending a Capital Case in Virginia XIV, Mental Issues in Capital Cases, Virginia Capital Case Clearing House and Washington and Lee University School of Law, Lexington, Virginia, April 5, 2002.

Lecture, "True and False Confessions", University of Maryland Forensic Fellowship Program, May 31, 2002

Lecture, "Psychiatric Evaluation in Personal Injury Matters", University of Maryland Forensic Fellowship Program, September 9, 2002

Lecture, "Workers' Compensation Evaluation", University of Maryland Forensic Fellowship Program, November 4, 2002

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, November 15, 2002

Lecture, "The NCR Plea From Start to Finish", Baltimore County Bar Association, Criminal Law Committee, Towson, Maryland, November 20, 2002

Lecture, "Forensic Psychiatry", University of Baltimore School of Law, Law and Psychiatry Course for the Honorable George Lipman, November 21, 2002

Lecture, "Expert Witness", Trial Advocacy Program, Maryland Institute for Continuing Professional Education for Lawyers, Inc., January 8, 2003

Lecture, "Psychiatry and the Expert Witness" Medical Malpractice Course for Professor Barry Steelman, University of Baltimore, School of Law, February 26, 2003

Lecture, "Private Practice of Forensic Psychiatry", University of Maryland Forensic Fellowship Program, March 14, 2003

Lecture, "Expert Testimony", University of Maryland Forensic Fellowship Program, April 11, 2003

Lecture, "Expert Testimony", Pretrial Forensic Evaluation Training Program, Mental Hygiene Administration, Office of Forensic Services and University of Maryland, May 7, 2003

Lecture, "Forensic Psychiatry", University of Baltimore School of Law, Law and Psychiatry Course for the Honorable George Lipman, July 7, 2003

Lecture, "Psychiatric Evaluation in Personal Injury Matters", University of Maryland Forensic Fellowship Program, July 28, 2003

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, October 31, 2003

Page Seventeen

<u>CURRICULUM VITAE</u> (Continued)
Neil Blumberg, M. D.

**PRESENTATIONS:** (Continued)

Lecture, "Expert Testimony", Pretrial Forensic Evaluation Training Program, Mental Hygiene Administration, Office of Forensic Services and University of Maryland, November 6, 2003

Lecture, "Mitigation: Investigation, Coordination, Organization and Presentation", Eleventh Annual Capital Defense Workshop, Virginia Bar Association, Richmond, Virginia, November 7, 2003

Lecture, "Forensic Psychiatry", University of Baltimore School of Law, Law and Psychiatry Course for the Honorable George Lipman, November 20, 2003

Lecture, "Expert Testimony", University of Maryland Forensic Fellowship Program, November 21, 2003

Lecture, "The Forensic Psychiatric Evaluation in Personal Injury Cases", Defense Litigation Seminar, 2004, Greenbelt, Maryland, April 1, 2004

Panel/Lecture, "Mental Health Issues and the Death Penalty", Symposium 2004: The Death Penalty in the United States: Exploring Modern Implications, University of Maryland School of Law, April 14, 2004

Lecture, "Forensic Psychiatry", University of Baltimore School of Law, Law and Psychiatry Course for The Honorable George Lipman, June 30, 2004

Lecture, "Introduction to Forensic Psychiatry", University of Maryland Forensic Fellowship Program, July 26, 2004

Lecture, "Psychiatric Aspects of Workers' Compensation", University of Maryland Forensic Fellowship Program, August 9, 2004

Lecture, "The Forensic Psychiatric Evaluation in Personal Injury Cases", University of Maryland Forensic Fellowship Program, August 30, 2004

Lecture, "Maryland's Insanity Defense: An Analysis of Maryland v. Francis Zito", The Eighth Annual Symposium on Mental Health Disability and the Law, Department of Health and Mental Hygiene, Mental Hygiene Administration and Office of Forensic Services, Reisterstown, Maryland, September 10, 2004

Lecture, "Psychiatric Aspects of Workers' Compensation", University of Maryland Forensic Fellowship Program, September 27, 2004

Lecture, "How to Work With Experts", Office of the Public Defender, Experts Training Case Study, Trenton, New Jersey, October 20, 2004

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, October 25, 2004

Lecture, "Psychiatric Malpractice", University of Maryland Forensic Fellowship Program, October 29, 2004

Lecture, "Expert Testimony", University of Maryland Forensic Fellowship Program, November 19, 2004

Lecture, "Civil Competency/Guardianship", University of Maryland Forensic Fellowship Program, November 22, 2004

Page Eighteen

<u>CURRICULUM VITAE</u> (Continued)

Neil Blumberg, M. D.

**PRESENTATIONS:** (Continued)

Lecture, "Psychiatric Evaluation in Capital Cases", University of Maryland Forensic Fellowship Program, November 22, 2004

Lecture, "Forensic Psychiatry", University of Baltimore School of Law, Law and Psychiatry Course for The Honorable George Lipman, November 23, 2004

Lecture, "Expert Testimony", University of Maryland Forensic Fellowship Program, April 15, 2005

Lecture, "Sexual Harassment", University of Maryland Forensic Fellowship Program, May 23, 2005

Lecture, "Confessions", University of Maryland Forensic Fellowship Program, May 27, 2005

Lecture, "Forensic Psychiatry", University of Baltimore School of Law, Law and Psychiatry Course for The Honorable George Lipman, July 5, 2005

Lecture, "Introduction to the Private Practice of Forensic Psychiatry", University of Maryland Forensic Fellowship Program, July 18, 2005

Lecture, "The Forensic Psychiatric Evaluation in Personal Injury Cases", University of Maryland Forensic Fellowship Program, July 25, 2005

Lecture, "Practical Experience: Testimony in a Post-Conviction Capital Case", University of Maryland Forensic Fellowship Program, August 15, 2005

Lecture, "Practical Experience: Deposition in a Medical Malpractice Case", University of Maryland Forensic Fellowship Program, August 29, 2005

Lecture, "Medical Malpractice", University of Maryland Forensic Fellowship Program, October 14, 2005

Lecture, "Workers' Compensation", University of Maryland Forensic Fellowship Program, October 17, 2005

Lecture, "Harassment Discrimination and Other E.E.O.C. Complaints", University of Maryland Forensic Fellowship Program, November 21, 2005

Lecture, "Forensic Psychiatry", University of Baltimore School of Law, Law and Psychiatry Course for The Honorable George Lipman, November 29, 2005

Lecture, "Guns and Ammo", University of Maryland Forensic Fellowship Program, December 5, 2005

Lecture, "Expert Testimony", University of Maryland Forensic Fellowship Program, February 17, 2006

Lecture, "Introduction to the Private Practice of Forensic Psychiatry", University of Maryland Forensic Fellowship Program, April 10, 2006

Lecture, "Confessions", University of Maryland Forensic Fellowship Program, April 14, 2006

Lecture, "Introduction to Forensic Psychiatry", University of Baltimore School of Law, Law and Psychiatry Course for The Honorable George Lipman, June 20, 2006

Lecture, "Introduction to Forensic Psychiatry", University of Maryland Forensic Fellowship Program, August 21, 2006

CURRICULUM VITAE (Continued)
Neil Blumberg, M. D.

**PRESENTATIONS:** (Continued)

Lecture, "Specific Intent", University of Maryland Forensic Fellowship Program, September 11, 2006

Lecture, "Malpractice", University of Maryland Forensic Fellowship Program, September 25, 2006

Lecture, "Misconduct, Mental Impairment and Mitigation", Annual Meeting of the Organization of Bar Investigators, Washington, D.C., October 6, 2006

Lecture, "Workers' Compensation", University of Maryland Forensic Fellowship Program, October 16, 2006

Lecture, "Harassment Discrimination and Other E.E.O.C. Complaints", University of Maryland Forensic Fellowship Program, November 13, 2006

Testimony, "Attorney Misconduct Case", Administrative Hearing with District of Columbia Bar Counsel, University of Maryland Forensic Fellowship Program, November 29, 2006.

Testimony, "Capital Sentencing Appeal", Cumberland County, Pennsylvania, University of Maryland Forensic Fellowship Program, January 8, 2007

Lecture, "Capital Sentencing", University of Maryland Forensic Fellowship Program, February 12, 2007

Lecture, "Expert Testimony", University of Maryland Forensic Fellowship Program, February 16, 2007

Lecture, "Private Practice of Forensic Psychiatry", University of Maryland Forensic Fellowship Program, March 26, 2007

Lecture, "True and False Confessions", University of Maryland Forensic Fellowship Program, April 13, 2007

Lecture, "Psychological Testing", University of Maryland Forensic Fellowship Program, April 16, 2007

Lecture, "Introduction to Forensic Psychiatry", University of Baltimore School of Law, Law and Psychiatry Course for The Honorable George Lipman, July 10, 2007

Lecture, "The Forensic Psychiatric Evaluation in Personal Injury Cases", University of Maryland Forensic Fellowship Program, August 6, 2007

Lecture, "Psychiatric Disability", University of Maryland Forensic Fellowship Program, August 20, 2007

Lecture, "Death Penalty", University of Maryland Forensic Fellowship Program, September 10, 2007

Lecture, "Workers' Compensation", University of Maryland Forensic Fellowship Program, September 24, 2007

Lecture, "Private Practice of Forensic Psychiatry", University of Maryland Forensic Fellowship Program, October 8, 2007

Lecture, "The Forensic Psychiatric Evaluation in Personal Injury Cases", University of Maryland Forensic Fellowship Program, Court Appearance, October 29, 2007

Page Twenty

<u>CURRICULUM VITAE</u> (Continued)
Neil Blumberg, M. D.

**<u>PRESENTATIONS</u>:** (Continued)

Lecture, "Introduction to Forensic Psychiatry", University of Baltimore School of Law, Law and Psychiatry Course for The Honorable George Lipman, November 6, 2007

Lecture, "Introduction to Forensic Psychiatry", University of Baltimore School of Law, Law and Psychiatry Course for The Honorable George Lipman, November 13, 2007

Lecture, "Federal Presentence Psychiatric Evaluations", University of Maryland Forensic Fellowship Program, November 19, 2007

Lecture, "Psychiatric Evaluation in Disbarment Cases", University of Maryland Forensic Fellowship Program, December 3, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOHN DOE, M.D.             )
                                   )
       Plaintiff,          )
                                   )
v.                            )    CivIL Action No. 1:07cv00633
                                 )        (HHK) (AK)
PROVIDENT LIFE & ACCIDENT INSURANCE  )
COMPANY                 )
                                 )
       Defendant.       )

**<u>PROPOSED ORDER</u>**

In consideration of Plaintiff's Motion for Protective Order Limiting the IME of Plaintiff, and Defendant's Opposition thereto, it is hereby ORDERED:

1.      that Plaintiff's Motion is DENIED;

2.      that by January 29, 2008, or as soon thereafter as possible, Plaintiff shall submit to three hours of psychological testing at the offices of Dr. Neil Blumberg;

3.      that Dr. Blumberg have ten days after the completion of the psychological testing to complete his IME report;

4.      that Plaintiff bear the costs of the re-scheduled psychological testing with Dr. Blumberg; and

5.      that Plaintiff reimburse Defendant its costs and fees incurred in connection with Plaintiff's Motion.

ENTERED this ___ day of January, 2008.

_____

Copies to:

Tameka M. Collier, D.C. Bar No. 488979
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134
(202) 274-2950
FAX (202) 274-2994
tameka.collier@troutmansanders.com

David E. Constine, III, VSB No. 23223
Stephen D. Otero, VSB No. 38752
TROUTMAN SANDERS LLP
1001 Haxall Point, P. O. Box 1122
Richmond, Virginia  23218-1122
(804) 697-1200
FAX (804) 697-1339
steve.otero@troutmansanders.com

Counsel to Defendant

J. Michael Hannon, Esq.
Sarah R. Bagley, Esq.
Hannon Law Group
1901 18th Street, N.W.
Washington, DC  20009

Counsel to Plaintiff