IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, M.D. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07cv00633 |
| ) | (HHK) (AK) |
| PROVIDENT LIFE & ACCIDENT INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO PROHIBIT
DISCLOSURE OF INFORMATION CONTAINED IN MENTAL HEALTH RECORDS**

Now comes Defendant, Provident Life & Accident Insurance Company ("Provident"), by counsel, and states as follows in opposition to Plaintiff's Motion for a Protective Order to Prohibit Disclosure of Information Contained in Mental Health Records (hereinafter "Plaintiff's Motion"). In particular, Defendant opposes Plaintiff's attempt to selectively shield certain information contained in his mental health records from discovery during depositions of fact witnesses whom Plaintiff has identified as supporting his alleged psychiatric disability:

**INTRODUCTION**

In this breach of contract and bad faith disability insurance case, Plaintiff claims to have become totally disabled from his occupation as an emergency room physician in April 2004 due to post-traumatic stress disorder ("PTSD"). Despite the psychiatric nature of his alleged disability, Plaintiff's Motion seeks to preclude Defendant from using information contained in Plaintiff's psychotherapy notes in depositions of fact witnesses *whom Plaintiff has identified as possessing information supporting his claim*, including his long-time, former domestic partner, Victor Lemas. In short, Plaintiff seeks to shield evidence in his psychotherapy notes from Mr.

1

Lemas and other fact witnesses, so that he can selectively present evidence from those witnesses supporting his alleged psychiatric disability; at the same time, Plaintiff seeks to deny Defendant the opportunity to discover information from Mr. Lemas which is clearly within the broad scope of discovery, as it is directly relevant to Provident's defense of Plaintiff's psychiatric disability claim.

Plaintiff's Motion should be denied for at least two reasons. First, the psychiatric nature of Plaintiff's alleged disability puts his mental condition squarely in issue, and waives any privilege regarding his mental health information. Second, Plaintiff has failed to carry his burden of demonstrating good cause – that is, specific facts showing clearly defined and serious injury from the discovery sought -- for limiting the otherwise broad scope of discovery. Indeed, Plaintiff offers nothing more than conclusory statements and bald assertions of fact in support of his Motion, neither of which is sufficient to demonstrate good cause for a protective order limiting discovery under this Court's clear precedent. In addition, there is no need for the prior restraint on discovery proposed by Plaintiff, as this Court has already entered a Stipulated Protective Order which adequately addresses Plaintiff's purported privacy concerns.

## FACTUAL BACKGROUND

In this case, Plaintiff claims to have become totally disabled from his occupation as an emergency room physician in April 2004 due to PTSD. Plaintiff seeks disability benefits from Defendant pursuant to Provident Disability Income Insurance Policy No. 6-334-675592 ("the Policy"). Plaintiff alleges that Defendant has breached its contractual duties under the Policy by denying his disability claim (Count I), and that Defendant's denial of his disability claim was in bad faith (Count II). Plaintiff recently disclosed that he seeks more than $900,000 in disability benefits, plus extra-contractual punitive damages, costs, fees and interest. (*See* Compl. at ¶¶ 27-

28, and p. 8.)

Defendant denies that Plaintiff -- who has worked part-time as an internist since 2000, has failed to seek full-time work as an internist, and who did not file his disability claim until December 2005 -- is disabled from his occupation. Indeed, in his application for disability insurance (which is incorporated by reference into the Policy), Plaintiff identified his "occupation" as "Physician." Accordingly, Defendant denies that it has breached any contractual duties under the Policy, and also denies that it has acted in bad faith in any way in refusing Plaintiff's claim for disability benefits.

The deadline for the completion of discovery in the case is February 29, 2008. To date, the parties have exchanged initial disclosures and written discovery requests, and depositions are in progress. The case has not yet been set for trial; the matter is scheduled for a Status Conference on October 3, 2008, at which time a trial date will be selected. (*See* Dec. 20, 2007 Scheduling Order.)

On September 19, 2007, this Court entered a Stipulated Protective Order, which permits either party to designate as "confidential" discovery material that the party reasonably believes contains private information, permits the parties to file confidential information under seal, and limits the use of confidential information to qualified persons in this case. (*See* 9/19/07 Stip. Prot. Order.) Pursuant to the Stipulated Protective Order, on January 7, 2008, Plaintiff designated as "confidential" each and every page of every deposition taken in this case to date, as well as each and every page of other depositions that have not been taken yet, including that of Mr. Lemas. *See* 1/7/08 Letter from Sarah Bagley, Esq. to Stephen Otero, Esq. (attached as **Exh. 1**).

In his response to an interrogatory seeking the identity of all persons with knowledge of

3

his alleged symptoms of PTSD, Plaintiff indicated that "[Mr.] Lemas, my domestic partner from 1992 to approximately 2002, was aware of my nightmares, sleep disturbances and traumatic anxiety issues." *See* Pl.'s Resp. to Interrog. 7 (attached as **Exh. 2**). Plaintiff did not identify any other fact witnesses with knowledge of his alleged PTSD symptoms.

## ARGUMENT

**I.  Plaintiff's Alleged Psychiatric Disability Puts His Mental Health Squarely in Issue, and Waives Any Privilege Regarding His Mental Health Information.**

This Court's precedent clearly holds that when a plaintiff includes severe emotional distress as an element of a claim, he places his mental state at issue, and thereby waives any privilege with respect to his mental health information. *See, e.g., Kalinoski v. Evans*, 377 F. Supp.2d 136, 137-38 (D.D.C. 2005) ("[T]he psychotherapist privilege is waived when a plaintiff places her mental state at issue. Plaintiff has done precisely that, through her allegations that defendant's actions caused her severe emotional distress and led her to seek the services of a mental health professional."); *Rogers v. England*, 246 F.R.D. 1, 4 n.7 (D.D.C. 2007) ("Even if plaintiff [seeking emotional distress damages] were asserting a psychotherapist-patient privilege [to limit or preclude the deposition of her therapist], the Court finds that plaintiff waived any such privilege with respect to her communications with [the therapist] because plaintiff has put her mental health at issue in this case.").

The same, well-established principle is recognized by federal courts across the country. As Judge Posner recently observed for the Seventh Circuit:

> If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state. Rule 35 of the Federal Rules of Civil Procedure would entitle the defendant to demand that the plaintiff submit to a psychiatric examination, the results of which would be available for use by the defendant in discovery and at trial; there is no greater invasion of privacy by making existing records available to the defendant.

4

*Doe v. Oberwais Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (Posner, J.) (citations omitted); *see also Schofstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (quoted in *Kalinoski*, 377 F. Supp.2d at 138) ("Numerous courts . . . have concluded that . . . a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue. Finding these cases persuasive, we agree that by placing her medical condition at issue, Schoffstall waived the psychotherapist-patient privilege.") (citing *See Sarko v. Pen-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997); *Vann v. Lone Star Steakhouse & Saloon, Inc.*, 967 F. Supp. 346, 349-50 (C.D. Ill. 1997); *EEOC v. Danka Indus., Inc.*, 990 F. Supp. 1138, 1142 (E.D. Mo. 1997); *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 225 (D.N.J. 2000)); *see also Fox v. The Gates Corp.*, 179 F.R.D. 303, 305-06 (D. Colo. 1998) (plaintiff waives "the psychotherapist-patient privilege by initiating a legal action in which she claims damages for emotional distress").

In this case, Plaintiff claims to be totally disabled from his occupation due to PTSD, a psychiatric condition which necessarily entails severe emotional distress in the form of intense fear, helplessness or horror. *See* Diagnostic and Statistical Manual of Mental Disorders 467 (4th ed. American Psychiatric Association) (2005) ("DSM-IV"). In pursuing his claim for an alleged psychiatric disability, Plaintiff has unquestionably put his mental health in issue, and thereby waived any privilege regarding his mental health information. *See Kalinoski*, 377 F. Supp.2d at 137-38; *Rogers*, 246 F.R.D. at 4 n.7; *Doe*, 456 F.3d at 718; *Schofstall*, 223 F.3d at 823; *Sarko*, 170 F.R.D. at 130; *Vann*, 967 F. Supp. at 349-50; *Danka Indus.,* 990 F. Supp. at 1142; *Jackson*, 193 F.R.D. at 225; *Fox*, 179 F.R.D. at 305-06. It is important to keep in mind the fact that Plaintiff's mental health information is <u>not</u> privileged for purposes of this case when considering Plaintiff's request to preclude the use of that information in depositions of fact witnesses he has identified.

5

**II.    Plaintiff Has Failed to Carry His Burden of Demonstrating Good Cause to Limit Discovery Regarding the Core Issue of His Mental Health**

"Federal Rules contemplate the broadest discovery possible in the search for the truth." *Kline v. Martin*, 345 F. Supp. 31, 32 (E.D. Va. 1972). Under the Federal Rules, "[p]arties may discover any relevant, unprivileged information that is admissible at trial or reasonably calculated to lead to admissible evidence." *Schoffstall*, 223 F.3d at 823; Fed. R. Civ. P. 26(b)(1).

Because of the broad scope of discovery under the Federal Rules, "a party seeking a protective order clearly bears the burden of proving its necessity." *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987) ("*Avirgan I*"). In particular, Federal Rule 26(c) requires that a party show "good cause" for the entry of a protective order seeking to limit discovery. *See* Fed. R. Civ. P. 26(c). Significantly, this Court has recognized that "[t]o show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought, and cannot rely on merely conclusory statements." *Avirgan I*, 118 F.R.D. at 254 (citations omitted). "[A] bald assertion of fact . . . fails to meet a movant's burden under Rule 26(c)." *Avirgan v. Hull*, 118 F.R.D. 257, 262 (D.D.C. 1987) ("*Avirgan II*").

In considering a motion for protective order, this Court "applies] a balancing test weighing the movant's proffer of harm against the adversary's *significant interest* in preparing for trial." *Jennings v. Family Management*, 201 F.R.D. 272, 275 (D.D.C. 2001) (emphasis added); *see also Low v. Whitman*, 2002 U.S. Dist. Lexis 10101, *2 (D.D.C. May 30, 2002) ("Any party seeking to limit discovery under Rule 26(c) must demonstrate that, on balance, the harm to it outweighs its opponent's interest in discovering the facts." (quoting *Jennings*, 201 F.R.D. at 275).

In the present case, Plaintiff has utterly failed to carry is burden of demonstrating good

cause for the issuance of the requested protective order limiting discovery.[1] Plaintiff has not offered any "specific facts showing clearly defined and serious injury' resulting from the discovery sought." Thus, as in *Avirgan II*, 118 F.R.D. at 262 there is no evidence of harm to Plaintiff to weigh against Provident's substantial interest in discovering the facts relevant to Plaintiff's psychiatric condition in preparation for trial. Instead, Plaintiff offers only vague and conclusory statements and bald assertions of fact, and even these self-serving statements are easily debunked.

For instance, Plaintiff argues that "Any information regarding Plaintiff's personal relationships and business are irrelevant to whether Defendant breached the contract of insurance." Pl.'s Br. at 3-4. This argument is remarkable given the nature of Plaintiff's claim. In fact, Plaintiff's "personal relationships and business" are central issues in Plaintiff's psychiatric disability claim, inasmuch as they may have had an effect on either Plaintiff's overall mental health or his ability to work in his occupation, or both. Thus, far from being irrelevant, as Plaintiff contends, the discovery at issue is directly relevant to Provident's defense to Plaintiff's claim. Provident should not be denied the opportunity to discover information regarding this core issue merely because discovery might be inconvenient (or even embarrassing) to a Plaintiff pursuing a nearly-million dollar claim.

Plaintiff also argues that "Defendant must be precluded from disclosing personal information contained in the produced mental health records to witnesses who have no knowledge of the information contained in those records and who are not the subject of the aforementioned records." Pl.'s Br. at 4. This argument is unpersuasive not only because it is factually inaccurate, but also because it begs the question at issue. It is factually inaccurate

---

[1] Plaintiff's transparent attempt to shift his burden to Defendant should be rejected out of hand in light of the considerable authority explained above indicating that *Plaintiff* has the burden of demonstrating good cause as to why the ordinarily broad scope of discovery should be suspended and the discovery at issue should <u>not</u> be allowed.

7

because, as Plaintiff must concede, the psychotherapy notes at issue are replete with references to Mr. Lemas, and the effect of Plaintiff's relationship with Mr. Lemas on his mental health. Thus, contrary to Plaintiff's assertion, Mr. Lemas is very much a subject of the psychotherapy records at issue. Plaintiff's argument begs the question because Defendant will have no way of knowing whether Mr. Lemas is aware of the information in Plaintiff's psychotherapy notes – or whether he is even aware of the fact that Plaintiff was in psychotherapy during the eight years between the alleged onset of his allegedly disabling psychiatric condition in 1997 and the filing of his disability claim 2005 -- unless Defendant is allowed to depose Mr. Lemas without the unusual restrictions requested by Plaintiff. This information is especially relevant given that Mr. Lemas was Plaintiff's domestic partner for the majority of those eight years, and has been identified by Plaintiff as knowledgeable about Plaintiff's alleged PTSD symptoms.

Plaintiff also argues that Defendant should not be permitted to "parade Plaintiff's mental health issues to friends, colleagues, patients, and other professionals" and that Defendant's only purpose in seeking the discovery at issue is to "expose Plaintiff's personal life and personal relationships to the public." Pl.'s Br. at 4-5. Both of these arguments are disingenuous, as Plaintiff well knows. Plaintiff has been permitted by the Court to pursue this claim under a pseudonym. In addition, the September 19, 2007 Stipulated Protective Order already entered in this case restricts the disclosure of discovery material designated as "confidential" to "qualified persons" directly involved in this case. *See* 9/19/07 Prot. Ord. at ¶¶ 1-2, and 5-6. Furthermore, Plaintiff has already designated as confidential each and every page of each and every deposition both taken and anticipated to be taken by Defendant. *See* Exh. 1. Thus, there is absolutely no risk that Defendant will "parade" Plaintiff's mental health information to anyone not directly involved in the case, or that the information at issue will become public in a way that implicates

8

Plaintiff.

When Plaintiff's vague, self-serving and conclusory assertions are put in their proper context, it becomes apparent that Plaintiff's Motion is nothing more than an attempt to manipulate the presentation of evidence supporting his psychiatric disability claim. On the one hand, Plaintiff has made clear his intention to present evidence from Mr. Lemas' to corroborate his alleged PTSD symptoms in the relevant time period. *See* Pl.'s Ans. To Interrog. No. 7 (attached as Exh. 2). On the other hand, however, Plaintiff wishes to withhold the substance of his psychotherapy sessions during that time period from Mr. Lemas, and preclude Defendant from deposing Mr. Lemas on those subjects. Plaintiff should not be allowed to manipulate the psychotherapist-patient privilege – a privilege which he has clearly waived by pursuing his psychiatric disability claim, *see supra* § I – either to preclude discovery of evidence relevant to the core issues in this case or to selectively present evidence regarding his claim. *See SEC v. Lavin*, 111 F.3d 921, 933 (D.C. Cir. 1997) ("courts need not permit hide-and-seek manipulations of confidences" or allow parties to "employ privileges both as a sword and as a shield" in order to gain a tactical advantage in litigation).

## CONCLUSION

For the reasons stated above, Defendant asks that the Court enter an Order that: 1) denies Plaintiff's Motion for Protective Order; and 2) awards Defendant such other relief as the Court deems appropriate.

9

Respectfully submitted,

PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY

/s/ Tameka M. Collier
Tameka M. Collier, D.C. Bar No. 488979
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134
(202) 274-2950
FAX (202) 274-2994
tameka.collier@troutmansanders.com

/s/ Stephen D. Otero
David E. Constine, III, VSB No. 23223
Stephen D. Otero, VSB No. 38752
A. Tevis Marshall, VSB No. 68401
TROUTMAN SANDERS LLP
1001 Haxall Point
P. O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200
FAX (804) 697-1339
steve.otero@troutmansanders.com

Counsel to Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2008, I caused the foregoing Opposition to Plaintiff's Motion for Protective Order to Prohibit Disclosure of Information During Fact Witness Depositions, as well as a proposed order, to be served electronically on the following:

J. Michael Hannon, Esq.
Sarah R. Bagley, Esq.
Hannon Law Group
1901 18th Street, N.W.
Washington, DC  20009

Counsel for Plaintiff

/s/ Tameka M. Collier

# HANNON LAW GROUP, LLP
## COUNSELORS AND ATTORNEYS AT LAW

1901 18TH STREET, NW
WASHINGTON, DC 20009

EST. MARCH 17, 2006

(202) 232-1907
FACSIMILE (202) 232-3704
www.hannonlawgroup.com

J. MICHAEL HANNON *

SARAH R. BAGLEY†
ADMITTED ONLY IN MD AND VA
KATIE E. MIELE†
ADMITTED ONLY IN MA
RAEKA SAFAI†
ADMITTED ONLY IN MD
ANN-KATHRYN SO†
ADMITTED ONLY IN NJ

\* ALSO ADMITTED IN MARYLAND
+ ALSO ADMITTED IN VIRGINIA
• ALSO ADMITTED IN CALIFORNIA
† SUPERVISION BY J. MICHAEL HANNON, A MEMBER OF THE DC BAR

27 WOOD LANE
ROCKVILLE, MARYLAND 20850

11130 FAIRFAX BOULEVARD
SUITE 310
FAIRFAX, VIRGINIA 22030
(703) 522-2112

OF COUNSEL

CHARLES I. CATE •
DONALD LEWIS WRIGHT
WILLIAM CLAYTON BATCHELOR *+

January 7, 2008

Stephen D. Otero
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122

Re:   Confidential Designation in Doe v. Provident, 1:07cv00633

Dear Mr. Otero:

In conformance with the Stipulated Protective Order, we would like to designate as Confidential the transcripts of the depositions in this case, specifically those of Dr. Thomas Qualey and Dr. Gayle Neufeld. Although they have not been taken yet, we would anticipate designating as Confidential the transcript of Dr. Victor Lemas' deposition as well as the transcript of Dr. Thomas Gilmore. Please let me know if you have any questions about this designation.

Thank you for your courtesies.

Sincerely,

Sarah R. Bagley

cc:   David E. Constine, III, Esquire
      A. Tevis Marshall, Esquire
      Tameka M. Collier, Esquire

EXHIBIT
1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE, M.D., :
:
        Plaintiff, : Civil Action No.: 1:07cv00633 (HHK)
:
v. :
:
PROVIDENT LIFE & ACCIDENT :
INSURANCE COMPANY :
:
        Defendant. :

**PLAINTIFF'S RESPONSES TO**
**DEFENDANT'S FIRST SET OF INTERROGATORIES**

1. Identify any person you may call as an expert witness at trial and provide all information required by Rule 26(a)(2)(B), including but not limited to: the subject matter on which the expert is expected to testify; state the substance and facts and opinions on which the expert is expected to testify; and give a detailed summary of the grounds for each opinion.

**ANSWER:** **Gayle Neufeld, MD. Dr. Neufeld will testify as to Dr. Doe's diagnosis of PTSD and its effects on his ability to work as an emergency room physician.**

2. Identify all of your health care providers, including, without limitation, all doctors, therapists, clinical social workers, psychologists, and psychiatrists from January 1990 to the present, including the provider's name, address, telephone number, the nature of the service or treatment provided, the dates of treatment, and any diagnosis that you received as a result of such treatment excluding from your Answer treatment for colds, flu and other common physical illnesses.

**ANSWER: Please see medical records previously provided for records as to the nature of service and treatment with Dr. Thomas Gilmore, Ph.D. I consulted with Dr. Gayle**

EXHIBIT 2

profit sharing plan, or any other benefits from any local, state or federal agency or any other source? If so, please describe the specific information and details provided by you in these application, and identify any and all documents within your possession, custody or control which evidence these applications for benefits, but not limited to, any application forms or supporting documentation, and documentation of the results of such applications.

**ANSWER:** **Since January 1995, I have not applied for workers' compensation benefits, social security benefits, unemployment benefits, pension or retirement benefits, benefits from a profit sharing plan, or any other benefits from any local, state or federal agency or any other source.**

    7.    Identify all persons who have any information or knowledge regarding your recurrent nightmares, flashbacks, sleep disturbance, and avoidance of all reminders of emergency medical practice, and for each:

    a.    summarize the facts known to such person; and

    b.    state whether records or statements have been made or taken from such person regarding such information known and the location of such records.

**ANSWER:** **M Victor Lemas, PhD, my domestic partner from 1992 to approximately 2002, was aware of my nightmares, sleep disturbances and traumatic anxiety issues. Dr. Lemas has not made or recorded any statements regarding such information.**

    8.    Identify all persons who furnished information supplied in response to these interrogatories, and, for each person, please describe generally the nature of the information each such person supplied.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, M.D.  )<br>)<br>    Plaintiff,  )<br>)<br>v.  )<br>)<br>PROVIDENT LIFE & ACCIDENT INSURANCE  )<br>COMPANY  )<br>)<br>    Defendant.  ) | Civil Action No. 1:07cv00633<br>         (HHK) (AK) |

**PROPOSED ORDER**

In consideration of Plaintiff's Motion for Protective Order to Prohibit Disclosure of Information During Fact Witness Depositions, and Defendant's Opposition thereto, it is hereby ORDERED that Plaintiff's Motion is DENIED.

ENTERED this ___ day of January, 2008.

_____

Copies to:

Tameka M. Collier
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134

David E. Constine, III
Stephen D. Otero, VSB No. 38752
TROUTMAN SANDERS LLP
1001 Haxall Point, P. O. Box 1122
Richmond, Virginia  23218-1122
*Counsel to Defendant*

J. Michael Hannon, Esq.
Sarah R. Bagley, Esq.
Hannon Law Group
1901 18th Street, N.W.
Washington, DC  20009

*Counsel to Plaintiff*