UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE, M.D., | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 1:07cv00633 (HHK)(AK) |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT LIFE & ACC. INS. CO. | : | |
| | : | |
| Defendant. | : | |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER PROHIBITING DISCLOSURE OF
INFORMATION CONTAINED IN PLAINTIFF'S MENTAL HEALTH RECORDS**

Plaintiff John Doe, M.D., through his attorneys HANNON LAW GROUP, LLP, and pursuant to Fed. R. Civ. P. 26 (c), respectfully presents this Reply to Defendant's Opposition to Plaintiff's Motion for Protective Order Prohibiting Disclosure of Information Contained in Plaintiff's Mental Health Records.  Plaintiff respectfully requests that the Defendant be prohibited from disclosing to factual witnesses during the course of depositions certain information contained in Plaintiff's mental health records that is unknown to the witness. Plaintiff seeks leave of this Court to file his Reply to the Defendant's Opposition to Plaintiff's Motion for Protective Order Prohibiting Disclosure of Information Contained Plaintiff's Mental Health Records out of time. Pursuant to the Court's Order, the records at issue are being filed under seal today.

**FACTUAL BACKGROUND**

Documents produced to the Defendant include Plaintiff's mental health records.  The records contain notes which include matters personal to the Plaintiff that were conferred in confidence to his therapists.  The particular notes at issue are not diagnostic in nature.  Defendant

has not, in Plaintiff's view, articulated a reason why it must interrogate lay witnesses regarding these confidential matters unknown to the witness.

## ARGUMENT

### I. DEFENDANT WOULD NOT BE DENIED DISCOVERY MATERIAL BY THE PROTECTIVE ORDER SOUGHT.

Defendant has argued that the "psychiatric nature of Plaintiff's alleged disability puts his mental condition squarely in issue, and waives any privilege regarding his mental health information." Def. Opp. P. 2. Such a statement however ignores the limitations on discovery established in Federal Rule of Civil Procedure 26. Rule 26 states that a party may seek an order from the court to protect that party or person from annoyance, embarrassment, oppression, or undue burden or expense. See Id.; Fed. R. Civ. P. 26 (c). Plaintiff's position is and always has been that his mental health is NOT at issue in this case. Rather, what is at issue is the manner and method by which the Defendant denied disability benefits to the Plaintiff. The Plaintiff need only establish that he satisfied his duty under the policy to present a valid claim for disability benefits and that Provident demonstrated bad faith and breached their contact when they blithely denied Plaintiff's claim. Defending that claim in no way requires or entitles the Defendant to present personal details gleaned from psychiatric records to fact witnesses who know Plaintiff socially and professionally.

The Defendant's determined efforts to reveal contents of the psychiatric records to fact witnesses is an attempt to annoy, embarrass and oppress the Plaintiff from pursuing this claim, the exact aims which Rule 26(c) does not allow. The Defendant has been given all of the medical records in this case and the identity of all witnesses. The Defendant is free to question any fact witness about any matter that may be relevant or is likely to produce relevant material. In therapy, Plaintiff would obviously discuss his relationships and his then partner in an honest

and perhaps emotional way. By bringing this lawsuit, Plaintiff has not surrendered his confidentiality to persons not parties to this suit. The Plaintiff should not be forced to choose between enforcing his contractual rights under the disability policy and damaging personal and professional relationships with an ex partner or others because of comments made in the privacy of a therapeutic setting.

While the Plaintiff does not agree with the Defendant's position that Plaintiff's mental health is actually at issue in this case, he has agreed to provide all of his medical records throughout the discovery process. Plaintiff continues to argue that this case should be decided solely on the basis of the information that Defendant had at the time it denied the claim, as this is a breach of contract issue. However, should this Court determine that information received after the denial of the claim can be used by the Defendant to defend their prior decision to deny the claim, there are still Rule 26(c) limitations on the use of those materials. The facts of this case warrant limiting the use of psychiatric records to the physicians and psychiatrists working on both sides of the case.

## II. PLAINTIFF HAS SUCCESFULLY DEMONSTRATED GOOD CAUSE FOR THE REQUESTED PROTECTIVE ORDER

As cited by the Defendant, this Court "applies a balancing test weighing the movant's proffer of harm against the adversary's significant interest in preparing for trial." Jennings v. Family Management, 201 F.R.D. 272, 275 (D.D.C. 2001). Bringing a lawsuit which potentially puts one's mental health at issue is always a difficult decision for a Plaintiff. The Plaintiff in this case knowingly acknowledged that possibility and has made his records and himself available to the Defendant so that it can prepare for trial. Defendant has a wealth of information about the Plainiff's medical history, including the session notes from each of his mental health providers going back over twenty years. The adversary's interest in preparing for trial here has clearly

3

been attended to in this situation. There is no information that has been limited from the Defendant's access. Defendant can question witnesses about any relevant topic, with the sole limitation being that information gleaned by Defendant solely from psychiatric records not form the basis any questions to lay witnesses with no knowledge thereof.

The harm the movant now seeks to prevent is damage to his personal and professional relationships by the needless revelation of the contents of certain psychological records containing deeply personal statements. Plaintiff's decision to pursue this claim of breach of contract and collect the disability payments to which he is entitled should not force him to choose between payment of what is due to him and revelation of deeply personal matters to non medical fact witnesses. If this Court determines that medical records not considered by Provident at the time they denied Plaintiff's claim are a relevant area for discovery, then any medical expert they retain is certainly qualified to review those records and draw conclusions based on their contents.

Pursuant to the Order of this Court, Plaintiff is submitting with this Reply under seal the relevant medical records, along with a Precis which directs the Court to the very limited information contained in the records of Dr. Kyropoulous and John Schwartz, Pastoral Counseling Center, which are at issue in this case. The Defendant is not precluded from obtaining appropriate discovery in this matter. At a minimum, the Court should grant the requested protective order, with leave to the Defendant to renew its objection if at the conclusion of discovery it believes that it has been harmed in presenting its defense at trial.

4

**CONCLUSION**

WHEREFORE, The Plaintiff respectfully requests this Court grant his Motion for a Protective Order and accordingly preclude Defendant from disclosing personal information contained in Plaintiff's mental health records to factual witnesses.

Respectfully submitted,

HANNON LAW GROUP, LLP

    /s/ J. Michael Hannon
J. Michael Hannon, #352526
Sarah R. Bagley, Pro Hac Vice
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
Fax: (202) 232-3704
jhannon@hannonlawgroup.com
sbagley@hannonlawgroup.com

*Attorneys for Plaintiff John Doe*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing **REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER PROHIBITING DISCLOSURE OF INFORMATION CONTAINED IN PLAINTIFF'S MENTAL HEALTH RECORDS** was sent via electronic filing this 11th day of February, 2008, to:

David E. Constine, III
A. Tevis Marshall
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23218-1122

Tameka M. Collier
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134

                                              */s/ J. Michael Hannon*
                                              J. Michael Hannon