UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE, M.D., | : | |
| | : | |
| Plaintiff, | : | Case No.: 1:07cv00633 (HHK)(AK) |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT LIFE & ACC. INS. CO. | : | |
| | : | |
| Defendant. | : | |

**AMENDED MOTION FOR LEAVE TO LATE FILE PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff John Doe, M.D., through his attorneys HANNON LAW GROUP, LLP, respectfully presents this Amended Motion to late file Plaintiff's Opposition to Defendant's Motion for Summary Judgment which was filed and accepted by the Court on May 12, 2008.

**CERTIFICATION REGARDING CONSENT**

Counsel for Plaintiff sent a draft of this amended motion to counsel for Defendant on Monday, Mar 19, 2008, seeking his consent to the relief sought or an effort to narrow areas of disagreement.  Counsel for Plaintiff then spoke with Defendant's counsel by telephone on May 19 at approximately 12:23 p.m.  Defendant's counsel authorized the undersigned to state as follows: "we have no objection to your explanation of the language at issue in your last filing, but we do not consent to the relief requested in either your Amended Motion for Leave or the original Motion for Leave (i.e., we do not consent to your requested Third Extension and we do not consent to the late filing of your Opposition to Defendant's Summary Judgment Motion)."

**MEMORANDUM OF POINTS AND AUTHORITIES**

The original motion for leave to late file was filed on May 12, 2008, along with the lodged Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Plaintiff's counsel had sought consent of Defense counsel to the Motion to Late File, and such consent was not received at the time of the filing of the motion. The Court granted the motion to late file on the same day, May 12, 2008. On May 16, 2008, Defense counsel then filed a Motion for Reconsideration of this Court's Order permitting late filing and to Strike Plaintiff's Opposition to its Motion for Summary Judgment.

In that motion, Defense counsel accurately pointed out that due to certain language contained in Plaintiff's initial Motion for Leave to Late File, "Defendant is concerned that the Court may have interpreted the above-quoted language in Plaintiff's Motion to mean that Defendant had consented to Plaintiff's third Motion for Extension, and accordingly, granted the Motion." (Defendant's Motion at 4-5). Defendant's counsel indeed had not consented at the time the motion was filed, and now seeks reconsideration of that motion. Undersigned counsel now respectfully reports to the Court that an error in his office at the time of the filing of the Motion for Leave to Late File on May 12, 2008, led to the ambiguity in the language of the motion as filed.

Plaintiff's motion as filed stated, in part, "Plaintiff now seeks leave of this Court, having sought consent of opposing counsel, to late file his Opposition to Defendant's Motion for Summary Judgment today, Monday, May 12, 2008. The Plaintiff appreciates the Court's and opposing counsel's facilitation of this final request." (Motion at 2). The motion as filed clearly does not comply with the requirements of Local Rule 7(m) regarding nondispositive motions. That Rule requires the moving party to "include in its motion a statement that the required

2

discussion occurred [to resolve the disputed issue], and a statement as to whether the motion is opposed." The motion reports that an attempt at the discussion took place, but did not clearly state that the motion was opposed.

That is so because of the following error in Plaintiff's counsel's office, which was not discovered until Defendant filed the instant motion. The attorney who drafted Plaintiff's Motion for Leave to Late File sought consent from Defendant's counsel at 2:37 p.m. on May 12, which consent was not forthcoming. The attorney presented a draft of that Motion to undersigned counsel, her supervisor and counsel for Plaintiff in this case, to review.

In anticipation of filing the Motion for Leave to Late File electronically, the attorney converted the Motion for Leave to Late File to PDF format at 2:54 p.m. Upon completing the conversion of the file, the attorney traveled to the Courthouse to file Plaintiff's Opposition to Defendant's Summary Judgment Motion under seal. Such filings must be made before 4:00 p.m.

Upon returning to the office, the attorney was asked to electronically file the Motion for Leave to Late File, which was completed at 4:10 p.m. Before filing the Motion for Leave to Late File, the attorney failed to recognize that undersigned counsel had made changes to the draft of the motion in the Word Document version of the motion. Nor did the attorney reopen the Word Document version of the Motion for Leave to Late File. Therefore, the attorney was unaware that changes were made to the motion by undersigned counsel at 3:17 p.m. In addition, undersigned counsel did not review the final PDF version of the motion before it was filed electronically. As a result, the initial draft of the Motion for Leave to Late File, converted to PDF at 2:54 p.m., rather than the true final version of the Motion, was filed with the Court.

In reviewing the draft motion, undersigned counsel recognized that in the draft motion, the representations required by Rule 7(m) were not included. Therefore, undersigned counsel had inserted the following in the beginning of the motion at 3:17 p.m.:

### CERTIFICATION REGARDING CONSENT

Plaintiff's counsel sought consent from counsel for Defendant on May 12, 2008, and has not received a response to the request for consent as of the time of filing. Counsel previously did not respond to a request for consent to the first motion for an extension of time.

(See Affidavit of Sarah R. Bagley and Exhibit A thereto, filed herewith). Hence, there were two versions of the motion saved in counsel's electronic files: the draft in PDF that was filed inadvertently; and, the revised final version in Word that was inadvertently not filed.

This error in filing was not discovered until Defendant's Motion for Reconsideration and to Strike was received on May 16, 2008. Therefore, Defense counsel is correct in his gracious statement in his motion for reconsideration where he says: "Defendant does not suggest that Plaintiff has intentionally mislead the Court; in fact, defense counsel is confident that such is not the case." (Defendant's Motion at 4).

Undersigned counsel apologizes to the Court and to Defendant's counsel for this error, and asks that the Court accept Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Local Rule 7(l) provides that "A dispositive motion in a civil action shall be filed sufficiently in advance of the pretrial conference that it may be fully briefed and ruled on before the conference." A pretrial conference date has not been scheduled in this case. Rather, the Court has ordered a status conference for October 3, 2008, to discuss the posture of the case and the scheduling of a pretrial conference.

There is sufficient time for Defendant's counsel to take the same time to prepare his client's Reply Brief as Plaintiff took for his Opposition. That would leave the Court three months to consider Defendant's motion before the status conference of October 3, 2008. The Court would also have additional time between the status conference and the date set for any pretrial conference. Undersigned counsel is not contending that this Rule excuses compliance with the scheduling dates for dispositive motions set by the Court. Rather, the current posture of the case does not merit judgment for Defendant by procedural default.

Finally, before filing the instant motion, counsel for Defendant never discussed with undersigned counsel his concern that the Court might have been mislead due to the language of the motion that was actually filed. Undersigned counsel did not learn of this issue until May 16, upon reviewing the instant motion. Had undersigned counsel been advised of the concern, he would have taken prompt action to report the error to the Court and would have consented to Defendant's motion for reconsideration at that time so that the Court would make its decision upon the corrected record. Moreover, Defense counsel has included in his motion for reconsideration a motion to strike Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Defense counsel never discussed with undersigned counsel his intention to seek such relief as required by Local Rule 7(m).

WHEREFORE, Plaintiff respectfully requests this Motion be granted and the Court enter the attached Order accepting Plaintiff's Opposition to Defendant's Summary Judgment Motion as filed on Monday, May 12, 2008.

Respectfully submitted,

HANNON LAW GROUP, LLP

　　　　　　/s/ J. Michael Hannon
J. Michael Hannon, #352526
Sarah R. Bagley, Pro Hac Vice
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
Fax: (202) 232-3704
jhannon@hannonlawgroup.com
sbagley@hannonlawgroup.com

*Attorneys for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **AMENDED MOTION FOR LEAVE TO LATE FILE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**, along with a proposed order, was sent via electronic filing this 19th day of May, 2008, to:

David E. Constine, III
Stephen D. Otero
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23218-1122

Tameka M. Collier
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134

                                                            */s/ J. Michael Hannon*
                                                            J. Michael Hannon

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE, M.D., :
:
        Plaintiff, : Case No.: 1:07cv00633 (HHK)(AK)
:
v. :
:
PROVIDENT LIFE & ACC. INS. CO. :
:
        Defendant. :

### AFFIDAVIT OF SARAH R. BAGLEY

My name is Sarah R. Bagley and I am competent to give this affidavit. I am an attorney with HANNON LAW GROUP, LLP, admitted in the Commonwealth of Virginia and the State of Maryland. My motion for admission pro hac vice in this case is pending.

1. On Monday May 12, 2008, I was directed to seek consent from opposing counsel to our request to Late File our Opposition to Defendant's Summary Judgment Motion.

2. At approximately 2:37 p.m., I sought such consent via email from Steve Otero, counsel for Defendant.

3. I then drafted Plaintiff's Motion for Leave to Late File and presented that Motion to J. Michael Hannon, my supervisor and counsel for Plaintiff in this case, to review.

4. In anticipation of filing the Motion for Leave to Late File electronically, I then converted the Motion for Leave to Late File to PDF format at 2:54 pm. Upon completing the conversion of the file, I traveled to the Courthouse to file Plaintiff's Opposition to Defendant's Summary Judgment Motion under seal. I was out of the law office from approximately 3:10 until 4:00.

5. Upon returning to the office, I was asked to electronically file the Motion for Leave to Late File and Order which I then did electronically at 4:10 p.m.

6. Before I filed the Motion for Leave to Late File, I failed to discuss with my supervisor, J. Michael Hannon, counsel for Plaintiff, any revisions he may have made to the Motion for Leave to Late File. Nor did I reopen the Word Document version of the Motion for Leave to Late File. Therefore, I was unaware that changes were made to the motion by Mr. Hannon that were completed at 3:17 pm. As a result, I filed my initial draft of the Motion for Leave to Late File, converted to PDF at 2:54 p.m., rather than the true final version of the Motion, completed at 3:17 pm.

7. The Motion for Leave to Late File as it was edited and intended for filing is included with this Affidavit as Exhibit A. This is a true copy of the document saved at 3:17 p.m. on May 12, 2008.

8. This error in filing was not discovered until Defendant's Motion for Reconsideration made clear that our draft Motion had been filed rather than the appropriate final version.

Dated May 19, 2008                    FURTHER AFFIANT SAYETH NOT

*[signature]*
Sarah R. Bagley

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Affidavit in Support of Plaintiff's Amended Motion for Leave to Late File was sent via electronic filing this 19th day of May, 2008, to:

David E. Constine, III
A. Tevis Marshall
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23218-1122
(804) 697-1200

Tameka M. Collier
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134

                                                                                   /s/ J. Michael Hannon
                                                                                   J. Michael Hannon

# EXHIBIT A
# to Declaration of
# Sarah R. Bagley

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:07-cv-00633-(HHK)(AK) |
| | ) |
| PROVIDENT LIFE & ACCIDENT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR LEAVE TO LATE FILE PLAINTIFF'S**
**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff John Doe, M.D., through his attorneys HANNON LAW GROUP, LLP, respectfully presents this motion to late file Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

**CERTIFICATION REGARDING CONSENT**

Plaintiff's counsel sought consent from counsel for Defendant on May 12, 2008, and has not received a response to the request for consent as of the time of filing. Counsel previously did not respond to a request for consent to the first motion for an extension of time.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant's Motion for Summary Judgment was filed on March 31, 2008. The Parties agreed to a pleading schedule for Defendant's Response and Plaintiff's Reply that was entered by this Court on April 8, 2008. Plaintiff requested and was granted a ten day extension to the current schedule wherein the Plaintiff's Response would be due on Thursday, May 8, 2008. Further, Defendant Provident would file any Reply by May 29, 2008.

On May 8, 2008, Plaintiff, having underestimated the impact that travel and multiple pleadings filed in late April and early May would have on counsel's ability to finalize the Response to Defendant's Motion, requested an additional four days to file his Response. In their haste, Plaintiff's counsel neglected to seek consent for that four day extension with opposing counsel and this Court denied that request, without prejudice, on Monday, May 12, 2008. Plaintiff now seeks leave of this Court, having sought consent of opposing counsel, to late file his Opposition to Defendant's Motion for Summary Judgment today, Monday, May 12, 2008. The Plaintiff appreciates the Court's and opposing counsel's facilitation of this final request.

Due to the magnitude of the Exhibits, Plaintiff requests leave to file the supporting exhibits on May 13, 2008.

WHEREFORE, Plaintiff respectfully requests this Motion be granted and the Court enter the attached Order accepting Plaintiff's Opposition to Defendant's Summary Judgment Motion on Monday, May 12, 2008.

Respectfully submitted,

HANNON LAW GROUP, LLP


*/s/ J. Michael Hannon*
J. Michael Hannon, #352526
Sarah R. Bagley, Pro Hac Vice
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
Fax: (202) 232-3704
jhannon@hannonlawgroup.com
sbagley@hannonlawgroup.com

*Attorneys for Plaintiff John Doe*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of the foregoing **MOTION FOR LEAVE TO LATE FILE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**, along with a proposed order, was sent via electronic filing this 12th day of May, 2008, to:

David E. Constine, III
A. Tevis Marshall
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23218-1122
(804) 697-1200

Tameka M. Collier
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134

                                 *//s// J. Michael Hannon //s//*
                                 J. Michael Hannon

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE, M.D., | : | |
| | : | |
| Plaintiff, | : | Case No.: 1:07cv00633 (HHK)(AK) |
| | : | |
| v. | : | |
| | : | |
| PROVIDENT LIFE & ACC. INS. CO. | : | |
| | : | |
| Defendant. | : | |

### **ORDER**

In consideration of the Amended Motion for Leave to Late File Plaintiff's Opposition to Defendant's Motion for Summary Judgment, it is by the Court this \_\_\_\_ day of May, 2008,

**HEREBY ORDERED**, that the motion is

**GRANTED**, and the Clerk of the Court is hereby directed to accept the Plaintiff's Opposition filed with this Court on May 12, 2008, and to accept the Exhibits thereto on May 13, 2008, and that Defendant shall have to and including June 3, 2008, to file any Reply.

**SO ORDERED.**

_____
HENRY H. KENNEDY
United States District Judge

Copies To:

J. Michael Hannon
HANNON LAW GROUP, LLP
1901 18th Street, N.W.
Washington, D.C. 20009

David E. Constine, III
Stephen D. Otero
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23218-1122
(804) 697-1200

Tameka M. Collier
Troutman Sanders LLP
401 9th Street, NW
Suite 1000
Washington, D.C. 20004-2134