IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, M.D. )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>PROVIDENT LIFE & ACCIDENT INSURANCE )<br>COMPANY )<br>)<br>  Defendant. ) | Civil Action No. 1:07cv00633<br>              (HHK) (AK) |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION AND MOTION TO STRIKE**

Now comes Defendant, Provident Life & Accident Insurance Company ("Provident" or "Defendant"), by counsel, and states as follows for its Reply in Support of Defendant's Motion for Reconsideration and to Strike ("Defendant's Motion"):

As indicated in Defendant's Motion, Provident has no reason to believe that Plaintiff's counsel intentionally mislead the Court by incorrectly implying that Defendant consented to Plaintiff's third Motion for Extension (styled as Plaintiff's Motion for Leave to Late File Plaintiff's Opposition to Defendant's Motion for Summary Judgment, filed May 12, 2008). Rather, the inaccuracy in Plaintiff's filing appears to have resulted from an error in Plaintiff's counsel's office. In their Amended Motion for Leave (filed May 19, 2008), Plaintiff's counsel has acknowledged their mistake, clarified that Defendant has not consented to Plaintiff's third Motion for Extension, and explained how the misleading language failed to be edited out of their filing. (*See* Pl.'s Amended Mot. for Leave to Late File Plaintiff's Opp'n to def.'s Mot. for Summ. J. at 2-4.)

Defendant accepts the explanations of Plaintiff's counsel at face value. In light of Plaintiff's acknowledged error, however, Provident respectfully requests that the Court

reconsider its May 12, 2008 Minute Order granting Plaintiff's Motion for Leave to Late File, which appears to have been issued based upon the incorrect implication from Plaintiff's filing that Defendant consented to Plaintiff's request for a third extension of time to respond to Defendant's Motion for Summary Judgment.

As indicated in Defendant's Motion, Plaintiff's third Motion for Extension should be considered in light of the Scheduling Order in this case, which provides that "truly exceptional and compelling circumstances" are required to alter pretrial deadlines. (*See* December 20, 2007 Scheduling Order at ¶ 7.) With all due respect to Plaintiff's counsel, Defendant submits that the explanation for the third requested extension offered by Plaintiff – that his counsel "underestimated the impact that travel and multiple pleadings filed in late April and early May would have on counsel's ability to finalize the Response to Defendant's Motion" – is simply not sufficient to carry Plaintiff's burden of demonstrating the "truly exceptional and compelling circumstances" necessary to obtain a *third* extension for a response to a dispositive motion. This is especially true where Defendant consented to Plaintiff's first Motion for Extension, and did not oppose Plaintiff's second Motion for Extension, and where Plaintiff's second Motion for Extension offered the same justification for an extension as offered in his third Motion for Extension. (*See* Pl.'s April 25, 2008 Mot. for Extension of Pleading Schedule at 1-2 (explaining the basis for the extension until May 8 as "an unanticipated client emergency," travel commitments and pleadings in other cases also due on April 28, 2008).) Simply put, because Plaintiff's third Motion for Extension offers nothing beyond the vague and unspecified reasons for extra time offered in his second Motion for Extension, there are no exceptional or compelling circumstances which would justify another extension beyond the May 8 deadline established by the Court's May 2, 2008 Minute Order granting Plaintiff's second Motion for Extension.

Plaintiff's desire to file a "bigger and better" brief in opposition to Defendant's Summary Judgment Motion is not a "truly exceptional and compelling circumstance" to justify a *third* extension over Defendant's objection.

Lastly, Defendant takes issue with Plaintiff's suggestion that defense counsel did not confer with Plaintiff's counsel prior to filing the Motion to Reconsider or Strike.[1]  Defense counsel's May 14, 2008 e-mail to Plaintiff's counsel belies Plaintiff's suggestion. (*See* Exh. 4 to Def.'s Mot. to Reconsider or Strike.)  That e-mail confirmed Defendant's May 12 e-mail indicating that Provident did not consent to Plaintiff's requested third extension, indicated that in light of Provident's opposition Defendant would be filing a Motion to Reconsider the Minute Order granting the third extension, and asked Plaintiff's counsel to let defense counsel know if Plaintiff consented to the Motion. (*See id.*)  Defendant waited two days after its May 14 e-mail for Plaintiff to either 1) clarify the misleading statement regarding Defendant's consent to the third requested extension in Plaintiff's Motion for Leave to Late File, or 2) consent to Defendant's Motion to Reconsider the May 12 Minute Order in light of that misleading statement.  Hearing nothing from Plaintiff's counsel, Defendant filed its own Motion to Reconsider and to Strike on May 16, 2008 in order to clarify and correct the record.[2]

---

[1] Plaintiff's argument on this point is a transparent attempt to deflect the Court's attention from the misleading statement admittedly contained in Plaintiff's Motion for Leave to Late File.  As such, it is an unnecessary distraction from the only issue relating to the pending non-dispositive motions requiring the Court's attention:  whether to reconsider the May 12 Minute Order granting Plaintiff's third requested extension in light of the fact – now conceded by Plaintiff – that Provident does not consent to it, as erroneously implied in Plaintiff's Motion for Leave to Late File.

[2] It is disingenuous of Plaintiff's counsel to suggest that he was somehow caught by surprise that Defendant included in its Motion to Reconsider a request to strike Plaintiff's late-filed Opposition to Defendant's Summary Judgment Motion.  Plaintiff cannot deny that Defendant's May 14 e-mail specifically advised of Defendant's intent to file a Motion to Reconsider.  If the Court reconsiders the May 12 Minute Order and denies Plaintiff the requested third extension, then Plaintiff's Opposition to Defendant's Motion for Summary Judgment is untimely.  Plaintiff cannot credibly maintain that he did not anticipate this obvious consequence of a Motion to Reconsider.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully asks the Court: 1) to reconsider the entry of its May 12, 2008 Minute Order granting Plaintiff's Third Motion for an extension of time in which to file his Opposition to Defendant's Motion for Summary Judgment and to enter an Order denying the extension; 2) to strike Plaintiff's Opposition to Defendant's Motion for Summary Judgment as untimely; and 3) to award Defendant such other relief as the Court deems appropriate.

Respectfully submitted,
PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY

/s/ Tameka M. Collier
Tameka M. Collier, D.C. Bar No. 488979
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134
(202) 274-2950
FAX (202) 274-2994
tameka.collier@troutmansanders.com

/s/ Stephen D. Otero
David E. Constine, III, VSB No. 23223
Stephen D. Otero, VSB No. 38752
TROUTMAN SANDERS LLP
1001 Haxall Point, P. O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1200
FAX (804) 697-1339
steve.otero@troutmansanders.com
Counsel to Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2008, I caused the foregoing Reply in Support of Motion for Reconsideration and to Strike to be served via CM/ECF electronic delivery on the following:

J. Michael Hannon, Esq.
Sarah R. Bagley, Esq.
Hannon Law Group
1901 18th Street, N.W.
Washington, DC  20009

Counsel for Plaintiff

/s/ Tameka M. Collier